## ATTORNEY GENERAL--OFFICE COPY

1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 DAVID S. CHANEY
Chief Assistant Attorney General
3 FRANCES T. GRUNDER
Senior Assistant Attorney General
4 MICHAEL W. JORGENSON
Supervising Deputy Attorney General
5 EMILY L. BRINKMAN, State Bar No. 219400
Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5742
  Fax:  (415) 703-5843
8   Email:  Emily.Brinkman@doj.ca.gov
Attorneys for Defendants Horel, Risenhoover,
9 McLean, Thacker, Worch, and Sayre

*ORIGINAL FILED*

APR 11 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

CRB

10

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

CV 08 1925

14 **TIMOTHY COOK,**                         Case No.

15                              Plaintiff,   **DEFENDANTS' WAIVER OF**
                                             **REPLY AND REQUEST FOR**
16          v.                               **SCREENING ORDER**

17 **ROBERT HOREL, et al.,**

18                             Defendants.

19

20 TO PLAINTIFF TIMOTHY COOK, in pro per:

21      PLEASE TAKE NOTICE that Defendants Horel, Risenhoover, McLean, Thacker, Worch,

22 and Sayre waive their right to reply to the first amended complaint as served, and request that this

23 Court screen the complaint under 28 U.S.C. § 1915A.

24 **A.   Background.**

25      Plaintiff, a state prisoner in pro per, filed a civil rights complaint in state court for violations

26 of the United States Constitution against Defendants, employees of the California Department of

27 Corrections and Rehabilitation (CDCR).  The case was removed from the Superior Court of

28 California, Del Norte County, to this Court under 28 U.S.C. § 1441(b).  The case is currently

Request for Screening Order                                  *Cook v. Horel, et al.*
                                                             Case No. _____

                                    1

1  pending assignment to a United States District Judge.  Defendants have not yet filed a responsive

2  pleading.

3  **B.    Defendants Request that the Court Screen Plaintiff's Complaint Under 28 U.S.C. §
          1915A.**

4

5      28 U.S.C. § 1915A(a) provides that "[t]he court shall review, before docketing, if feasible,

6  or in any event, as soon as practicable after docketing, a complaint in a civil action in which a

7  prisoner seeks redress from a governmental entity or officer or employee of a governmental

8  entity." Upon such review, the Court shall identify cognizable claims or dismiss all or any

9  portion of the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief

10 may be granted." 28 U.S.C. § 1915A(b).

11     Thus, Defendants request that the Court screen Plaintiff's first amended complaint and

12 dismiss, if any, those claims and/or defendants it believes require dismissal for failure to state a

13 claim. This will allow the Court to order, if it deems necessary, service on any additional

14 Defendants who either have not been served or have not yet appeared in the action.

15 **C.    Defendants Waive the Right to Reply to the Complaint.**

16     In light of Defendants' request that this Court screen Plaintiff's complaint under 28 U.S.C. §

17 1915A, Defendants are waiving their right to reply to the complaint.

18     The Prison Litigation Reform Act provides as follows:

19         (1) Any defendant may waive the right to reply to any action brought by a
           prisoner confined in any jail, prison, or other correctional facility under
20         section 1983 of this title or any other Federal law. Notwithstanding any
           other law or rule of procedure, such waiver shall not constitute an admission
21         of the allegations contained in the complaint. No relief shall be granted to
           the plaintiff unless a reply has been filed.
22

23         (2) The court may require any defendant to reply to a complaint brought
           under this section if it finds that the plaintiff has a reasonable opportunity to
24         prevail on the merits.

25 42 U.S.C. § 1997e(g).

26     If, after it screens the complaint, the Court does not dismiss Plaintiff's first amended

27 complaint in its entirety, Defendants request that the Court allow them sixty days from the date

28 of its order to file their responsive pleading.

Request for Screening Order

*Cook v. Horel, et al.*
Case No. _____

1  **D.    Conclusion**.

2        For the aforementioned reasons, Defendants waive their reply to Plaintiff's first amended

3  complaint and respectfully request that the Court screen Plaintiff's first amended complaint.

4              Dated:  April 10, 2008

5                                              Respectfully submitted,

6                                              EDMUND G. BROWN JR.
                                               Attorney General of the State of California

7                                              DAVID S. CHANEY
8                                              Chief Assistant Attorney General

                                               FRANCES T. GRUNDER
9                                              Senior Assistant Attorney General

                                               MICHAEL W. JORGENSON
10                                             Supervising Deputy Attorney General

11

12

13

14                                             EMILY L. BRINKMAN
                                               Deputy Attorney General
15                                             Attorneys for Defendants Horel, Risenhoover,
                                               McLean, Thacker, Worch, and Sayre

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Request for Screening Order                                    *Cook v. Horel, et al.*
                                                               Case No. _____

3

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **T. Cook v. R. Horel, et al.**

Case No.:     **Del Norte County Superior Court, Case No. CVPI07-1026**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 11, 2008</u>, I served the attached

**DEFENDANTS' WAIVER OF REPLY AND REQUEST FOR SCREENING ORDER**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Timothy Cook
E-40919
Pelican Bay State Prison
P.O. Box 7500, D4-206
Crescent City, CA 95532
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 11, 2008**, at San Francisco, California.

| | |
|---|---|
| M. Xiang | _(signature)_ |
| Declarant | Signature |