1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DAVID S. CHANEY
Chief Assistant Attorney General
3  FRANCES T. GRUNDER
Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
Supervising Deputy Attorney General
5  EMILY L. BRINKMAN, State Bar No. 219400
Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5742
Fax:  (415) 703-5843
8    Email:  Emily.Brinkman@doj.ca.gov
Attorneys for Defendants Horel, Risenhoover,
9  McLean, Thacker, Worch, and Sayre

10

11               IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  **TIMOTHY COOK,**                         CASE NO. 3:08-cv-01925-CRB

15                              Plaintiff,    (Del Norte County Superior Court,
                                             Case No. CVPI07-1026)
16         v.
                                             **CERTIFICATE OF SERVICE**
17  **ROBERT HOREL, et al.,**                **OF NOTICE OF REMOVAL**
                                             **TO FEDERAL COURT**
18                            Defendants.

19

20      I, M. Xiang, certify and declare as follows:

21      I am over the age of 18 years, and I am not a party to this action.  My business address,

22  Office of the Attorney General, 455 Golden Gate Avenue, Suite 11000, San Francisco, California

23  94102, is located in the city, county, and state where the mailing described below took place.

24      I am familiar with the business practice at the Office of the Attorney General for the

25  collection and processing of correspondence.

26      On April 11, 2008, a copy of the Notice of Removal to Federal Court, dated April 10, 2008,

27  a copy of which is attached to this Certificate was mailed to Del Norte County Superior Court for

28  filing.

Cert. Serv. Not. Fed. Ct.                                    T. Cook v. R. Horel, et al.
                                                             3:08-cv-01925-CRB

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on April 25, 2008, in San Francisco, California.

3

4    _____

         M. Xiang

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cert. Serv. Not. Fed. Ct.                                    T. Cook v. R. Horel, et al.
                                                             3:08-cv-01925-CRB

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **T. Cook v. R. Horel, et al.**

Case No.:    **3:08-cv-01925-CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 25, 2008</u>, I served the attached

## CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL TO FEDERAL COURT

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Timothy Cook
E-40919
Pelican Bay State Prison
P.O. Box 7500, D4-206
Crescent City, CA 95532
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 25, 2008**, at San Francisco, California.

| | |
|---|---|
| M. Xiang | _mil kg_ |
| Declarant | Signature |

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  EMILY L. BRINKMAN, State Bar No. 219400
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
7  Telephone:  (415) 703-5742
   Fax:  (415) 703-5843
8  Attorneys for Defendants Horel, Risenhoover,
   McLean, Thacker, Worch, and Sayre
9

10              SUPERIOR COURT OF CAILIFORNIA

11                  DEL NORTE COUNTY

12

13

14  **TIMOTHY COOK,**                    CASE NO. CVPI07-1026

15                         Plaintiff,    **NOTICE OF REMOVAL TO
                                         FEDERAL COURT**
16         v.

17  **ROBERT HOREL, et al.,**

18                         Defendants.

19

20  TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, DEL NORTE COUNTY:

21         PLEASE TAKE NOTICE that Defendants Horel, Risenhoover, Mclean, Thacker, Worch,

22  and Sayre have filed a Notice of Removal of this action on April 11, 2008, in the United States

23  District Court for the Northern District of California, San Francisco Division.

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

                                1

1    A copy of the Notice of Removal is attached to this Notice and is being filed and served

2  herewith.

3          Dated:  April 10, 2008

4                                              Respectfully submitted,

5                                              EDMUND G. BROWN JR.
                                               Attorney General of the State of California

6                                              DAVID S. CHANEY
7                                              Chief Assistant Attorney General

                                               FRANCES T. GRUNDER
8                                              Senior Assistant Attorney General

9                                              MICHAEL W. JORGENSON
                                               Supervising Deputy Attorney General

10

11

12                                             EMILY L. BRINKMAN
                                               Deputy Attorney General
13                                             Attorneys for Defendants Horel, Risenhoover,
                                               McLean, Thacker, Worch, and Sayre

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# ATTACHMENT 1

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  EMILY L. BRINKMAN, State Bar No. 219400
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5742
    Fax: (415) 703-5843
8   Email: Emily.Brinkman@doj.ca.gov
   Attorneys for Defendants Horel, Risenhoover,
9  McLean, Thacker, Worch, and Sayre

**ORIGINAL FILED**

APR 11 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

CRB

10

11          IN THE UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

CV 08  1925

14  **TIMOTHY COOK,**                        Case No.

15                              Plaintiff,   (Del Norte County Superior Court
                                              Case No. CVPI07-1026)
16          v.

17  **ROBERT HOREL, et al.,**               **NOTICE OF REMOVAL OF
                                             ACTION UNDER 28 U.S.C.
18                             Defendants.   § 1441(c) [Federal Question]**

19

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21       PLEASE TAKE NOTICE that Defendants Horel, Risenhoover, McLean, Thacker, Worch,

22  and Sayre remove to this Court, the state action described below:

23       1.    Plaintiff filed a complaint in the Del Norte County Superior Court of the State of

24  California entitled *Cook v. Horel, et al.,* case number CVPI07-1026, a true and correct copy of

25  the docket is attached hereto as Exhibit A.

26       2.    Attached as Exhibit B is a true and correct copy of a Civil Case Cover Sheet and

27  Complaint in the Del Norte County Superior Court of the State of California entitled *Cook v.*

28  *Horel, et al.,* case number CVPI07-1026 provided to Defendants.

Notice of Removal of Action                          *Cook v. Horel, et al.*
                                                     Case No. _____

1

1    3.    On March 6, 2007, Plaintiff filed a first amended complaint in the Del Norte County

2    Superior Court of the State of California entitled *Cook v. Horel, et al.*, case number CVPI07-

3    1026, a true and correct copy of which is attached as Exhibit C.

4    4.    The first date on which Defendants Horel, Risenhoover, McLean, Thacker, Worch, and

5    Sayre were served via substitute service was on March 13, 2008, when a Sheriff's Deputy

6    delivered copies of the summons and amended complaint to the litigation office of Pelican Bay

7    State Prison via U.S. Mail. A true and correct copy of the summons and proof of service are

8    attached as Exhibit D.

9    5.    Attached as Exhibit E is a true and correct copy of a Request for Entry of Default and

10    Judgment signed by Plaintiff on January 2, 2008, and provided to Defendants.

11    6.    In addition to claims grounded in state law tort theories, this action includes allegations

12    of violations of the Eighth and Fourteenth Amendment. Title 28 U.S.C. § 1331 vests this Court

13    with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the

14    United States."

15    7.    Removal is appropriate under 28 U.S.C. § 1441(c) which states:

16    Whenever a separate and independent claim or cause of action within the jurisdiction
      conferred by section 1331 of this title is joined with one or more otherwise non-
17    removable claims or causes of action, the entire case may be removed and the district
      court may determine all issues therein, or, in its discretion, may remand all matters in
18    which State law predominates.

19    \\\

20    \\\

21    \\\

22    \\\

23    \\\

24    \\\

25    \\\

26    \\\

27    \\\

28    \\\

Notice of Removal of Action                                    *Cook v. Horel, et al.*
                                                               Case No. _____

1    8.    As of the date of this filing, all Defendants who have been served join in this Notice of

2  Removal.

3        Dated:  April 10, 2008

4                                    Respectfully submitted,

5                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

6                                    DAVID S. CHANEY
                                     Chief Assistant Attorney General
7
                                     FRANCES T. GRUNDER
8                                    Senior Assistant Attorney General

9                                    MICHAEL W. JORGENSON
                                     Supervising Deputy Attorney General

10

11

12                                   EMILY L. BRINKMAN
                                     Deputy Attorney General
13                                   Attorneys for Defendants Horel, Risenhoover,
                                     McLean, Thacker, Worch, and Sayre
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal of Action                                          *Cook v. Horel, et al.*
                                                                     Case No. _____

# EXHIBIT   A

```
ID-DSPRC8                  DEL NORTE SUPERIOR COURT                    PAGE  1
DATE  4/08/08         CASE#: DN SU CV-PI-07-0001026-000               TIME 16:25
```

TYPE: PERSONAL INJURY/OTHER          STATUS: PENDING
     COOK, TIMOTHY VS. HOREL, ROBERT
     ----------JUDGE ----------          --PARTY #--
CURRENT: FOLLETT, WILLIAM H

                                   -----------ATTORNEYS-------------
PL 001: COOK, TIMOTHY E-40919          NONE
            VS.
DF 002: HOREL, ROBERT (WARDEN)         NONE
-----------------------------------------------------------------------
                               ISSUES
-----------------------------------------------------------------------
                            MAJOR EVENTS
-----------------------------------------------------------------------

| FILING DATE | EVENT | COMMENT | PROCEEDINGS EVENT DATE | PERSON/PARTY |
|---|---|---|---|---|
| 1/11/07 | COMPLAINT FILED | | | CRT7937000 |
| | Personal Injury | | | |
| 1/11/07 | CIVIL CASE COVER SH | | | CRT7937000 |
| | CIVIL CASE COVER SHEET | | | |
| 1/11/07 | ORIG SUMMONS FILED | | | CRT7937000 |
| 1/11/07 | FEE WAIVER FILED | | | CRT7937000 |
| 1/11/07 | ORDER FOR FEE WAIVER | | | CRT7937000 |
| | ORDER ON APPLICATION FOR WAIVER OF COURT FEES/COST | | | |
| 1/11/07 | RECEIVED | | | CRT7937000 |
| | Introduction | | | |
| 2/16/07 | RECEIVED | | | CRT5384000 |
| | letter from petitioner | | | |
| 3/01/07 | FILED | | | CRT5384000 |
| | motion for permission to amend complaint to include def in proper form | | | |
| 3/01/07 | FILE TRACKING | | | CRT5384000 |
| | FILE LOCATED AT: judge follett | | | |
| 3/05/07 | MINUTE ORDER | | | CRT7937000 |
| | MINUTE ORDER | | | |
| | In response to Plaintiff's ex-parte motion to amend his complaint, leave of court is not required for a first amendment prior to any defendant filing an answer | | | |
| 3/05/07 | FILE TRACKING | | | CRT7937000 |
| | FILE LOCATED AT: on Wall | | | |
| 3/06/07 | COMPLAINT FILED | | | CRT5384000 |
| | AMENDED COMPLAINT | | | |
| 3/06/07 | SUMMONS ISSUED | | | CRT5384000 |
| | AMENDED SUMMONS ISSUED AND FILED | | | |
| 3/06/07 | POS FILED | | | CRT5384000 |
| | ROBERT HOREL,SUE ELLEN RISENHOOVER, MAUREEN MCLEAN, E D WORCH, MICHAEL SAYRE A. THACKER | | | |
| 3/06/07 | FILED | | | CRT5384000 |
| | DEMAND FOR JURY TRIAL | | | |
| 3/06/07 | FILE TRACKING | | | CRT5384000 |
| | FILE LOCATED AT: FILE | | | |
| 3/22/07 | LETTER TO PLAINTIFF | | | CRT9875000 |
| | LETTER TO PLAINTIFF sending back request for counsel. | | | |
| 4/23/07 | LETTER TO PLAINTIFF | | | CRT9875000 |
| | LETTER TO PLAINTIFF sending back submitted paperwork, | | | |

```
ID-DSPRC8                    DEL NORTE SUPERIOR COURT              PAGE  2
DATE  4/08/08            CASE#: DN SU CV-PI-07-0001026-000         TIME 16:25
```

```
                unfilable as presented.
 4/27/07 LETTER TO PLAINTIFF                                      CRT9875000
             LETTER TO PLAINTIFF from clerk sending back submitted
             default paperwork.
 5/04/07 RECEIVED                                                 CRT9875000
             Rcvd order for extension of time to serve the summon
             s and complaint
 5/07/07 FILE TRACKING                                            CRT9875000
             FILE LOCATED AT: to judge Follett
 5/09/07 FILE TRACKING                                            CRT3054000
             FILE LOCATED AT: clerks office to be filed.
 5/09/07 MINUTE ORDER                                             CRT3054000
             MINUTE ORDER Leave of court is not required for an
             extension of time to serve the summons in the next
             20 days.  Therefore plaintiff's request is denied.
 5/18/07 LETTER TO PLAINTIFF                                      CRT9875000
             LETTER TO PLAINTIFF sending back in-correct summons,
             and mailing several copies of the good one..
 6/25/07 REQ TO ENTER DEFAULT                                     CRT8399000
             Default filed and not entered due to not valid proof
             of corrections.
 6/25/07 POS FILED                                                CRT8399000
             To: Robert Horel by mail on 05/15/07
 6/25/07 POS FILED                                                CRT8399000
             To: Sue Ellen Risenhoover, by mail, 05/15/07
 6/25/07 POS FILED                                                CRT8399000
             To: Maureen McLean by mail on 05/15/07
 6/25/07 POS FILED                                                CRT8399000
             To: C.D. Worch by mail on 05/15/07/
 6/25/07 POS FILED                                                CRT8399000
             To: A.Thacker by mail on 05/15/07.
 6/25/07 POS FILED                                                CRT8399000
             To: Michael Sayre, by mail on 05/15/07
 6/25/07 DECLARATION                                              CRT8399000
             DECLARATION filed from Plaintiff
 7/25/07 LETTER TO PLAINTIFF                                      CRT9875000
             LETTER TO PLAINTIFF returning in-proper proof of serv
             ice.
 7/25/07 FILE TRACKING                                            CRT9875000
             FILE LOCATED AT: to wall
 8/02/07 RECEIVED                                                 CRT9875000
             Rcvd letter with attachements from plaintiff and subm
             itted judgment.
 8/06/07 RECEIVED                                                 CRT5384000
             RECEIVED LETTER
 8/06/07 AFFIDAVIT                                                CRT5384000
             AFFIDAVIT FOR ENTRY OF DEFAULT JUDGMENT
 8/10/07 CLERK MEMO                                               CRT9875000
 8/10/07 FILE TRACKING                                            CRT9875000
             FILE LOCATED AT: to dept 2 for review
 8/15/07 LETTER TO PLAINTIFF                                      CRT9875000
             LETTER TO PLAINTIFF in response to latest corresponde
             nce.
 8/15/07 FILE TRACKING                                            CRT9875000
             FILE LOCATED AT: back to wall
```

ID-DSPRC8                    DEL NORTE SUPERIOR COURT                    PAGE  3
DATE  4/08/08           CASE#: DN SU CV-PI-07-0001026-000              TIME 16:25

8/28/07 FILED                                                           CRT8399000
              Request for leave to proceed Informa Pauperis.
              Request for appointment of counsel.
              Plaintiff's motion for court to issue and serve
              defendants with complaint and summons; order and
              waive court fees and cost.
8/28/07 FILE TRACKING                                                   CRT8399000
              FILE LOCATED AT: Judge Follett for review.
10/02/07 RECEIVED                                                       CRT5384000
              LETTER FROM MR. COOK RE: STATUS FILING OF FORMS RECEI
              VED ON 08/28/07
10/18/07 RECEIVED                                                       CRT8399000
              Letter from petitioner.
10/30/07 MINUTE ORDER                                                   CRT7937000
              MINUTE ORDER (See Minute)
10/30/07 FILE TRACKING                                                  CRT7937000
              FILE LOCATED AT: on Wall
10/31/07 DOCKETING STATEMENT                                            CRT7937000
              Forms FW-002 and FW-004 sent to Petitioner this date.
11/19/07 ORDER FOR FEE WAIVER                                           CRT5384000
              ORDER ON APPLICATION FOR WAIVER ADDITIONAL FEES
              AND COSTS IN WHOLE.
1/14/08 POS FILED                                                       CRT5384000
              DECLARATION OF DILIGENCE ATTACHED FOR MICHAEL CLIFTON
              SAYRE,C.D. WORCH,MUARENN MCLEAN,SUE ELLEN RISENHOOVER
              ROBERT HOREL,A. THACKER. SUBSTITUTED SERVICE TO ERIN
              GRIFFIN. LITIGATION OFFICE,NO MAILING WAS MADE.NO EXT
              RA COPIES PROVIDED BY PLAINTIFF. POS INVALID NO FOLLO
              W UP MAILING.
1/17/08 DOCKETING STATEMENT                                             CRT5384000
              POS NOT VALID, NO FOLLOW UP MAILING FOR THE SUB SERVI
              CE. SENT THE DOCUMENTS BACK TO PETITIONER, WITH LETTE
              R.
2/14/08 FEE WAIVER FILED                                                CRT5384000
              APPLICATION FOR WAIVER OF ADDITIONAL FEES.
2/14/08 FILE TRACKING                                                   CRT5384000
              FILE LOCATED AT: JUDGE FOLLETT FOR REVIEW.
2/19/08 FILE TRACKING                                                   CRT7937000
              FILE LOCATED AT: Processing Clerks
2/19/08 ORDER FOR FEE WAIVER                                            CRT5384000
              ORDER ON APPLICATION FOR WAIVER OF ADDITIONAL COURT
              FEES AND COSTS, SIGNED BY JUDGE WILLIAM H. FOLLETT.
              IS GRANTED IN WHOLE.

# EXHIBIT  B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TIMOTHY COOK E40914 <br> P.O. BOX 7500 D4-206 <br> CRESCENT CITY CA. 95532 <br> PELICAN BAY STATE PRISON     *IN PRO SE* <br> TELEPHONE NO.:     FAX NO.: <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  *DEL NORTE*
STREET ADDRESS:  450 H STREET
MAILING ADDRESS:  SAME
CITY AND ZIP CODE:  CRESCENT CITY CAL 95531
BRANCH NAME:

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CVPI 07-1026 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | JUDGE: <br> DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[✓] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [✓] ~~nonmonetary;~~ declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):*  ONE (1)

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/19/2006

Timothy Cook       ▶ *[signature]*
(TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812; <br> Standards of Judicial Administration, § 19 <br> www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

## Introduction

Plaintiff, Timothy Cook, is an inmate at Pelican Bay State prison - Security Housing Unit (PBSP-SHU), who brings this case, before this court, challenging the medical neglect, deliberate indifference and deprivation of due process. Plaintiff will show the continuing failure to medically treat plaintiff and prove the withholding of documentation that would ultimately give plaintiff a positive outcome on an administrative appeals, violating plaintiffs California Constitution, Art. 1 sec 15, 17; 15 California Code of Regulations §3350 et seq.; and his protected United States Constitution 8th and 14th Amendments.

Defendant Family Nurse Practitioner (FNP) Sui Risenhoover is the medical provider for PBSP-SHU inmates at its 'D' facility who fails to use the degree of skill usual among doctors of good standing in the community and that her act(s) or omission(s) are the proximate cause of injury to plaintiff.

Defendants, C.D. Worch, Medical Appeals Tracking Program Analyst; Maureen McLean, FNP, Health Care Manager; A. Thacker, CSHA II - Staff Reviewer and M.C. Sayre M.D. Chief Medical Officer (A) failed to competently conduct reviews sufficient to the degree used in their professional position in order to maintain the safety and well being of all inmates, including plaintiff, under their care at PBSP.

Defendant, Robert Horel, is (warden) at PBSP who oversees all operations at PBSP and also fails to meet his responsibility as warden, to ensure the safety and well being of all inmates under his care as guardian.

All defendants are responsible in some way for injury to Plaintiff Cook

982.1(1)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State _ number, and address)*:<br>TIMOTHY COOK E40919<br>P.O. BOX 7500 D4-206<br>CRESCENT CITY. CA. 95532<br>PELICAN BAY STATE PRISON     IN PRO SE<br><br>TELEPHONE NO:<br><br>FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  DEL NORTE
   STREET ADDRESS:  450 H STREET
   MAILING ADDRESS:  SAME
   CITY AND ZIP CODE:  CRESCEN CITY CA. 95531
   BRANCH NAME:

PLAINTIFF:  TIMOTHY COOK

DEFENDANT:  ROBERT HOREL (WARDEN) et al.,

☑ DOES 1 TO  15

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
   ☐ **AMENDED** *(Number)*:
**Type** *(check all that apply):*
☐ MOTOR VEHICLE    ☑ OTHER *(specify):*
   ☐ Property Damage    ☐ Wrongful Death
   ☑ Personal Injury    ☐ Other Damages *(specify):*

CASE NUMBER:

**Jurisdiction** *(check all that apply):*
☐ **ACTION IS A LIMITED CIVIL CASE**
   Amount demanded   ☐ does not exceed $10,000
              ☐ exceeds $10,000, but does not exceed $25,000
☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED** by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

1. **Plaintiff** *(name or names):* TIMOTHY COOK

   alleges causes of action against **defendant** *(name or names):* Robert Horel. (WARDEN) et al.

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult  YES
   a. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

982.1(1)

| SHORT TITLE: Cook vs. Horel, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name)*
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person  *YES*
   a. ☐  except defendant *(name)*:
      (1) ☐  a business organization, form unknown
      (2) ☐  a corporation
      (3) ☐  an unincorporated entity *(describe)*:

      (4) ☐  a public entity *(describe)*:

      (5) ☐  other *(specify)*:

   c. ☐  except defendant *(name)*:
      (1) ☐  a business organization, form unknown
      (2) ☐  a corporation
      (3) ☐  an unincorporated entity *(describe)*:

      (4) ☐  a public entity *(describe)*:

      (5) ☐  other *(specify)*:

   b. ☐  except defendant *(name)*:
      (1) ☐  a business organization, form unknown
      (2) ☐  a corporation
      (3) ☐  an unincorporated entity *(describe)*:

      (4) ☐  a public entity *(describe)*:

      (5) ☐  other *(specify)*:

   d. ☐  except defendant *(name)*:
      (1) ☐  a business organization, form unknown
      (2) ☐  a corporation
      (3) ☐  an unincorporated entity *(describe)*:

      (4) ☐  a public entity *(describe)*:

      (5) ☐  other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.  *YES*
   a. ☐  Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑  Doe defendants *(specify Doe numbers)*: *1 THROUGH 15* are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☐  at least one defendant now resides in its jurisdictional area.
   b. ☐  the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑  injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐  other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐  has complied with applicable claims statutes, or
   b. ☐  is excused from complying because *(specify)*:

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

14

982.1(1)

| SHORT TITLE: _Cook vs. Horel et al._ | CASE NUMBER: |
|---|---|

10.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11.  Plaintiff has suffered
   a. ☐ wage loss
   b. ☑ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ___ other damage *(specify):*

12.  ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13.  The relief sought in this complaint is within the jurisdiction of this court. _YES_

14.  Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
       (2) ☑ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☐ according to proof
       (2) ☑ in the amount of: $ _31,550_

15.  ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
       _23, 24, 27, 33_

Date: _12/19/2006_

_Timothy Cook_
(TYPE OR PRINT NAME)

► _[signature]_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

5

Cook vs. Horel, et al.                              NO.
                Cause of Action — General Negligence    pg. b

NO.
attachment to complaint


    Timothy Cook, plaintiff alleges that Robert Horel, et al.,
and Does 1 through 15 was the legal proximate cause of
damages to plaintiff. By the following acts or omissions to act,
defendants negligently caused the damage to plaintiff on,
November 14, 2005 at Pelican Bay State Prison, Crescent City,
California.


                Statement of Facts .
                        I.


1). The California Department of Corrections and Rehabilitation (CDCR)
have a general departmental policy that it will provide medical
services only based on necessity and supported by outcome
data as effective medical care. Medical necessity is defined
as services reasonable and necessary to protect life, prevent
significant illness or disability or alleviate severe pain.

2) Plaintiff submitts he suffers from cervical and lumbosacral
severe pain caused by years of degenerative disc disease;
previous motorcycle accident, which have plagued plaintiff
with significant pain.

3) Plaintiff suffers a diffuse disc; prolongation of the T2
and an hemongioma along the anterior C3 vertabral body ...

Supplemental attachment                                                    pg. 7

... posterior osteophytesis causing spinal stenosis compressing
the spinal cord nerves.

4) Amongst the aforementioned complications, plaintiff suffers
from bony fragments that float in his cervical area which
limit ordinary life movements, causing extreme pain.

5) Plaintiff submitts his lumbo sacral spine also suffers
from a long standing focal destructive change involving the
bone with notch deformity, resulting in extreme pain,
limiting ordinary life movement. All of which is supported
by effective medical data. [see Ex: A], herein.

6) The medical department here at PBSP - D Facility had been
treating plaintiff with physical therapy, medication and conser-
vative remedies such as issuing him an extra pillow and
mattress. However, on Nov. 14, 2005 after two and one half
years of medical care, they discontinued their treatment due
to budget restraints, greed and a supervisory decision.
Not because plaintiff was healed and had cease to exper-
iance severe pain.

7) Plaintiff submitts he contested the denial of medical
treatment and asked his, FNP, Sue Risenhoover to please
explain why she decided to, all of the sudden discontinue
his medical care when things were working just fine.

Supplemental attachment                                    pg. 8

Sue Risenhoovers reply was that her call was based
on a supervisory call due to the budget and that she had
to go along with what her bosses were telling her to do
and she didn't want to lose her job... especially with
a recent pay increase. Didn't want to take the risk.
Furthermore, she said that if plaintiff disagreed,
he could write up an appeal and complain to Sac-
raments about it. Plaintiff replied by saying he has
significant reasons why she should reconsider her
decision not to afford plaintiff further medical care and
brought to her attention that she is fully aware of all
the medical problems and medical data supporting plaintiffs
claims of pain and necessity for such care. FNP Sue
Risenhoover said she's fully aware of plaintiffs medical
condition because she had been treating him for years, but,
her hands were tied... sorry.

8). Plaintiff submitts he then inquired as to what exactly
are the things she will be cutting from his medical care.
Risenhoover stated: No mattress and physical therapy, but
she would prescribe some Tylenol to plaintiff if he wishes.
Plaintiff said that she couldn't take his mattress without
violating his due process because he had already won
the right to have an extra mattress on administrative
appeal. [See Ex: B] herein, (medical chrone ordered by Dr.
Hechanova). Plus, she had already renewed plaintiffs chrono
in August of 04 [see Ex: B] herein

supplemental attachment                                                    pg. 9

9). At this point, FNP, Sue Risenhoover became argumentative
and ordered the corrections guard to remove plaintiff from
the clinic. Plaintiff said he would appeal.

<div align="center">II</div>

<div align="center">Subsequent Administrative Appeal/602</div>
<div align="center">to Recieve Extra Mattress and Physical Therapy</div>

10). Subsequent to the denial of plaintiffs extra mattress and
physical therapy, plaintiff filed an additional appeal/602
in attempt to remedy the cause. This action took place
on November 27 2005, [See Ex: C] herein.

11) Plaintiff was assigned a staff reviewer to investigate and
track his appeal after no relief was given at the informal
level. This staff analyst was C.D. Worch from the Medical
Appeals Office here at PBSP. After an interview with C.D. Worch
on January 31 2006, she indicated that an extra mattress
wasn't necessary and that an extra blanket was given to
plaintiff in lieu of a double mattress. She never mentioned
anything about plaintiffs physical therapy.

12). Plaintiff submits he told C.D. Worch verbally and on an
inmate request for interview as well as on administrative appeal
that he had been granted an appeal, previously, to have
an extra mattress and to deny him the mattress and the
documentation to prove it would violate his due process of
law protected under the U.S.C 14 amendment; California ...

supplemental attachment                                    pg. 10

... Constitution, Article 1 sec. 15 and 15 CCR § 3350 et. seq.
Furthermore, plaintiff submits that he asked C.D. Worel
to search his medical file and/or the medical appeals office
for a copy of the aforementioned appeal, because plaintiff
lost the original copy, and needed it to substantiate his
claim on subsequent appeal. To no avail, plaintiffs appeal
was pushed along to the next level with no relief in
sight.

13) M. McLean, F.N.P., Health Care Manager was assigned to invest-
igate plaintiffs subsequent appeal at the second level on
March 29, 2006. She assigned, A. Thacker, CHSA II and
M.C. Sayre, M.D. Chief Medical Officer (A) to review plaintiffs
medical file and responses. They claim no record of an
appeal was found in medical file supporting plaintiffs claim
of a previous appeal granting plaintiff the right to have
an extra mattress authored by Dr. Hechanova. Notably
missing was a thourough search of the medical Appeals
records where they keep all copies of Medical Appeals.
Thus, resulting in an incompetent investigation. Plaintiff then
moved for third level exhaustion of appeal at the Directors
level Inmate Appeals Branch in sacramento in which they
basically rubber-stamped: No changes or modifications are
required by the institution. Plaintiff has exhausted his
administrative appeal. [See Ex: C] herein

Supplemental attachment                                                    pg. 11

14). Faced with the dilema of being given the run-around plaintiff moved for an Olsen Review in attempt to retrieve anything that could back up his claim from his medical file. [See Ex: D] herein

<u>Inmate Request for Olsen Review</u>
<u>And/or copies of Health Records</u>
<u>III</u>

15) May 4th 2006, Plaintiff had an Olsen Review to further investigate documentation from his medical file to support an appeal challenging a denial of medical care.

16). At Plaintiffs Olsen Review, he requested several copies of his medical records including a copy of a chrono from Doctor Hechanova re: extra mattress approval from 1-6-2003. Furthermore, plaintiff asked the Medical Technical Assistant (MTA) "name unknown to plaintiff" — who was conducting the review if she would look in the medical appeals office for a copy of plaintiffs appeal/602 which granted him a double mattress, authored by Doctor Hechanova.

17) On a Memorandum to plaintiff dated May 4 2006 by unknown MTA, she indicated that no 602's filed in medical file "but" Medical Appeals Office <u>did find one</u> re: DBL mattress granted from Dr. Hechanova, and that I was to contact the Medical Appeals Office for further research. [see Ex: D] herein.

supplemental attachment                                                    pg 12

8) With this Key piece of evidence showing plaintiff was
telling the truth and proving that the staff investigators/
reviewer-analyst were depriving plaintiff of concrete
data which would of substantiated plaintiffs claim from
the onset and elleviated the mental, physical and emotional
pain and stress, he then moved to request a copy of said
data by way of an inmate request for interview form addressed
to Medical Appeals Office C.D-Worch which she ultamately
denied of ever having a copy of said appeal. Furthermore,
depriving plaintiff of his due-process. Plaintiff submitts this
giver rise to a state created liberty intrest -- deliberate
indifferance. [see Ex: E] herein

19). Plaintiff has lived in constant pain and anguish and loss
of sleep due to the deprivation of medical care. All
defendents in this case have shown bad faith and disreguard
for the plaintiffs medical care and even taunt plaintiff
whenever he goes to his medical appointments to beg for
an extra mattress, medication and physical therapy. At
one point FNP Sue Risenhoover said plaintiff was approved
for physical therapy, but, insisted that he be placed
at the bottom of the list due to his condensending
attitude. That was 7 months ago.

supplemental attachment                                      pg. 13

20) Plaintiff submitts that for 2 years he has been succumbed to medical neglect and further damage to his mental and physical well being. To this date plaintiff only receives an anti-inflamatory at 15 pills at a time to be taken every other day. Each chronic care appointment for plaintiff are in 90 day intervals. The medication runs out within a month. Thus, having to suffer more pain for the remainding two months before he can request more meds at his chronic care appointment.

   Plaintiff seeks relief in compensatory damages jointly and individually by each defendant.

21) Plaintiff submitts that he filed a claim with the Victim Compensation and Government Claim Board on 6-1-2006 and was rejected at its hearing on Sept 27, 2006. [See Ex: F] herein

## Defendents

## IV

22) Robert Horel, Warden; FNP, Sue Risenhoover; Maureen McLean FNP, Health Care Manager; A. Thacker CMSAⅡ; M.C. Sayre M.D. Chief Medical Officer (A) and C.D. Wirch, Medical Appeals Tracking Program Analyst failed to use the degree of skill usual among doctors & officers in good standing in the community and their acts and/or omissions are the proximate cause of furthering the

Supplemental attachment                                        pg. 14

constant pain suffered by plaintiff.

23) Plaintiff is informed and believes and thereon alleges
that defendents have known of his medical condition since
plaintiffs transfer to (PBSP) in Jan of 2001. Plaintiff
submitts that each defendent mentioned in this Tort action
is, and all times relevent herein, was employeed by the
(CDCR) as a medical health care provider, practitioner, manager,
officer, analyst and/or reviewer at (PBSP)

24) Plaintiff is informed and believes and thereon alleges that
defendents have acted intentionally in the manor described
above and with knowledge of plaintiffs suffering and the
risks of furtha serious harm that could result from their
actions or refusal to act. As a proximate result of defendents
conduct plaintiff has suffered and continues to suffer
general damages in the form of severe pain and suffering
as well as emotional stress. Plaintiff is informed and believes
he will continue to suffer such damages in the future.

25) Defendents conduct violates state and federal constitutions;
state laws; and state regulations because that conduct
constitutes - violates due process of law and the right to be
free from cruel and unusual punishment.

Supplemental attachment                                    pg 15

26) In acting as described above, defendents acted despicably, knowingly, willfully and maliciously or with reckless or callous disregaurd to plaintiffs rights entitling him to an award of exemplary and punitive damages.

27) Defendents designated herein as Does 1 through 15, inclusive, consist of individuals who were or are currently employeed by the (CDCR) and are responsible for the medical care of all inmates at (PBSP), including but not limited to the supervision, direction and/or proper training of the medical staff at (PBSP) in the delivery of health care services and the management of health care programs; involvement in the determination of proper care for inmates, including but not limited to having authority to assure that inmates who are transfered to other institutions receive proper medical care; Having authority and responsibility for assuring proper ordering and stocking of medical supplies; communication of medical needs to the correctional staff and generally making sure that proper medical care is provided to all inmates. Plaintiff is informed and believes and thereon alleges each of these Does-defendents 1 through 15 is responsible is some manor for the damages alleged in this Tort. At all times mentioned herein these defendents were acting under the color of law in the coarse and scope of their employment and are sued in their official and individual capacities. The true names and capacities of said DOES 1 Through 15 are presently unknown to plaintiff,

Supplemental attachment                                          pg. 16

who therefore sues them by fictitious names and will seek
leave to amend this Tort action to add their true names
and capacities when they have been ascertained.

### First Claim for Relief
( Violation of Cal. Const. - Art. 1 sec. 17 (unusual punishment))

28) Plaintiff refers to and incorporates by reference herein
the allegations of paragraphs 1 through 27, inclusive.
Defendents have intentionally inflicted physical and emotional
pain and suffering against plaintiff for the purpose of
depriving him his state protected right to be free from
the infliction of cruel and unusual punishment.

### Second Claim for Relief
( Violation of Cal. Const. - Art. 1 sec. 15 - due process )

29) Plaintiff refers to and incorporates by reference herein
the allegations of paragraphs 1 through 27, inclusive.
Defendents have intentionally deprived plaintiff his state
protected right to life liberty or property without due-process
of law.

supplemental attachment                                    pg. 17.

## Third Claim for Relief
(Violation of 15 Cal. Code of Regs § 3350 et seq)

30) Plaintiff refers to and incorporates by reference herein the allegations of paragraphs 1 through 27, inclusive. Defendents have intentionally inflicted physical and emotional pain against plaintiff for the purpose of depriving him his right to be treated with proper medical care under 15 CCR § 3350 et seq.

## Fourth Claim For Relief
(Violation - U.S.C. 14th amendment - due process)

31) Plaintiff refers to and incorporates by reference the allegations herein of paragraphs 1 through 27, inclusive. Defendents have intentionally inflicted emotional pain and suffering against plaintiff for the purpose of depriving him his federally protected right to life, liberty or property without due process of law

## Fifth Claim for Relief
(Violation - U.S.C. 8th amendment - unusual punishment)

32) Plaintiff refers to and incorporates by reference herein the allegations of paragraphs 1 through 27, inclusive. Defendents have intentionally inflicted emotional and physical pain against plaintiff for the purpose of depriving him his federally protected right to be free from cruel and unusual punishment.

Supplemental attachment                                        pg. 1B

## Conclusion

33) Plaintiffs medical condition, as described herein, constities a serious medical need in that failure to treat the condition has resulted in further significant pain and suffering and the ongoing failure to treat the condition is likely to cause more significant pain and suffering. Said condition had included, but not necessarily been limited to, lack of sleep, limiting ordinary life movements, emotional stress and very severe pain. Plaintiff is housed in the security housing unit where he spends 22½ hours a day in his cell and depends on basic exercise to keep his muscles from turning atrophy. Plaintiffs medical condition significantly affect his ability to exercise properly without treatment. Plaintiff is informed and believes and thereon alleges that all defendents mention herein are properly trained medical staff employees and/or officers who are responsible for the safety and well being of all inmates at PBSP. At all times mentioned defendents were acting under the color of state law, in the course and scope of his/her employment, and is sued in his/her official and individual capacities.

date: 12/19/2006

Respectfully Submitted,
Timothy Cook
Timothy Cook
In Pro Se

**— THIS FORM MUST BE KEPT CONFIDENTIAL —**

982(a)(17)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Timothy Cook E-40919          IN PRO SE
P.O. Box 7500 D4-206
Crescent City CA. 95532
PELICAN BAY STATE PRISON

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA. COUNTY OF DEL NORTE
STREET ADDRESS: 450 H STREET ROOM 209
MAILING ADDRESS:
CITY AND ZIP CODE: CRESCENT CITY, CAL. 95531
BRANCH NAME:

PLAINTIFF/ PETITIONER: Cook
DEFENDANT/ RESPONDENT: Horel, et al.

CASE NUMBER:

**APPLICATION FOR
WAIVER OF COURT FEES AND COSTS**

I request a court order so that I do not have to pay court fees and costs.

1. a. [✓] I am *not* able to pay any of the court fees and costs.
   b. [ ] I am able to pay *only* the following court fees and costs (specify):

2. My current street or mailing address is (if applicable, include city or town, apartment no., if any, and zip code):
   P.O. Box 7500, CRESCENT CITY. CAL. 95532

3. a. My occupation, employer, and employer's address are (specify):
      PRISONER
   b. My spouse's occupation, employer, and employer's address are (specify):

4. [✕] I am receiving financial assistance under one or more of the following programs: NoNe
   a. [✓] **SSI and SSP:** Supplemental Security Income and State Supplemental Payments Programs
   b. [ ] **CalWORKs:** California Work Opportunity and Responsibility to Kids Act, implementing TANF, Temporary Assistance for Needy Families (formerly AFDC)
   c. [ ] **Food Stamps:** The Food Stamp Program
   d. [ ] **County Relief, General Relief (G.R.), or General Assistance (G.A.)**

5. If you checked box 4, you must check and complete one of the three boxes below, unless you are a defendant in an unlawful detainer action. Do not check more than one box.
   a. [ ] (Optional) My Medi-Cal number is (specify):
   b. [ ] (Optional) My social security number is (specify):
      [5][5][4] – [0][6] – [8][9][8][7]   and my date of birth is (specify): March 5, 1965
      [Federal law does not require that you give your social security number. However, if you don't give your social security number, you must check box c and attach documents to verify the benefits checked in item 4.]
   c. [ ] I am attaching documents to verify receipt of the benefits checked in item 4, if requested by the court.
      [See Form 982(a)(17)(A) Information Sheet on Waiver of Court Fees and Costs, available from the clerk's office, for a list of acceptable documents.]

   [If you checked box 4 above, skip items 6 and 7, and sign at the bottom of this side.]

6. [✕] My total gross monthly household income is less than the amount shown on the Information Sheet on Waiver of Court Fees and Costs available from the clerk's office.

   [If you checked box 6 above, skip item 7, complete items 8, 9a, 9d, 9f, and 9g on the back of this form, and sign at the bottom of this side.]

7. [✕] My income is not enough to pay for the common necessaries of life for me and the people in my family whom I support and also pay court fees and costs. [If you check this box, you must complete the back of this form.]

**WARNING: You must immediately tell the court if you become able to pay court fees or costs during this action. You may be ordered to appear in court and answer questions about your ability to pay court fees or costs.**

I declare under penalty of perjury under the laws of the State of California that the information on both sides of this form and all attachments are true and correct.
Date: 12/19/2006

Timothy Cook
(TYPE OR PRINT NAME)          (Financial information on reverse)          (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(17) [Rev. January 1, 2001]

APPLICATION FOR WAIVER OF COURT FEES AND COSTS
(In Forma Pauperis)

Government Code,
§ 68511.3
American LegalNet, Inc.
www.USCourtForms.com

22

| PLAINTIFF/PETITIONER: | *Cook* | | CA  MBER: |
| DEFENDANT/RESPONDENT: | *Horel, et al.* | | |

## FINANCIAL INFORMATION

8. ☐ My pay changes considerably from month to month. *[If you check this box, each of the amounts reported in item 9 should be your average for the past 12 months.]*

9. **MY MONTHLY INCOME**
   a. My gross monthly pay is: . . . . . . . . . . $ _____
   b. **My payroll deductions are** *(specify purpose and amount):*
      (1)_____ $ _____
      (2)_____ $ _____
      (3)_____ $ _____
      (4)_____ $ _____
      My TOTAL payroll deduction amount is: $ _____
   c. My monthly take-home pay is
      (a. minus b.): . . . . . . . . . . . . . . . . $ _____
   d. Other money I get each month is *(specify source and amount; include spousal support, child support, parental support, support from outside the home, scholarships, retirement or pensions, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest or royalty, trust income, annuities, net business income, net rental income, reimbursement of job-related expenses, and net gambling or lottery winnings):*
      (1)_____ $ _____
      (2)_____ $ _____
      (3)_____ $ _____
      (4)_____ $ _____
      The TOTAL amount of other money is: $ _____
      *(If more space is needed, attach page labeled Attachment 9d.)*
   e. **MY TOTAL MONTHLY INCOME IS**
      (c. plus d.): . . . . . . . . . . . . . . . . $ _____
   f. Number of persons living in my home: ____
      Below list all the persons living in your home, including your spouse, who depend in whole or in part on you for support, or on whom you depend in whole or in part for support:

| Name | Age | Relationship | Gross Monthly Income |
|------|-----|--------------|----------------------|
| (1) | | | $ |
| (2) | | | $ |
| (3) | | | $ |
| (4) | | | $ |
| (5) | | | $ |

   The TOTAL amount of other money is: $ ____
   *(If more space is needed, attach page labeled Attachment 9f.)*
   g. **MY TOTAL GROSS MONTHLY HOUSEHOLD INCOME IS**
      (a. plus d. plus f.): . . . . . . . . . $ _____

10. I own or have an interest in the following property:
    a. Cash . . . . . . . . . . . . . . $ _____
    b. Checking, savings, and credit union accounts *(list banks):*
       (1)_____ $_____
       (2)_____ $_____
       (3)_____ $_____
       (4)_____ $_____

10. c. Cars, other vehicles, and boats *(list make, year, fair market value (FMV), and loan balance of each):*

| Property | FMV | Loan Balance |
|----------|-----|--------------|
| (1) | $ | $ |
| (2) | $ | $ 0 |
| (3) | $ | $ |

   d. Real estate *(list address, estimated fair market value (FMV), and loan balance of each property):*

| Property | FMV | Loan Balance |
|----------|-----|--------------|
| (1) | $ | $ |
| (2) | $ | $ 0 |
| (3) | $ | $ |

   e. Other personal property — jewelry, furniture, furs, stocks, bonds, etc. *(list separately):*
      $ _____

11. **My monthly expenses not already listed in item 9b above are the following:**
    a. Rent or house payment & maintenance $ ___
    b. Food and household supplies . . . . . . . $ ___
    c. Utilities and telephone . . . . . . . . . . $ ___
    d. Clothing . . . . . . . . . . . . . . . . . $ ___
    e. Laundry and cleaning . . . . . . . . . . $ ___
    f. Medical and dental payments . . . . . . . $ ___
    g. Insurance (life, health, accident, etc.) . . $ ___
    h. School, child care . . . . . . . . . . . . $ ___
    i. Child, spousal support (prior marriage) . $ ___
    j. Transportation and auto expenses (insurance, gas, repair) . . . . . . . . . $ ___
    k. Installment payments *(specify purpose and amount):*
       (1)_____ $_____
       (2)_____ $_____
       (3)_____ $_____
       The TOTAL amount of monthly installment payments is: . . . . . . . . . $ ___
    l. Amounts deducted due to wage assignments and earnings withholding orders: $ ___
    m. Other expenses *(specify):*
       (1)_____ $_____
       (2)_____ $_____
       (3)_____ $_____
       (4)_____ $_____
       (5)_____ $_____
       The TOTAL amount of other monthly expenses is: . . . . . . . . . . . . $ ___
    n. **MY TOTAL MONTHLY EXPENSES ARE** (add a. through m.): . . . . . . . . $ ___

12. Other facts that support this application are *(describe unusual medical needs, expenses for recent family emergencies, or other unusual circumstances or expenses to help the court understand your budget; if more space is needed, attach page labeled Attachment 12):*

---

**WARNING: You must immediately tell the court if you become able to pay court fees or costs during this action. You may be ordered to appear in court and answer questions about your ability to pay court fees or costs.**

**APPLICATION FOR WAIVER OF COURT FEES AND COSTS**
(In Forma Pauperis)

# EXHIBIT "A"

SUTTER COAST HOSPITAL
800 EAST WASHINGTON BLVD.
CRESCENT CITY, CA 95531

**RADIOLOGY REPORT**

Patient Name: CDC, E40919
MRN:          14-66-12
DOB:          03/05/1965
Ordering MD: ~~Dwight Winslow~~
Study Date:   11/22/2004

**MRI CERVICAL SPINE**

HISTORY: ~~Clavicular~~ pain with ~~right thumb and index finger~~ numbness.

SEQUENCES: Sagittal and axial T1 and T2 weighted sequences were performed.

FINDINGS: The cord is unremarkable without any evidence of abnormal signal or mass formation. There is no downward displacement of the cerebellar tonsils.

At C2-C3 there was no disc protrusion. Facets, lamina and pedicles and neural foramina have a normal appearance. A 0.5 x 0.4 cm focus of T2 prolongation is present along the anterior C3 vertebral body, which probably represents a hemangioma.

At C3-C4 there is narrowed intervertebral disc space. There is a diffuse disc protrusion as well as posterior osteophytosis. These compress the anterior aspect of the spinal cord and cause a spinal stenosis at this aspect of the spinal cord related to the posterior osteophyte and disc protrusion. There is a spinal stenosis of this level with the anterior-posterior level diameter of the canal measuring 9 mm. There is some slight eccentricity to the disc and osteophyte complex to the left, narrowing the entry to the left neural foramen. The rest of the left neural foramen is patent. The right neural foramen is patent. Facets are unremarkable.

At C4-C5 there is an eccentric left osteophyte formation and diffuse osteophyte formation as well. There is a narrowed intervertebral disc space. There is a mild disc protrusion. Mild narrowing of the left side of the spinal canal anteriorly related to the osteophyte disc complex as well as mild narrowing of the left neural foramen. The right neural foramen is patent.

A bone island is present along the posterior aspect of the right C5 vertebral body. This measures 8 x 6 mm.

At C5-C6 there is a narrowed intervertebral disc space. There is a prominent posterior osteophyte disc complex eccentric to the left. This narrows the left lateral recess. This

25

PAGE 2

## RADIOLOGY REPORT

Patient Name: CDC, E40919
MRN:          14-66-12
DOB:          03/05/1965
Ordering MD: Dwight Winslow
Study Date:  (11/22/2004)

narrows the left neural foramen moderately.  The right neural foramen is patent.  Facets are unremarkable.

At C6-C7 there is no disc protrusion.  Facets, lamina, pedicles and neural foramina have a normal appearance.

At C7-T1 there is no disc protrusion.  Facets, lamina, pedicles and neural foramina have a normal appearance.

IMPRESSION: Spondylitic changes with compression of the anterior aspect of the spinal cord at C3-C4 related to a diffuse disc protrusion and osteophyte ridging.

There is moderately severe narrowing of the left lateral recess and compression of the left anterior aspect of the spinal cord and narrowing at the left lateral recess at C5-C6 related to posterior osteophyte disc complex.

At C4-C5 there is narrowing of the anterior CSF space related to osteophyte disc complex.

_sc / sc_

Sherrie Chatzkel, M.D.

D: 11/22/04
T: 11/29/04
sc/mb

26

COPY

P-3
Cook



## NEUROLOGY CONSULTATION

## LARRY J. MAUKONEN, M.D.

NAME:          COOK, TIMOTHY
CDC #:         E40919
DATE:          01/18/2005
DOB:           03/05/1965

**CHIEF COMPLAINT:**          The patient is seen in consultation on 01/18/2005 in the neurology specialty clinic.

**HISTORY:**          The patient is having problems with increasing neck pain and some dysesthesias into his left hand. The patient states that his neck has slowly gotten worse over the years. He is having problems with pain in is neck. He also has numbness and tingling in the left thumb and index finger. He has had some mild weakness in his biceps and deltoid area on the left. His major complaint though is his increasing pain. He states he was on Neurontin and this seemed to help but was stopped, he is not sure why. The patient is currently getting physical therapy and is into his second week. Initially this did not seem to help but today he felt better after treatment. He is doing neck exercises. He is currently on no medications.

**PAST MEDICAL HISTORY:**     The patient was in a motorcycle accident in 1989 with multiple injuries including his neck. He first began having symptoms in his left upper arm after a cell extraction in 1999.

**PHYSICAL EXAMINATION:**
HEENT: Extraocular motion is full range. No nystagmus is present. There is no facial asymmetry and normal movement of his face is present. Speech is normal.
NECK: On forward flexion he can touch his chin to his chest, extension is to about 30° with neck pain. Right and left lateral flexion causes lower neck pain as does Spurling test. No radicular pain is produced.
HEART: Has a normal sinus rhythm at 68.
LUNGS: Clear. There are no carotid or supraclavicular bruits present.
EXTREMITIES: Motor exam reveals 5/5 strength on individual muscle testing in the upper extremities. Fine movements are normal. He has slight decreased sensation over the radial aspect of the left thumb, index finger and radial aspect of his hand and forearm. Sensation is otherwise normal over his extremities.
NEURO: Gait is normal. Romberg is negative.
REFLEXES: Deep tendon reflexes are +2 at the biceps, brachial radialis and knees, +1 at the triceps and ankles.

27

**STUDIES:**          MRI report reveals osteophyte projections to the left at C4-5 and C5-6 with some narrowing of the foramina.

**IMPRESSION:**          CERVICAL   SPONDYLOSIS   WITH   LEFT   C6 RADICULOPATHY.

**PLAN:**          The patient is improving with therapy and would recommend continued conservative therapy with physical therapy, exercise and heat. Also, he may benefit from the use of anti-inflammatory agents, muscle relaxants and/or nerve pain agents such as tricyclics or Neurontin. He is to return to the clinic on a p.r.n. basis. If he worsens, he might benefit from having EMGs and nerve conduction studies done to try to further localize this problem.


LARRY J. MAUKONEN, M.D.

d:  01/18/05  Job #1265
t:  01/18/05  dlk
cc:  D Clinic

28

NAME:   COOK, TIMOTHY          CDC:   E40919          DOB:   03/05/1965




## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: COOK, TIMOTHY   NO. E40919   RM: D6-119   DOB: 03/05/65   DATE: 08/22/03

EXAM REQUESTED:          L-S SPINE

REQUESTING M.D.:         L. ROWE, M.D.

CLINICAL DATA:           HISTORY OF PAIN.

RADIOGRAPHIC REPORT:     L-S SPINE

FINDINGS:          Three views are compared to the previous study of 01/26/2000. Deformity with some bony destruction anterior-superior portion of L4 is stable and may be consistent with osteochondritis or old trauma. Minimal degenerative disk space narrowing at L3-4 is stable. Marginal osteophytes at L4 are noted. No new abnormality is identified.

IMPRESSION:          1.   STABLE CHRONIC OSTEOCHONDRITIS POSSIBLY RELATED TO OLD TRAUMA ANTERIOR-SUPERIOR PORTION OF L4. NO EVIDENCE FOR PROGRESSION SINCE THE PREVIOUS STUDY THREE YEARS AGO.
2.   STABLE MILD NARROWING AT THE L3-4 DISK INTERSPACE.

CLINICAL DATA:           HISTORY OF PAIN.

RADIOGRAPHIC REPORT:     CERVICAL SPINE

FINDINGS:          Three views are compared to the previous study of 12/15/1999. Degenerative disk disease at C5-6 with disk space narrowing, end-plate sclerosis and marginal osteophyte formation is progressive since the previous study. Degenerative changes, possibly secondary to old trauma at C3 are stable. Marginal osteophytes at C4, C5 and C6 are stable. Posterior elements remain intact. Odontoid is intact.

z 9

ORIGINAL

08/26/03
DATE READ

GENE BABBITT, M.D.
RADIOLOGIST

DLK
TRANSCRIBER

NAME: COOK, TIMOTHY    NO. E40919    RM: D6-119    DOB: 03/05/65    DATE: 08/22/03

IMPRESSION

1. PROGRESSIVE DEGENERATIVE DISK DISEASE AT C5-6.
2. MODERATE DEGENERATIVE CHANGES NOTED ANTERIORLY AT C3 THROUGH C6, WHICH OTHERWISE APPEAR STABLE WHEN COMPARED TO THE PREVIOUS EXAM (OTHER THAN THE C5-6 DISK LEVEL).
3. FOLLOW-UP RECOMMENDED AS CLINICALLY INDICATED.

CLINICAL DATA:    HISTORY OF PAIN.

RADIOGRAPHIC REPORT:    RIGHT KNEE

FINDINGS:    Two views reveal no evidence for fracture or bony malalignment. Joint spaces and soft tissues are intact.

IMPRESSION:

1. NO SIGNIFICANT ABNORMALITY RADIOGRAPHICALLY.
2. FOLLOW-UP RECOMMENDED AS CLINICALLY INDICATED.

30

| 08/26/03 | GENE BABBITT, M.D. | DLK |
|---|---|---|
| DATE READ | RADIOLOGIST | TRANSCRIBER |

## X-RAY REQUEST REPORT FORM

Institution: _C C T_          ### PLEASE PRINT OR TYPE

NAME: _Cook_          NUMBER: _E40919_   UNIT: _4 A_
AGE: _34_   DOB: _3-5-65_   HOUSING: _7B_          PREVIOUS X-RAYS [X] YES [ ] NO

X-RAY EXAM REQUESTED: _T Spine - L Spine_          ORDERING (M.D. _Pham_
(ANATOMICAL TERMS ONLY)          RN/MTA: _DeLuna_
          DATE ORDERED: _1-26-00_
CLINICAL HISTORY: _old injury_          DATE COMPLETED: _1-26-00_
          NO. OF VIEWS: _2 Views + 7 view_

### REPORT

THORACIC SPINE, 2 VIEWS: 1/26/00

Alignment and curvature are normal. Vertebral body heights and
interspaces are normally maintained. The pedicles are intact. No
acute or chronic, traumatic or destructive changes are identified.
No congenital anomalies are noted.

IMPRESSION: RADIOGRAPHICALLY NORMAL THORACIC SPINE.

LUMBOSACRAL SPINE, 7 VIEWS: 1/26/00

There is mild straightening of the lordotic curve. The anterior-
superior end plate of L/4 reveals a long standing focal destructive
change involving the bone, with notch deformity. There is abnormal
narrowing of the interspace between L/3 and L/4. Osteophytic lipping
involving the lateral margins of L/4 is also noted. The remainder
of the examination is otherwise unremarkable.

IMPRESSION: ABNORMAL NARROWING OF THE L/3-L/4 INTERSPACE, CONSISTENT
          WITH DISCOGENIC DISEASE.

          CHRONIC, PROBABLY ACTIVE OSTEOCHONDRITIS INVOLVING THE
          ANTERIOR-SUPERIOR MARGIN OF L/4 AS DESCRIBED ABOVE.   NO
          ACUTE TRAUMA NOTED.

BERNARD KORDAN, M.D.
: 1/31/00 rg                    _AP  2/1/00_

DATE DICTATED:
DATE TRANSCRIBED:
TRANSCRIBER:
X-RAY EXAM: _L Spine, T Spine_          RADIOLOGIST _____ M.D.
          X-RAY TECH INITIAL: _JE_

          31

_NAME Cook, T_

_CDC NUMBER E40919_

Exhibit M

## X-RAY REQUEST REPORT FORM

Institution: CCI          PLEASE PRINT OR TYPE

NAME: Cook          NUMBER: E40919   UNIT: 4A
   AGE: 34  DOB: 2.5.65  HOUSING: 7B          PREVIOUS X-RAYS [X] YES [ ] NO

X-RAY EXAM REQUESTED: T Spine - L Spine          ORDERING M.D. R. Chan
   (ANATOMICAL TERMS ONLY)          RN/MTA: Deltman
                                               DATE ORDERED: 1.26.00
CLINICAL HISTORY: old injury          DATE COMPLETED: 1-26-00
                                               NO. OF VIEWS: 2 Views + 7 views

## REPORT

THORACIC SPINE, 2 VIEWS: 1/26/00

Alignment and curvature are normal. Vertebral body heights and interspaces are normally maintained. The pedicles are intact. No acute or chronic, traumatic or destructive changes are identified. No congenital anomalies are noted.

IMPRESSION: RADIOGRAPHICALLY NORMAL THORACIC SPINE.

LUMBOSACRAL SPINE, 7 VIEWS: 1/26/00

There is mild straightening of the lordotic curve. The anterior-superior end plate of L/4 reveals a long standing focal destructive change involving the bone, with notch deformity. There is abnormal narrowing of the interspace between L/3 and L/4. Osteophytic lipping involving the lateral margins of L/4 is also noted. The remainder of the examination is otherwise unremarkable.

IMPRESSION: ABNORMAL NARROWING OF THE L/3-L/4 INTERSPACE, CONSISTENT WITH DISCOGENIC DISEASE.

CHRONIC, PROBABLY ACTIVE OSTEOCHONDRITIS INVOLVING THE ANTERIOR-SUPERIOR MARGIN OF L/4 AS DESCRIBED ABOVE. NO ACUTE TRAUMA NOTED.

BERNARD KORDAN, M.D.
t: 1/31/00 rg                    2/1/00

DATE DICTATED:
DATE TRANSCRIBED:
TRANSCRIBER:
X-RAY EXAM: L Spine, T Spine          RADIOLOGIST _____ M.D.

                                               X-RAY TECH INITIAL: JE

39

NAME  Cook, L

CDC NUMBER  E40919

Exhibit

SOUTH BAY RADIOLOGY MEDICAL ASSOCIATES, INC.
480 FOURTH AVENUE, SUITE #102
CHULA VISTA, CALIFORNIA 91910
(619) 585-2960

K.W. ALBERTSON, M.D.                J.D. LIMPERT, M.D.
L.A. PERKINS, M.D.                  H.R. GRIFFITH, M.D.
A.D. SANDY, M.D.                    K.J. VAN LOM, M.D.
V.M. TARTAR, M.D.                     R.H. LANE, M.D.
    All Diplomates, American Board of Radiology

EXAM DATE: 10/14/92

OUTSIDE CONSULTATION

R.J. DONOVAN FACILITY          PT NAME: COOK, TIM
                               DOB: 03/05/65  AGE: 27
                 N36           XRAY NUMBER: 990040919

CA.

EXAM: 72100   LUMBOSACRAL SPINE, AP AND LAT

CDC: E 40919


AP and lateral  views were done of the lumbosacral spine.  There
is slight Scheuermann's deformity of the anterior superior lip of
L4.  No fracture is seen.  No other abnormality is detected.

IMPRESSION: Bony defect of the  anterior  superior  aspect of L4
probably related to  previous  Scheuermann's disease.   No  other
abnormalities are seen.

Thank you for this referral.

KWA:rp

_Ken Albertson_
KENNETH W. ALBERTSON, M.D.

33

## X-RAY REQUEST REPORT FORM

Institution: _CCI_    PLEASE PRINT OR TYPE

NAME: _Cook    Timothy_
    AGE: _34_ DOB: _3-5-65_ HOUSING: _7B 204_

NUMBER: _E40919_ UNIT: _4A_
PREVIOUS X-RAYS ☐ YES ☑ NO

X-RAY EXAM REQUESTED: _C Spine_
    (ANATOMICAL TERMS ONLY)

CLINICAL HISTORY: _Pain_

ORDERING M.D. _Dr Pham_
RN/MTA: _A Bell RN02_
DATE ORDERED: _12-8-99_
DATE COMPLETED: _12-15-99_
NO. OF VIEWS: _5_

## REPORT

CERVICAL SPINE, 5 VIEWS:   12/15/99

Alignment and curvature are normal.  Vertebral body heighs are
normally maintained.  Neural foramina are patent.  There is
slight narrowing of the intervertebral disc space between C-
3 and C-4 and between C-5 and C-6.  Osteophytic lipping involving
the anterior inferior end plates of C-3 and C-5 is also present,
the former showing evidence of ossification of the anterior
longitudinal ligament in the anterior aspect of C-3.  The
odontoid process is intact.  No cervical rib formation is seen.

IMPRESSION:  MILD SPONDYLOSIS MID CERVICAL SPINE, AS DESCRIBED
ABOVE.  NO ACUTE TRAUMATIC OR DESTRUCTIVE CHANGES NOTED.


BERNARD KORDAN, M.D.
t:  12/16/99


_AP_    _12-20-99_


DATE DICTATED:
DATE TRANSCRIBED:
TRANSCRIBER:

RADIOLOGIST _____ M.D.

X-RAY EXAM: _C-Spine_

X-RAY TECH INITIAL

34

White Medical File        Yellow=X-Ray File        Manila Card=Department File

# EXHIBIT "B"

Exhibit B

PELICAN BAY STATE PRISON
HEALTH CARE SERVICES UNIT
CHRONO

NAME: Cook, Timothy   CDC#: E40919   HOUSE: D6-104   DATE: 1/6/03

The above-named inmate has a medical condition which requires the below-listed medically-indicated chrono(s).

☐ COTTON BLANKETS                    ☐ LOW BUNK

☒ EXTRA MATTRESS                     ☐ LOW BUNK/LOW TIER

☐ EGG CRATE MATTRESS                 ☐ INSOLES/ARCH SUPPORTS   Size: _____

☐ EXTRA PILLOWS/WEDGE                ☐ WAIST CHAINS AND DOUBLE CUFFS

☐ SHORT BEARD

☐ TINTED GLASSES–FADE GRAY (Please Circle One: #1  #2  #3)   (By Optometrist Recommendation Only)

☐ ORTHOTICS: Type: _____

☐ MEDICAL EQUIPMENT: Please check appropriate medical equipment below:

☐ Cane  ☐ Walker  ☐ Wheelchair  ☐ Crutches  ☐ C-PAP/BIPAP  ☐ Oxygen  ☐ Ice Pack  ☐ Ace Wraps

☐ Shower Chair

(When appropriate, please name body part affected and size, e.g., right arm): _____ size: _____

Due to a refusal of (please circle one) MEDICAL APPOINTMENT/EXAMINATION/TEST/FOLLOW-UP appointment/(please circle one) FIRST/SECOND/THIRD chronic care appointment, the patient is advised that refusal may result in worsening of condition, permanent disability, grave disability, and/or death. You are advised to keep your future medical appointments. If you miss three Chronic Care appointments, you will be removed from the Chronic Care Program, and you must make an appointment with your Primary Care Provider.

EFFECTIVE DATE: ___1/6/03___   EXPIRATION DATE: ___1/6/04___

### EFFECTIVE DATE AND EXPIRATION DATE MUST BE PROVIDED FOR CHRONO TO TAKE EFFECT

D. Mitchanova MD
Please Print Name                        Signature/Title

DISTRIBUTION: WHITE-Health Record    GREEN-Housing Unit    YELLOW-CCII    PINK-C-File    GOLDENROD-Inmate
***When appropriate, a copy shall be forwarded to Specialty Clinic.

HEALTH RECORDS STAFF SHALL LIST OTHER APPROPRIATE COPIES BELOW AND SHALL DISTRIBUTE ACCORDINGLY: (e.g., Clothing: SHU/GP/L-I):

_____   _____

DATE: 1/6/03   NAME: Cook, Timothy   CDC#: E40919   PBSP/MEDICAL

6/02;#                                                  36                              PBSP-HCS 001

Exhibit B

**PELICAN BAY STATE PRISON**
**HEALTH CARE SERVICES UNIT**
**CHRONO**

NAME: Cook                CDC#: E40919  HOUSE: D3 118L  DATE: 8/19/04

Renew

The above-named inmate has a medical condition which requires the below-listed medically-indicated chrono(s).

☒ COTTON BLANKETS                    ☐ LOW BUNK/LOW TIER

☐ EGG CRATE MATTRESS                 ☒ EXTRA MATTRESS

☒ EXTRA PILLOWS/WEDGE                ☒ INSOLES arch supports size 10

☐ ORTHOTICS                          ☐ SWEATPANTS

☐ SUNGLASSES            ( + wool patch test 2/01)

☐ MEDICAL EQUIPMENT: Please check appropriate medical equipment below:

☐ Cane ☐ Walker ☐ Wheelchair ☐ TENS Units ☐ C-PAP/BIPAP ☐ Oxygen ☐ Ice Pack ☐ Ace Wraps

(When appropriate, please name body part affected, e.g., right arm): _____

EFFECTIVE DATE: 8/19/04              EXPIRATION DATE: 8/19/05

**EFFECTIVE DATE AND EXPIRATION DATE MUST BE PROVIDED FOR CHRONO TO TAKE EFFECT**

Risenhoover
Please Print Name

_____
Signature/Title

DISTRIBUTION: WHITE-Medical Record    GREEN-Housing Unit    YELLOW-CCII    PINK-C-File    GOLDENROD-Inmate

HEALTH RECORDS STAFF SHALL LIST OTHER APPROPRIATE COPIES BELOW AND SHALL DISTRIBUTE ACCORDINGLY: (e.g., Clothing: SHU/GP/L-I):

_____

DATE: 8-19-04  NAME: Cook, Timothy   CDC#: E40919        PBSP/MEDICAL

3/02:pk                        57                    PBSP - HCS 001

# EXHIBIT "C"

38

# PELICAN BA    Medical Issue

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2.

Log No. Du 30091

Category 8

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Timothy Cook | E40919 | PBSP-SHU D4.206 | |

**A. Describe Problem:** Pursuant to the provisions outlined in Article 8 of the 15 CCR, section 3350, (a),(b),(1),(4),(5)- the medical department must adhere to their medical standards to treat an inmates medical needs. It is also the Chief Medical Officers' (CMO) duty and/or responsibility to access any medical request by an inmate and/or Physician to approve significant medical needs brovy by an inmate under their care.

Moreover, pursuant to 15 CCR, sec. 3354 - an Authorized Medical Stap

If you need more space, attach one additional sheet.    (see attached supplemental pages →)

**B. Action Requested:** Award monetary compensation; medication and Medical chrono for double-mattress as well as permanent injunction/guidelines preventing Medical staff's deliberate indifference to inmates medical needs.

**Inmate/Parolee Signature:** Timothy Cook    **Date Submitted:** 12-23-2005

**C. INFORMAL LEVEL (Date Received:** 12/23/05)

**Staff Response:** You have been scheduled an app. To discuss your above Request with The clinic Medical provider -

**Staff Signature:** J Longino RN    **Date Returned to Inmate:** 12/22/05

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Partially dissatisfied; appellants prior appeal pertaining to his double mattress chrono was granted (see Medical file for copy). A "granted appeal" cannot be reversed. Please renew Med. dew. mattress chrono. Please nothiy me as to the date of sched. appo.
Need meds.

**Signature:** Timothy Cook    **Date Submitted:** 12/28/05

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

39

CDC Appeal Number:

MAR 0 6 2006

602 supplemental    w/Exhibits

- treating a patient/inmate may remedy any medical situation, within the scope of their licensure, without taking extreme measures for approving such medical needs.

On 11-14-2005, Appellant was seen by Nurse Practitioner, (N.P.) Risenhoover, for a follow-up scheduled visit pertaining to Appellants, physical therapy; HVC; Medication and double-matteress chrono; neck & back pain.

During the visit, numerous issues and requests were asked by Appellant, concerning the above-mentioned symptoms and ailments. Some of them issues were the pain medication, and renewal of Appellants double-matteress chrono, to eliviate some of the pain Appellant has experienced for over a decade.

(N.P.) Risenhoover assured Appellant that he would be prescribed a pain medication (Ibuprofen) and an anti-inflammatory to help with Appellants severe pain. Appellant asked to renew his double-matteress medical chrono, (N.P.) Risenhoover denied such request and said quote "You don't fit the criteria anymore and that I'm not renewing your chrono", unquote; your chrono is invalid."

Subsequently, Appellant contested the denial and assured (N.P.) Risenhoover that he has significant reasons that warrent such medical needs and that he had data to prove of his pre-existing injuries and years of complications. [see; EX: A-medical data].

As of this date Appellant has not recieved any medication and/or chrono to eliviate his pain and discomfort. Appellant is in constant pain, and has sent numerous medical slips and requests, "with no response," to recieve medical attention.

Appellant is without remedy save by Inmate/Parolee Appeal Form CDC 602-Appellant is protected by the 8th and 14th Amendment(s) from cruel and unusual punishment and the due-process clause.

The deliberate indifference by (N.P.) Risenhoover and decision-maker (CMO) creates a liberty-interest; see Marsh v. Butler County, Ala, 225 F3d 1243 (11th Cir 2000); Weaver v. Clarke 45 F3d. 1253 (8th Cir 1995).

Finding of deliberate indifference by prison official(s) to serious medical needs of an inmate, in violation of Eighth and Fourteenth Amendments.

602/supplemental pg. "H1"

... For two (2) yrs. appellant was given a double-mattress and double-mattress chrono because of his chronic pain and medical condition.

On 3-6-06, appellant was seen by FNP Riverhouse for a chronic care visit. Appellant asked FNP Riverhouse why the denial for a double-mattress chrono & she said she was told it was a supervisory decision due to budget constraints and even though she disagrees w/that decision she had to follow protocol or she will loose her job, [and was expecting a pay increase], so she deliberately denied appellant a medical necessity she had previously granted the year prior.

It's reasonable to believe that after appellant mentioned that there was a copy of his 602/appeal granting a double-mattress, in his medical file, the supervisory reviewers: M. McLean FNP, Health Care Manager; A. Thacker, CHSA II (reviewer) and M.C. Sayre, M.D. Chief, Medical Officer(A) conspired to destroy the documentary evidence (602/appeal) in order to suppress the evidence that would ultamately validate appellants claims.

Appellant must now rely on the double-mattress chronos dated 9/8/03 to 9/8/04 and 8/19/04 to 8/19/05 as some evidence to substantiate appellants claim.

Appellant asks their Chief Appeals to consider the cost comparison for issuing a mattress and prescribing

(43)

## SECOND LEVEL APPEAL RESPONSE

RE:   PELICAN BAY STATE PRISON
      Appeal Log _D-06-00091_____
      Inmate: _Cook, #E-40919_____

This matter was reviewed by MAUREEN MCLEAN, FNP, Health Care Manager at Pelican Bay State Prison (PBSP). M.C. Sayre, M.D., Chief Medical Officer (A), conducted the Appeal at the Second Level of Review on March 29, 2006.

APPEAL ISSUE:    You state that pursuant to the provision outlined in Article 8 of Title 15, CCR, Section 3350 (a)(b)(1)(4)(5), the medical department must adhere to their medical standards to treat an inmate's medical needs. You state that it is also the Chief Medical Officer's (CMO's) responsibility to assess any medical request by an inmate and/or Physician to approve significant medical needs brought by an inmate under their care. Moreover, you state that pursuant to Title 15 CCR Section 3354, an authorized medical staff treating a patient/inmate may remedy any medical situation, within the scope of their licensure, without taking extreme measures for approving such medical needs. You state that on 11/14/05, you were seen by Family Nurse Practitioner (FNP) Risenhoover for a scheduled follow-up visit pertaining to your physical therapy, HVC, Medication, and double mattress chrono due to back and neck pain. You state that during the visit, numerous issues and requests were asked by you concerning the above-mentioned symptoms and ailments, including pain medication and renewal of your double mattress chrono, to eliminate some of the pain you have experienced for over a decade. You claim that FNP Risenhoover assured you that you would be prescribed a pain medication (Ibuprofen) and an anti-inflammatory to help with your severe pain, but when you asked to renew your double mattress medical chrono, she denied such request and said, "you don't fit the criteria anymore and I am not renewing your chrono" indicating that your chrono was invalid. Subsequently, you state that you contested the denial and assured FNP Risenhoover that you have significant reasons that warrant such medical needs and that you have data to prove your pre-existing injuries and years of complications. You state that as of 11/27/05 you have not received any medication and/or chrono to eliminate your pain and discomfort and you are in constant pain and have sent numerous medical slips and requests to receive medical attention, but with no response. You claim that you are without remedy save by the Inmate/Parolee Appeal Form CDC 602 and you are protected by the 8th and 14th Amendments from cruel and unusual punishment and due-process clause. You state that the deliberate indifference by FNP Risenhoover and decision-maker CMO creates a liberty-interest relative to the finding of deliberate indifference by prison officials to serious medical needs of an inmate and this necessarily precludes finding of qualified immunity. You are seeking monetary damages, medication, and medical double mattress chrono, as well as permanent injunction preventing the U.S.C. 8th and 14th amendment violations, which are created by the state prisons' medical staff. You want to be awarded monetary compensation and medication and a medical chrono for a double mattress, as well as permanent injunction/guidelines preventing medical staff's deliberate indifference to inmate's medical needs. Your appeal was answered at the informal level on 12/22/05 by T. Longrie, RN, who stated that you have been scheduled an appointment to discuss your above request with the clinic medical provider. You were not satisfied with this response and moved your appeal to the formal level on 12/28/05 stating that your prior appeal pertaining to your double mattress chrono was granted and a copy is in your medical file. You contend that a granted appeal cannot be reversed. You want to have your medical chrono for a double mattress renewed. You want to be notified as to the date of the scheduled appointment and you still need medications. A review of your appeal was completed. Your appeal with the attachments and your requested action received careful consideration. C. Worch, Inmate Medical Appeals Tracking Program Analyst, was assigned to investigate your allegations by the

44

First Level Reviewer. S_____terviewed you on 1/31/06 and noted th_____ur medications were changed due to your allergy to Motrin. You are now receiving Tylenol 325 mg. No extra mattress is medically indicated, therefore a chrono for an extra blanket was written. You are to return to the clinic as scheduled. A thorough review of the request presented in this complaint was completed. Based on that review, the action requested to resolve this appeal was partially granted. You were not satisfied with this response and moved your appeal to the second level of review on 3/5/06 stating that a previous 602-appeal was granted pertaining to your double mattress chrono. You want your double mattress chrono to be re-issued and you want to be given another mattress. You claim that your condition hasn't changed and you are still in extreme pain. You feel it would be medically just to re-issue an already decided appeal that was granted. You further state that the extra blanket doesn't help.

FINDINGS: A review of your appeal has been completed. Your appeal with the attachments and your requested action has received careful consideration. I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. A. Thacker, CHSA II, reviewed your medical file and responses on March 29, 2006 and it was also reviewed by M.C. Sayre, M.D., Chief Medical Officer (A). There is no record in your medical file of any appeal that was granted for you to have an extra mattress. You have been receiving an extra mattress along with an extra pillow from 9/8/03 to 9/8/04 and from 8/19/04 to 8/19/05. FNP Risenhoover was the primary care provider who wrote the most recent chrono and was also the provider who indicated that you no longer met the criteria for an extra mattress. You were seen by FNP Risenhoover on 3/6/06 during a Chronic Care Visit and you wanted to discuss your double mattress chrono. You claimed that Dr. Hechenova granted both the appeal and the chrono because you had allergies and couldn't take medication for your pain. FNP Risenhoover explained that a double mattress is not indicated at this time and you stated that you would pursue this through the 602-appeal process. You asked that your medication allergy be removed from your file because you are only allergic if you take too much. You indicated you are using medication from other inmates and you are doing fine. You are being provided with the appropriate treatment for your condition and your progress will continue to be monitored through regularly scheduled visits.

DECISION: The Appeal is Partially Granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_____    3/29/06____          _____  4/3/06
M. C. Sayre, M.D.                Date            M. McLean, FNP              Date
Chief Medical Officer (A)                        Health Care Manager

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:     JUN 2 0 2006

In re:    Cook, E-40919
          Pelican Bay State Prison
          P.O. Box 7000
          Crescent City, CA 95531-7000

IAB Case No.: 0511954          Local Log No.: PBSP 06-00091

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that that he suffers from severe pain due to a back and neck condition. He claims that STET is needed for his condition, which causes him pain and discomfort and could potentially develop into a more serious medical condition. He requests medication, a double mattress chrono for his condition, compensatory damages and that staff be provided guidelines to treat inmate's medical needs.

II   SECOND LEVEL'S ARGUMENT: The reviewer found that treatment of the appellant's condition is being appropriately provided. The appellant is a participant in the Chronic Care Program. He has been examined and treated for his condition. The appellant has been prescribed Tylenol for pain management and was provided an extra blanket chrono. A double mattress chrono is not indicated for his condition.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.  FINDINGS: In this particular matter, the medical records and professional staff familiar with the appellant's medical history refute the appellant's contention that he has not received adequate medical care. Medical staff conducted a review of the appellant's medical file. The subjective symptoms are out of proportion with the objective findings. He was instructed to utilize the established institutional sick call process if he suffers discomfort. Current CDCR policy is to use evidence-based medical judgment for all decisions. All therapies, treatments and interventions will be judged acceptable by those criteria. This is the current standard and emerging clinical guideline in progressive medicine. The Primary Care Providers (PCP) is entrusted with the responsibility to ensure that all clinical recommendations adhere to this standard. Medicine is constantly evolving and the PCP selects the most appropriate treatment for the inmates under their care. The institution shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. The appellant is advised that each practitioner determines, at the time of treatment, the extent of treatment for the health care problem. The appellant has not presented a compelling argument to warrant modification of the decision reached by the institution. Compensatory damages are not warranted.

B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3350, 3354

C.  ORDER: No changes or modifications are required by the institution.

4L

COOK, E-40919
CASE NO. 0511954
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Health Care Manager, PBSP
        Appeals Coordinator, PBSP
        Medical Appeals Analyst, PBSP

47

# EXHIBIT "D"

46

PELICAN BAY STATE PRISON
HEALTH RECORD SERVICES
## INMATE'S REQUEST FOR OLSEN REVIEW AND/OR COPIES
## OF HEALTH RECORDS

NAME _Cook_____ CDC # _E40919_ HOUSING _D2-220_ 4-206

*PLEASE NOTE: PSYCHIATRIC INFORMATION CANNOT BE REVIEWED BY THE INMATE UNLESS THE CHIEF PSYCHIATRIST OR DESIGNEE APPROVES THE REQUEST.*

I AM REQUESTING: (PLEASE SPECIFY MEDICAL AND/OR PSYCHIATRIC AND IF MORE THAN JUST CURRENT VOLUME IS WANTED)

X I WOULD LIKE AN OLSEN REVIEW OF MY UNIT HEALTH RECORD:
(PLEASE SPECIFY PURPOSE FOR OLSEN REVIEW (e.g., copy to physician, provide information to attorney)
X MEDICAL ____ PSYCHIATRIC
____ CURRENT VOLUME ONLY    X ALL VOLUMES (Please note that you will only be allowed to review two (2) volumes at a time)    1ST VOLUME.

____ I WOULD LIKE COPIES OF MY UNIT HEALTH RECORD:
(PLEASE SPECIFY COPIES NEEDED BELOW)

MEDICAL COPIES REQUESTED: _602 - granted from 2003/2004 - Re: Double mattress_
_from Dr. Hechanova._____
_____
_____

PSYCHIATRIC COPIES REQUESTED: _____
_____
_____
_____

I GIVE APPROVAL FOR THE INMATE TO REVIEW THE PSYCHIATRIC INFORMATION IN HIS UNIT HEALTH RECORD.

_____    _____
Signature of Chief Psychiatrist or Designee          Date

On this date,_____, I reviewed my health records in the presence of Pelican Bay State Prison Health Care Staff (Health Records Technician/Psychiatric Technician/Medical Technical Assistant). I am requesting the tagged pages be copied. A Trust Withdrawal Slip is attached to cover the cost of the requested copies, which is ten (10) cents per page.

_____    _____
INMATE SIGNATURE                                    DATE

_____    _____
HEALTH RECORDS STAFF SIGNATURE      49        DATE

3/06:kbg

State of California

1CBS

# M e m o r a n d u m

Date : May 4. 06

To : Inmate: Cook                   CDC #: E40919  Housing: D1-206

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : RECEIPT FOR COPIES OF HEALTH RECORD INFORMATION

Date copied: May 4. 06

Unit Health Record Reviewed:       YES ✓      NO _____

Copies requested:                  YES ✓      NO _____

Review declined by this inmate     YES _____  DATE: _____
Reason: _____

Copies declined by this inmate:    YES _____  DATE: _____
Reason: _____

                          _____ 5/4/06 _____
                          Medical Staff signature and date
                          (addressing transaction)

Copies requested include: Chrono from Dr. Hechanova RE:
extra mattress approval from 1/16/2003

There is not any 1002's filed in Medical file.
a Medical appeals did find one re: D81 mattress
granted from Dr Hechanova. Please contact the
Medical Appeals office for further Research of this
1002 you are trying find.

Total number of copies ___1___   Date presented to inmate: _____

I have received and reviewed my requested copies from my health record that I
requested. I understand that this transaction is final once I have reviewed and signed
for my requested copies.

Timothy Cook                        5/4/06
Inmate signature                    Date

50

# EXHIBIT "E"

51

## INMATE REQUEST FOR INTERVIEW

CALIFORNIA
92)

DEPARTMENT OF CORRECTIONS

| 3/06 | TO  Medical Appeals Office | FROM (LAST NAME)  COOK | CDC NUMBER  E40919 |
|---|---|---|---|

| D4 | BED NUMBER  206 | WORK ASSIGNMENT | JOB NUMBER  FROM        TO |
|---|---|---|---|

GNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS
FROM        TO

Clearly state your reason for requesting this interview.
ou will be called in for interview in the near future if the matter cannot be handled by correspondence.

se send me a copy of my 602 appeal granting me a double
tress, authored by Dr. Thechanova on or about 1/06/03.
ached is a trust withdrawal for .10¢ to pay for the copy.
e SVP  F/m Timothy Cook

D B  D. Worch

DATE  6/26/06

e have no appeal on file granting double mattress by
doctor at PBSP. Perhaps you are thinking of
rono, which you can request from Medical Records.
C.D.C.M

## TRUST ACCOUNT WITHDRAWAL ORDER

Date  6/25  20  06

Warden

Approved

reby request that my Trust Account be charged  $  .10¢  for the purpose stated below and authorize
withdrawal of that sum from my account:

E40919

NUMBER

Timothy Cook

NAME ( signature please /DO NOT PRINT)

e b elow the PURPOSE for which the withdrawal is requested
10t u se this form for Canteen or Hobby purchase)

POSE  Photo copy of 602
From Medical Appeals Office

PRINT PLAINLY BELOW name and address of person
to whom check is to be mailed.

NAME

ADDRESS

52

Tim Cook

PRINT YOUR FULL NAME HERE

STATE OF CALIFORNIA
GA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| Feb 28, 06 | I/m Medical Appeals Office | COOK | E40919 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM        TO |
|---|---|---|---|
| D/0 | 118 | | ASSIGNMENT HOURS FROM        TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

RE: Medical Appeal/602  Log # PBSP-D-06-00091
To: Staff Reviewer: HCM Norsch — Your first level response is overdue
and to meet the time limitations please return my 602/Appeal w/disposition.
In addition, please send me a copy of my 602 granting me a double mattress from Dr. Thechunov.

DO NOT write below this line. If more space is required, write on the reverse.

| INTERVIEWED BY | DATE 3/2/06 |
|---|---|

DISPOSITION

Attached is your copy of above noted appeal.

11-10-06

---

STATE OF CALIFORNIA
GA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 11/17/05 | MTA's office | COOK | E40919 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM        TO |
|---|---|---|---|
| D2 | 220 | | ASSIGNMENT HOURS FROM        TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I had a visit on 11/14/05 in which N.P. Risenhoover said she would
be issuing me pain medication as well as Arthritis medication.
As of today I haven't recieved neither. I'm in extreme pain still.
What's the disposition with my meds.? Thank You!

Do NOT write below this line. If more space is required, write on the reverse.

| INTERVIEWED BY   Lonepine RN | DATE 12/23/05 |
|---|---|

DISPOSITION
The provider Discontinued The medication, Will have
To Discuss with you at sehud appt comming up.

# EXHIBIT "F"

54

STATE OF CALIFORNIA

ARNOLD SCHWARZENEGGER, Governor

VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
SACRAMENTO, CALIFORNIA 95812-3035
Toll Free Number: 1-800-955-0045   Fax Number: (916) 323-5768
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
And Chairperson

STEVE WESTLY
State Controller
State Controller's Office
And Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Timothy J Cook E40919
P.O. Box 7500
Crescent City, CA  95532

October 2, 2006

RE:  Claim G561468 for Timothy J Cook, E40919

Dear Timothy Cook,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
September 27, 2006.

If you have questions about this matter, please mention letter reference 118 and claim number G561468 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Linda Paluda,  Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning

"Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim."  See Government Code Section 945.6.  You may
seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an
attorney, you should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR
PROPER SERVICE OF SUMMONS AND COMPLAINT.

Ltr 118 Board Claim Rejection

55

| | | |
|---|---|---|
| **Government Claims Form**<br>**California Victim Compensation and Government Claims Board**<br>**P.O. Box 3035**<br>**Sacramento, CA 95812-3035**<br><br>**1-800-955-0045 - www.governmentclaims.ca.gov** | **State of California** |
| | **For Office Use Only**<br>Claim No.: G526146B |

## Is your claim complete?

- [✓] New! Include a check or money order for $25 payable to the State of California.
- [✓] Complete all sections relating to this claim and sign the form. Please print or type all information.
- [✓] Attach receipts, bills, estimates or other documents that back up your claim.
- [✓] Include two copies of this form and all the attached documents with the original.

## Claimant Information

| Last name: Cook | First Name: Timothy | MI: J | Tel: |
|---|---|---|---|
| | | | Email: |

Mailing Address: P.O. Box 7500 D4-206    City: Crescent City    State: Ca.    Zip: 95532

Best time and way to reach you:

Is the claimant under 18?  [ ] Yes  [✓] No   If YES, give date of birth: ___ MM ___ DD ___ YYYY

## Attorney or Representative Information

| Last name | First Name | MI | Tel: |
|---|---|---|---|
| | | | Email: |

Mailing Address:    City:    State:    Zip:

Relationship to claimant:

## Claim Information

Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond?  [ ] Yes  [✓] No

State agency that issued the warrant:    If NO, continue to Step 13.

Dollar amount of warrant:    Date of issue: ___ MM ___ DD ___ YYYY

Proceed to Step 22.

Date of Incident: *November 14, 2005 to present*

Was the incident more than six months ago?  [✓] Yes  [ ] No
If YES, did you attach a separate sheet with an explanation for the late filing?  [✓] Yes  [ ] No

State agencies or employees against whom this claim is filed:
*Pelican Bay State Prison; Richard Kirkland (warden) etal.; M.C. Sayre M.D., Chief Medical Officer (CMO)(A); Maureen McLean, Health Care Manager, HCM; Family Nurse Practitioner (FNP), Sue Risenhoover; A. Thacker, CHSA (reviewer); C.D. Worsh, Medical Appeals Office (reviewer) and DOES 1 through 15*

Dollar amount of claim: $ 31,550 +

If the amount is more than $10,000, indicate the type of civil case:
[ ] Limited civil case ($25,000 or less)
[✗] Non-limited civil case (over $25,000)

Explain how you calculated the amount:
*1). For compensatory damages of $50 a day to cover claimants pain and suffering from 11-14-05 to present; according to proof*
*2). punitive damages of $100 dollars a day from defendants jointly and severly who are found guilty to have intentionally deprived claimant his right to serious medical needs; according to proof; 3) general damages; according to proof*

56

**16** Location of the incident:

*Pelican Bay State Prison - Medical Clinic*

**17** Describe the specific damage or injury:

*The specific damage or injury is:*

*[See; supplemental pg #17; at #17, herein.*

**18** Explain the circumstances that led to the damage or injury:

*The circumstances that led to the damage or injury are:*

*[See; supplemental pg #17; at #18, herein.*

**19** Explain why you believe the state is responsible for the damage or injury:

*The state is responsible for the damage or injury because:*

*[See supplemental pg #2-9; at #19, herein.*

**20** Does the claim involve a state vehicle?  ☐ Yes  ☑ No

If YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21**

Name of Insurance Carrier

Mailing Address                    City                    State    Zip

| Policy Number: | Tel: | | |
|---|---|---|---|
| Are you the registered owner of the vehicle? | | ☐ Yes | ☐ No |
| If NO, state name of owner: | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | ☐ Yes | ☐ No |
| Have you received any payment for this damage or injury? | | ☐ Yes | ☐ No |
| If yes, what amount did you receive? | | | |
| Amount of deductible, if any: | | | |
| Claimant's Drivers License Number: | Vehicle License Number: | | |
| Make of Vehicle: | Model: | Year: | |
| Vehicle ID Number: | | | |

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

*Timothy Cook*                          6-21-06

Signature of Claimant or Representative          Date

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## For State Agency Use Only

**24**

Name of State Agency                              Fund or Budget Act Appropriation No.

Name of Agency Budget Officer or Representative          Title

Signature                                          Date

VCGCB-GC-002 (Rev. 8/04)

<u>Claim Information #17 supp. pg 1</u>

17). Describe the specific damage OR injury:

<center>I.</center>

1). United States Constitution 8th, 14th amendment violations; California Constitution Article 1 sections 15, 17 violations; 15 California Code of Regulations, section § 3350 et seq. - violations, - due process and Cruel and Unusual punishment; Deliberate Indifference to Claimants Serious Medical Needs.

<u>Claim Information #18 supplemental pg - 1</u>

<center>II.</center>

18). Explain the circumstances that led to the damage or injury:

<center><u>HISTORY of Pain</u></center>

2). Claimant suffers from cervical and lumbosacral pain which is caused by years of degenerative disc deterioration disease. The results from this disease has caused significant pain. Claimant has a diffuse disc; prolongation of the T2 and an hemangioma along the anterior C3 vertabral body; posterior osteophytosis causing spinal stenosis compressing the spinal cord nerves.

3). Amongst the aforementioned complications, claimant also suffers from bony fragments that float in the cervical area which limit ordinary life movements and cause extreme pain.

4). Claimants lumbosacral spine suffers from a long standing focal destructive change involving the bone with notch deformity giving claimant a severe chronic pain and also limits ordinary life movements. [See, <u>Medical Data</u>; Exhibit "A"] herein

5). Pelican Bay Medical Doctors and Medical staff were treating claimant with conservative remedies such as a double-mattress, extra-pillow, physical therapy and some medication; but, in November of 2005 they discontinued their medical care for reasons unknown to claimant; furthering his pain and suffering which led to the circumstances at hand.

<center>58</center>

<u>Claim Information #19 supp. pg 2</u>

#19) Explain why you believe the state is responsible for the damages or injury:

<center>III.</center>

6). The United States and California Constitutions have laws that protect people, including prisoners from neglect treatment by doctors and other medical staff; such neglect is called malpractice.

7). On Jan, 6th 2003 Dr. Hechanova, ordered Pelican Bay State Prisons' Health Care Services to issue claimant a double mattress and Medical chrono due to claimants chronic medical condition, for one year. [See; Ex: A] herein.

8). Per Medical Institutional proceedure, claimant is to update/renew his double mattress chrono every year. So, on Aug, 29th 2004, claimant requested an update/renewal of his double-mattress chrono from his Family Nurse Practitioner, FNP, Sue Risenhoover, in which she complied, [See Ex: B], herein.

9). One year later, on Nov, 14 2005, claimant again requested that his FNP, Sue Risenhoover update/renew his double mattress chrono, which he had for 2 yrs., only to be told, 'No'! Request denied!

10). Claimant contested the denial of the double mattress chrono update/renewal, assuring FNP, Sue Risenhoover he had significant reasons why she should grant claimants request and that she is fully aware of <u>claimants medical condition</u> because she has been treating claimant for years and even approved the update/renewal the year prior.

<center>59</center>

Claim Information 1.9. saga pg. 3

11) FNP, Sue Risenhoover went on to say that even though she was fully aware that claimant has had a double mattress & Medical chrono since 1-6-03, she felt claimant didn't fit the criteria anymore, and, her decision was partly based on a supervisory call due to budget restraints and she was expected to follow protocal othewise her job would be at stake and was also expecting a pay increase and she wasn't taking the chance at any cost.

12) Based upon FNP, Sue Risenhoovers erudite Knowledge in her professional Medical field, her decision not to continue claimants medical treatment because of a personal and supervisory decision goes against all Medical standards and ethical boundries.

13) FNP, Sue Risenhoover personally and deliberately became indifferent to claimants serious medical needs. Claimant said he would appeal.

## IV.
## Administrative Appeal/602

14). November 27, 2005, claimant appealed the adverse medical decision by FNP, Sue Risenhoover not to continue claimants medical need. [see Inmate Appeal/602 form Log # PBSP-D06-0001 in Exhibit C ], herein.

15) January 23, 2006, claimant was assigned a staff reviewer to investigate claimants appeal after getting shot down at the informal and formal levels. [see Exhibit D], herein. The staff reviewer C.D. Worsh partially granted claimants appeal, but, erroneously failed to see the nexus of the appeal, resulting in an incompetent disposition. [see (Sec. E in claimants Appeal) Ex. C], herein.

16) March 23rd, 2006, claimants appeal was then sent to the second level due to claimants dissatisfied disposition. [see Ex: D] herein.

Claim Information #19 supp-pg #4

17) Second Level staff reviewers, Maureen McLean, HCM and M.C. Sayre M.D, Chief Medical Officer (CMO)(A) reviewed claimants appeal and also incompetently denied his appeal with no significant basis or opinion, but, merely rubberstamped the denial.

18). Claimant mentioned several times throughout his appeal that he had already won an appeal in which DR. thechanova granted claimant a double mattress based on his medical professional assessment. Claimant also directed the staff hearing claimants appeal that they could probably find a copy of the aforementioned appeal, granted by Dr. thechareva, in claimants medical file and/or Medical Appeals Office.

19). On several occasions claimant had requested to be given copies of his double mattress chrono and granted 602 to use as a perponderance of evidence substantiating claimants claim that he did win an appeal to have a double mattress and to use as an Exhibit at the third level (Directors Level) appeal designation. Such requests were denied.

20) Faced with this dilemma, claimant filed for an Olsen Review (Medical) to review his file personally per court and institutional mandates. During this review claimant came across a key piece of evidence that confirms claimants allegations all along. [see (Ex: E), (i.e., Memorandum dated May 4, 2006)], the memorandum ascribes that the Medical Appeals office "did find" an appeal, RE: dbl mattress granted from DR. thechanova.

21). With this newly found evidence claimant then tried to obtain a copy on an "inmate request for interview form" dated Feb. 28, 2006, [see Ex: C], but, was only sent the ongoing appeal Log# PBSP.D06-0001. C.D. Worsh and the medical Appeals office are responsible for violating claimants due-process, by withholding medical data.

_Claim Information #19 supp pg. 5_

22) Furthermore, the allegations made by FNP, Sue Risenhoover, claiming that claimant said he indicated using medication from other inmates, and that he said he was doing fine is preposterous, and have no merit. Claimant never asked, FNP, Sue Risen-hoover to remove the medication allergy alert from his Medical file nor did he say he used medication from other inmates and that he was doing fine. FNP, Sue Risenhoover, is acting in bad faith with her bald ascertions.

23) Claimant has had to live with the constant pain and lack of sleep due to his chronic medical condition ever since 11-14-2005 when his medical care providers ceased to continue treatment.

## V.

24). Defendant(s), Richard Kirkland, (warden); FNP, Sue Risenhoover; Maureen McLEAN, HCM; ML. Sayre M.D., Chief Medical Officer (A); A. THacker, CHSA II and DOES 1 through 15 failed to use the degree of skill usual among doctors of good standing in the community, and their acts and/or omissions are the proximate cause of furthering the ongoing chronic pain/injury suffered by claimant due to defendents deliberate indifference to claimants medical needs.

25). Defendents designated herein as DOES 1 through 15, inclusive, consist of individuals who were or are currently employed by the CDCR and are responsible for the medical care of all inmates at PBSP, including, but not limited to, the supervision, direction and/or proper training of the medical staff at PBSP in the delivery of health care services and the management of health care programs; involvement in the determination of proper medical care for inmates, including, but not limited to, having authority to order and approve medical tests and treatments to be done; having authority to assure that inmates who are transferred to other institutions recieve continuing proper medical care; having authority and...

Claim Information #19 supp. pg #6

... resposibility for assuring the proper order and stocking of medical supplies; communication of medical needs to the correctional custody staff, and, generally making sure that proper medical care is provided to all inmates. Claimant is informed and believes, and thereon alleges, each of these DOE defendents 1 through 15 is responsible in some manner for the damages/injury alleged in this complaint. At all times mentioned herein these defendents were acting under the color of state law, in the course and scope of their employment, and are sued in their official and individual capacities. The true names and capacities of said DOES 1 through 15 are presently unknown to claimant, who therefore sues them by fictitious names and will seek leave to amend this complaint to add their true names and capacities when they have been ascertained.

26). Claimant is informed and believes, and thereon alleges, that defendents have known of this medical condition since claimants transfer to PBSP in Jan. of 2001.

27). Each defendent mentioned in this complaint is, and at all times relevent herein, was employed by the CDCR as a Medical Health Care; Practitioner; Manager; Officer and/or reviewer at Pelican Bay State Prison, (PBSP).

28). Claimant is informed and believes, and thereon alleges, that defendent(s) have acted intentionally in the manner described above and with knowledge of claimants suffering and the risks of further serious harm that could result from their actions or refusal to act.

29). As a proximate result of defendents conduct, claimant has suffered and continues to suffer general damages in the form of severe pain and suffering and emotional stress. Claimant is informed and believes, thereon alleges, that he will continue to suffer such damages in the future.

30) Defendents conduct violates Cal. Const. Art.I, sec.17 because that conduct constitutes cruel or unusual punishment to claimants serious medical needs, and violates his

Claim Information #19 supp. pg. 7

Eighth amendment right to be free from cruel and unusual punishment.

31). In acting as described above, defendants' acted despicably, Knowingly, wilfully, and maliciously, or with reckless or callous disregard for claimants state & Federal protected rights entitling claimant to an award of exemplary and punitive damages.

32). Claimant has thus exhausted his administrative appeal for the claim herein.

### FIRST Claim For Relief

Cruel
or
(Unusual Punishment – Violation of California Constitution Art. 1, sec. 17, and)
(Article 1, sec. 15 – due process)

33). Claimant refers to and incorporates by reference herein the allegations of paragraphs 1 through 32, inclusive.

34). Defendants have intentionally inflicted severe physical and emotional pain and suffering against claimant for the purpose of depriving him his state protected right to life, liberty or property without due-process of law; to be free from the infliction of cruel and unusual punishment.

### Second Claim For Relief

(Violation of 15 California Code of Regulation(s) § 3350 et seq.)

35). Claimant refers to and incorporates by reference herein the allegations of paragraphs 1 through 32, inclusive.

36). Defendants have intentionally inflicted severe physical and emotional pain and suffering against claimant for the purpose of depriving him of his 15 CCR § 3350 et seq. protected rules to be afforded proper medical care.

Claim Information #19 supp. pg. 0

### Third Claim for Relief
(United States Constitutions 14th Amend. Violation - due process)

37). Claimant refers to and incorporates by reference herein the allegations of paragraphs 1 through 32, inclusive.

38). Defendents have intentionally inflicted severe physical and emotional pain and suffering against claimant for the purpose of depriving him his federally protected right to life, liberty, or property without due process of Law.

### Fourth Claim for Relief
(Eighth Amendment Violation - deliberate indifferent to Serious Medical Need)

39). Claimant refers to and incorporates by reference herein the allegations of paragraphs 1 through 32, inclusive.

40). Claimants medical condition, as described herein, constitutes a serious medical need in that failure to treat the condition has resulted in further significant pain and suffering, and the ongoing failure to treat it is likely to cause more significant pain and suffering. Said condition had included, but not necessarily been limited to, lack of sleep, ordinary life movements, and very severe pain. Claimant is housed in the Security Housing Unit where he spends 22½ hours a day in his cell and depends on basic excersise to keep his muscles from turning atrophy. Claimants medical condition significantly affect his ability to excersise everyday without treatment.

41). Claimant is informed and believes, and thereon alleges that all defendents mentioned herein, are properly trained Medical Staff Officers who and are responsible for the safety and well-being of all inmates at P.B.S.P. At all times mentioned defendents were acting under the color of State law, in the course and scope of her/his employment, and is sued in her/his official and individual capacities.

66

7

Claim Information #19 supp. pg #9

## Prayer For Relief

Wherefore, claimant, Timothy Cook, prays for judgement against defendants as follows:

1). For Injunctive relief in the form of proper medical care, according to proof;

2). For compensatory damages of $50 a day to cover claimants, pain and suffering / mental and emotional anguish from 11-14-2005 to present, according to proof;

3). For punitive damages of $100 a day from defendants jointly and severly who are found guilty to have intentionally deprived claimant + his right to serious medical needs; according to proof;

4). For reasonable attorneys fees pursuant to 42 U.S.C. §1983

5). For cost of the suit; and for such other and further relief as this court may deem proper and just.

date: 6/21/06

Respectfully Submitted,

Timothy Cook

In Pro Se

67

TIMOTHY COOK, E40919
P.O. BOX 7500
CRESCENT CITY, CA.
95532

In PRO SE

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

TIMOTHY COOK,
       PLAINTIFF

VS.                                    NO. _____

Robert Horel, et al
(WARDEN) AT PBSP-
Pelican Bay State Prison            /

_____

REQUEST FOR APPOINTMENT OF COUNSEL
AND DECLARATION OF INDIGENCY

_____

I, TIMOTHY COOK, DECLARE THAT I AM THE PLAINTIFF TO
THE ABOVE REFERENCED MATTER; THAT I AM INCARCERATED
AT PELICAN BAY STATE PRISON (PBSP) SECURITY HOUSING UNIT (SHU)
AND THAT IM INDIGENT AND UNABLE TO AFFORD COUNSEL.
MY TOTAL ASSETS ARE Ø.
I DECLARE UNDER PENALTY OF PERGERY THAT THE FOREGOING
IS TRUE AND CORRECT.
EXECUTED AT CRESCENT CITY, CAL. ON,

date: 12/19/2006

                              RESPECTFULLY SUBMITTED,
                              Timothy Cook
                              Timothy Cook
                              IN PRO SE

60

# UNIVERSITY OF CALIFORNIA, DAVIS

BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO       SANTA BARBARA • SANTA CRUZ

SCHOOL OF LAW
CIVIL RIGHTS CLINIC
TELEPHONE: (530) 752-5440
FAX: (530) 752-5788

ONE SHIELDS AVENUE
DAVIS, CALIFORNIA 95616-8821

CONFIDENTIAL LEGAL COMMUNICATION                    October 23, 2006

Timothy Cook, E-40919
PBSP-SHU D4-206
P.O. Box 7500
Crescent City, CA 95532

Re:    Request for assistance

Dear Mr. Cook:

We have reviewed and considered the information you sent us for purposes of asking us to provide legal representation. Unfortunately, we will not be able to do so. Our decision does not depend on the merits of your claims, but on a number of other factors.

This office represents indigent plaintiffs in civil rights cases who have filed cases in the United States District Court for the Eastern District of California in Sacramento. Primarily because of budget limitations, we are unable to represent clients in other courts and outside the Sacramento area. If you wish to pursue your claims you should continue to be diligent in seeking counsel, but especially in complying with all court ordered, and statutory deadlines.

You may wish to contact Amitai Schwartz, the current chair of the pro bono panel for the Northern District of California. His address is 2000 Powell St #1286, Emeryville, CA 94608-1805.

We will not be representing you or protecting your legal interests in this matter or taking any legal action on your behalf. Therefore, we advise you to seek other legal representation immediately in order that your interests are protected.

We wish you the best in your pursuits.

Very truly,

Carter C. White
Supervising Attorney

CCW/rc

70

## PROOF OF SERVICE BY MAIL

(C.C.P. section 101a #2015.5; 20 U.S.C. section 1746)

I, _Timothy Cook_, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below entitled action.

My Address is: P.O. Box 7500; Crescent City, CA 95531.

On the _19_ day of _December_, in the year of 20_06_, I served the following documents: (set forth the exact title of documents served)

_California Tort action - Exhibits - Request for Appointment_
_of counsel - Summons - application fee waiver_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postaage thereon fully paid, in the United states mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_Superior Court of California,_
_County of Del Norte_
_450 H Street_
_Crescent City, Cal_
_95531_

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _19_ day of _December_, 20_06_.

Signed: _Timothy Cook_
(Declarant Signature)

Rev: 03/10/00

# EXHIBIT C

1    Timothy Cook, E40919
     P.O. Box 7500 D4-206
2    Crescent City, Cal. 95532
     Pelican Bay State Prison

3

4    IN PRO SE

5

6

7

8           SUPERIOR COURT OF CALIFORNIA

9             COUNTY OF DEL NORTE

10

11    Timothy Cook,
            Plaintiff,

12    VS.

13

14    Robert Horel, et al. (warden) of
     Pelican Bay State PRISON (PBSP);
15    Sue Ellen Risenhoover, Family
     NURSE Practitioner, (PBSP);
16    Maureen McLean, Health Care Manager,
     (PBSP); C.D. Warch, Medical Appeals
17    Tracking Program Analyst (PBSP);
     Michael Clifton Sayre, M.D. Chief
18    Medical officer (A)(PBSP), and
     A. Thacker, CHSA II, (PBSP), inclusive;
19    each being sued in their Individual
     and official capacities.
20             Defendants

21

Case no. CVPI07-1026
Plaintiffs FIRST AMENDED CIVIL
COMPLAINT ( CODE OF CIVIL PROCEDURE
§ 472.)

DEMAND FOR JURY TRIAL

22

23

24

25

26

27

28

1   Timothy Cook. E48919
    PO BOX 7500  D4-206
2   CRescent City, Cal. 95532
    Pelican Bay STate Prison
3
    In Pro Se
4

5

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF DEL NORTE

10

11  Timothy Cook,                        No. CVPIO7-1026
               Plaintiff.
12                                        (AMENDED COMPLAINT) VIOLATION
    vs.                                    OF CIVIL RIGHTS, LIMITED
13                                         JURISDICTION - AMOUNT EXCEEDS
                                           $10,000 (CALIFORNIA RULE OF
14  Robert Horel, et al.,                  COURT 2.01(F)(9)).
               Defendants
15

16
                              I
17              GENERAL ALLEGATIONS

18        1. This is a complaint for compensatory and punitive damages FoR general

19  negligence, Intentional - TorT; according to pRooF.

20  Code of Civil Procedure § 425.12

21        2. This court is proper because injury to person and/or damage to

22  personal property occurred in its jurisdictional area and at least one defendant

23  now resides in its jurisdictional area. The paragraphs of this complaint alleged on

24  information and belief are as follows: 45, 47, 48, 55.

                              II
25
                           PARTIES
26

27        3. Plaintiff. Timothy Cook, is a prisoner of the State of California.

28
           COMPLAINT - personal injury.              1 of 11

presently incarcerated at Pelican Bay State Prison (PBSP)

4. Defendant, Robert Horel is warden of (PBSP)and is the legal custodian of plaintiff.

5. Defendant, Sue Ellen Risenhoover is Family Nurse Practitioner of (PBSP) and is plaintiffs primary medical provider.

6. Defendant, Maureen McLean is Health Care Manager of (PBSP) and is a decision-maker in all medical care given to inmates at (PBSP) including plaintiff.

7. Defendant, C.D. Worch is Medical Appeals Tracking Program Analyst of (PBSP)

8. Defendant, Michael C. Sayre, M.D. is Chief Medical Officer of (PBSP.)

9. Defendant, A. Thacker is CHSA II of (PBSP.)

10. Plaintiff, Timothy Cook alleges that all defendants was the legal proximate cause of damages to plaintiff. By the following acts or omissions to act, defendants negligently caused damage to plaintiff on November 14, 2005 at Pelican Bay State Prison, Crescent City, California.

### III

### First Cause of Action - General Negligence

### STATEMENT OF FACTS

11. The California Department of Corrections and Rehabilitation (CDCR) have a general departmental policy that it will provide medical services only based on necessity and supported by outcome data as effective medical care. Medical necessity is defined as services reasonable and necessary to protect life, prevent significant illness or disability or alleviate severe pain.

12. Plaintiff submits he suffers from cervical and lumbosacral pain caused by years of degenerative disc disease ; previous motorcycle accident.

13. Plaintiff suffers a diffuse disc prolongation of the T2 and an hemangioma along the anterior C3 vertebral body, posterior osteophytesis causing spinal stenosis compressing the spinal cord nerves.

14. Amongst the aforementioned complications, plaintiff suffers from bony fragments that float in his cervical area which limit ordinary life movements, causing extreme pain.

15. Plaintiff submitts his lumbo-sacral spine suffers from long standing focal change involving the bone with notch deformity limiting ordinary life movement and resulting in severe pain. All of which is supported by effective medical data. see [Exhibit-A.] herein

16. (PBSP) medical had been treating plaintiff with physical therapy, medication and conservative remedies such as issuing an extra pillow / mattress. However, ON 11-14-2005 (PBSP) medical care providers discontinued treatment due to budget restraints greed and supervisory reasons. And not because plaintiff had cease to experience pain.

17. Plaintiff contest to the denial of medical treatment / care and asked defendant Risenhoover to explain why she decided to discontinue medical care for plaintiff when treatment was working just fine.

18. Defendant Risenhoover replied by saying her call was based on the supervisors due to budget restraints and she had to go along with what her boss tells her to do and she didn't want to lose her job ... especially with a recent pay increase ... didn't want to take the risk. Furthermore, she said that if plaintiff disagreed, he could appeal and complain to Sacramento.

19. Plaintiff replies, There are significant reasons why she should reconsider denying medical care, shes fully aware of the medical problems and effective medical data supporting plaintiffs need for medical care and that she is and/or has been treating plaintiff for those conditions for a number of years.

20. Defendant Risenhoover said she is fully aware of plaintiff's medical condition because she had been treating him for years but her hands were tied ... SORRY.

21. Plaintiff then inquired as to what exactly were the things defendant Risenhoover would be cutting from his medical care. Defendant Risenhoover stated: no mattress and no physical therapy, but she would prescribe some tylenol if plaintiff wishes.

22. Plaintiff submits he told Defendant Risenhoover that she couldn't take his extra mattress without violating his due process because he had won the right to have an extra mattress on administrative appeal SEE:[Exhibit B] herein, (medical chrono ordered by Doctor Mechanova). Moreover, defendant Risenhoover had previously renewed plaintiff's chrono for an extra mattress in August of 2004. see:[Exhibit B] herein. (extra mattress ordered by Sue Risenhoover).

23. At this point defendant Risenhoover became argumentative and ordered the corrections guard to remove plaintiff from the clinic. Plaintiff said he would appeal.

IV

SUBSEQUENT APPEAL/602 TO
RECIEVE EXTRA MATTRESS/PHYSICAL THEROPY.

24. Subsequent to the denial of plaintiffs extra mattress and physical therapy, plaintiff filed an administrative appeal log# D06-00091. this action took place November 27, 2005. see:[Exhibit C] herein.

25. Plaintiff was assigned a staff reviewer to investigate and track his appeal. The staff reviewer is defendant, C.D. Worch from the medical appeals office of (PBSP).

26. Defendant, Worch interviewed plaintiff on January 31, 2006. She

Complaint - Personal Injury, Property                    4 of 11

1. indicated that an extra mattress wasn't necessary and that an extra blanket was
2. given in lieu of an extra mattress. Defendant Worch never mentioned anything
3. about plaintiffs physical therapy.

4.    27. Plaintiff mentioned to defendant Worch verbally / on Inmate
5. Request for interview as well as on appeal that he had been granted an
6. appeal, previously, to have an extra mattress and to deny him the extra
7. mattress and documentation to prove it would violate his due-process of law
8. protected under the U.S.C. 14th amendment & California Constitution. Article 1
9. section 15 and 15 CCR § 3350 et seq. Furthermore, plaintiff asked defendant
10. Worch to search his medical file and / or the medical appeals office for a
11. copy of the aforementioned appeal because plaintiff lost his original copy
12. and needed it to substantiate his claim on appeal. log. no. DOL-00091. To no avail,
13. plaintiffs appeal was pushed to the next level with no relief.

14.
15.                          II
                SECOND LEVEL APPEAL RESPONSE
16.    28. Defendant Maureen McLean, Health Care Manager was assigned to
17. investigate plaintiffs appeal log no. DOL-00091 and assigned defendants A Thacker
18. CHSA II and Michael C. Sayre. M.D. Chief Medical Officer (A) To review plaintiff
19. medical file and responses. They claim no record of an appeal was found in
20. plaintiffs medical file supporting plaintiffs claim of a previous appeal
21. granting plaintiff the right to have an extra mattress authored by Doctor
22. Hechanova. Notably missing from defendants review was a thourough
23. search of the medical appeals records where they keep all copies of medical
24. appeals. Defendants McLean, Thacker and Sayre incompetantly invest-
25. igated plaintiffs appeal resulting in further pain and suffering for the
26. plaintiff.

27.    29. Plaintiff moved for Third level review and appeal exhaustion.
28.

DIRECTORS LEVEL APPEAL DECISION
IAB Case No. 0511454    Local Log No. FBSP-DL-00041

30. The directors level decision not to grant plaintiff's appeal is clearly an arbitrary decision. Plaintiff absolutely shows that the Primary Care Providers should be appropriately treating plaintiff with medical services he initially was given by Dr. Hechanova and clearly established that with effective medical data meeting (CDCR'S) minimum standard of care pursuant to 15 CCR § 3350, and § 3354.

31. Plaintiff has exhausted his administrative remedies.

32. Faced with the dilema of being given the run-around plaintiff moved for an Olsen Review in attempt to Retrieve anything that could back his claim from his medical file. see; [Exhibit·D] herein.

## VI

### INMATE REQUEST FOR OLSEN REVIEW
### AND/OR COPIES OF HEALTH RECORDS

33. May 4th 2006 Plaintiff had an olsen review to further investigate documentation from his medical file to support appeal Log No DOC-00041 challenging the denial of medical care. At Plaintiff's Olsen Review he Requested several copies of his medical records including a copy of a medical chrono from Dr. Hechanova RE: extra mattress approval from 1·6·2003. Furthermore, plaintiff asked the Medical Technical Assistant (MTA) - name unknown to plaintiff, who was conducting the olsen review, to look in the medical appeals office for a copy of plaintiff's appeal that granted him an extra mattress. authored by Dr. Hechanova.

34. On a Memorandum to plaintiff dated May 4th 2006, by un-known (MTA) she indicated that no appeal /602 filed in medical file "but" the Medical Appeals Office did find one. RE: DBL mattress granted by

1  Doctor Hechanova, and that plaintiff was to contact the medical appeals office

2  for further research. See [Exhibit D] herein.

3      35. With this Key piece of evidence showing plaintiff was telling the truth

4  about an earlier appeal and showing the deprivation of personal property which

5  staff were withholding that would have substantiated plaintiffs claim from the

6  onset and alleviated the mental and physical/emotional pain and stress; he then

7  moved to request a copy of said appeal by way of inmate request for inter-

8  view form addressed to defendant, Worch which she denied of having a copy

9  of said appeal in her response. Furthermore, depriving plaintiff due process.

10      36. Plaintiff submitts this gives rise to a liberty-intrest amounting

11  to deliberate indifference. See [Exhibit-E] herein.

12      37. Plaintiff has lived in constant pain and anguish and loss of sleep due to

13  the deprivation of proper medical care.

14      38. All the defendants in this case have shown bad faith and dis-

15  Reguard for the plaintiffs medical care and even taunt plaintiff whenever he

16  goes to his medical appointments to beg for an extra mattress, medication and

17  physical therapy.

18      39. At one point defendant Risenhoover said plaintiff was approved

19  for physical therapy, but, insisted he be placed at the bottom of the waiting

20  list due to plaintiffs' condensending attitude. That was seven months ago.

21      40. Plaintiff submitts that for two yrs. he has been succumbed to medical

22  neglect and further damage to his mental and physical well being.

23      41. To this date plaintiff has not received physical therapy and only receives

24  one month supply of medication. Each chronic care appointment plaintiff goes to

25  are in 90 day intervals. Thus, his medication runs out before his next appointment

26  subjecting him to two months of more pain and suffering.

27      42. Plaintiff seeks relief in compensatory damages jointly and severly...

28

1   by each defendant.

2         43. Plaintiff has filed with the Victim Compensation and Government Claim

3   Board on 6-1-2006 and was rejected at it's hearing on September 27, 2006.

4   see [Exhibit F] herein.

5         44. Defendants, Robert Horel; Sue Risenhoover; Maureen McLean;

6   Michael C. Sayre; C.D. Worch; and A. Thacker  Fail to use the degree of

7   skill usual among Officers and doctors in good standing in the community and

8   their acts and/or omissions are the proximate cause of furthering the constant

9   pain and suffering by plaintiff.

10        45. Plaintiff is informed and believes and thereon alleges that defendants

11  Risenhoover, Maureen McLean, C.D. Worch and Michael Sayre have known of his

12  medical condition since plaintiffs transfer to (PBSP) in January of 2001.

13        46. Plaintiff submitts that each defendant mentioned in this complaint

14  is, and all times relevent herein, was employeed by the (CDCR) as a Primary Health

15  care provider, practitioner, manager, officer, analyst and/or reviewer at (PBSP).

16        47. Plaintiff is informed and believes and there on alleges that defend-

17  ants Risenhoover and C.D. Worch acted intentionally in the manner described

18  above and with knowledge of plaintiffs suffering and the risk of further harm

19  that could result from their actions or refusal to act. As a proximate result

20  of their conduct plaintiff has suffered and continues to suffer general damages

21  in the form of severe pain and suffering as well as emotional stress.

22        48. Plaintiff is informed and believes and thereon alleges he will

23  continue to suffer such damages in the future.

24        49. Defendants conduct violates state and federal constitutions; state

25  laws; and state regulations because that conduct constitutes violations of dur-

26  process and the right to be free from cruel and unusual punishment.

27

28

50. In acting as described above defendants acted despicably. Knowingly willfully and maliciously or with reckless or callous disregard to plaintiffs rights entitling him to an award of compensatory and punitive damages.

### VIII
## INTENTIONAL-TORT
### SECOND CAUSE OF ACTION

51. As described in the first cause of action paragraph 47 defendant + Risenhoover intentionally deprived plaintiff of appropriate medical services which he was initially given and clearly established appropriate care with effect medical data pursuant to 15 CCR §3350 et seq; 3354. and with the intention on the part of the defendant of depriving plaintiff medical services causing future injury.

52. As described in the first cause of action paragraph 47 defendant, Worch intentionally concealed a material fact known to the defendant. with the intention on the part of the defendant of depriving plaintiff of his property causing injury.

53. In acting as described above in paragraphs 51.52. plaintiff should recover. in addition to actual damages, damages to make an example of and to punish defendant(s), Risenhoover and Worch.

## CONCLUSION

54. Plaintiffs medical condition. as described above constitutes a serious medical need in that failure to treat the condition has resulted in further pain and suffering and the ongoing failure to treat plaintiffs condition is likely to cause more pain and suffering. Said condition had included but not necessarily been limited to; lack of sleep. emotional stress. severe pain and limiting ordinary life movements. Plaintiff is housed in the security housing unit where he spends 22½ hours a day in his cell and depends on basic exercise to keep his muscles from turning atrophy. Plaintiffs medical condition

1   significantly affects his ability To exercise properly without treatment.

2        55. Plaintiff is informed and believes and thereon alleges that all

3   defendants mentioned herein are properly trained medical staff employees

4   and /or officers who are responsible for the safety and well being of all

5   inmates at (PBSP). At all times mentioned defendants were acting under the

6   color of law; in the course and scope of his /her employment. and is sued

7   in his /her official and individual capacities.

8

9

10  Respectfully Submitted,                           date: Feb 25, 2007

11  Timothy Cook

12  IN PRO SE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

Wherefore, Plaintiff Timothy Cook prays for judgement against defendants as follows:

1. For Injunctive relief in the form of proper medical care, according to proof;

2. For compensatory damages of $50 a day to cover plaintiffs pain and suffering and emotional anguish from 11-14-2005 to present, according to proof;

3. For punitive damages of $100 a day from defendants jointly and severly who are found guilty to have intentionally deprived plaintiff his property and serious medical needs; according to proof;

4. For cost of suit; and for such other and further relief as the court may deem proper and just.

Respectfully Submitted,                    date: Feb 25, 2007

Timothy Cook

    IN PRO SE

EXHIBIT "A"

SUTTER COAST HOSPITAL
800 EAST WASHINGTON BLVD.
CRESCENT CITY, CA 95531

## RADIOLOGY REPORT

Patient Name: CDC, E40919
MRN:          14-66-12
DOB:          03/05/1965
Ordering MD: Dwight Winslow
Study Date:   11/22/2004

## MRI CERVICAL SPINE

HISTORY: Clavicular pain with right thumb and index finger numbness.

SEQUENCES: Sagittal and axial T1 and T2 weighted sequences were performed.

FINDINGS: The cord is unremarkable without any evidence of abnormal signal or mass formation. There is no downward displacement of the cerebellar tonsils.

At C2-C3 there was no disc protrusion. Facets, lamina and pedicles and neural foramina have a normal appearance. A 0.5 x 0.4 cm focus of T2 prolongation is present along the anterior C3 vertebral body, which probably represents a hemangioma.

At C3-C4 there is narrowed intervertebral disc space. There is a diffuse disc protrusion as well as posterior osteophytosis. These compress the anterior aspect of the spinal cord and cause a spinal stenosis at this aspect of the spinal cord related to the posterior osteophyte and disc protrusion. There is a spinal stenosis of this level with the anterior-posterior level diameter of the canal measuring 9 mm. There is some slight eccentricity to the disc and osteophyte complex to the left, narrowing the entry to the left neural foramen. The rest of the left neural foramen is patent. The right neural foramen is patent. Facets are unremarkable.

At C4-C5 there is an eccentric left osteophyte formation and diffuse osteophyte formation as well. There is a narrowed intervertebral disc space. There is a mild disc protrusion. Mild narrowing of the left side of the spinal canal anteriorly related to the osteophyte disc complex as well as mild narrowing of the left neural foramen. The right neural foramen is patent.

A bone island is present along the posterior aspect of the right C5 vertebral body. This measures 8 x 6 mm.

At C5-C6 there is a narrowed intervertebral disc space. There is a prominent posterior osteophyte disc complex eccentric to the left. This narrows the left lateral recess. This

PAGE 2

## RADIOLOGY REPORT

Patient Name: CDC, E40919
MRN:          14-66-12
DOB:          03/05/1965
Ordering MD: Dwight Winslow
Study Date:   11/22/2004

narrows the left neural foramen moderately. The right neural foramen is patent. Facets are unremarkable.

At C6-C7 there is no disc protrusion. Facets, lamina, pedicles and neural foramina have a normal appearance.

At C7-T1 there is no disc protrusion. Facets, lamina, pedicles and neural foramina have a normal appearance.

IMPRESSION: Spondylitic changes with compression of the anterior aspect of the spinal cord at C3-C4 related to a diffuse disc protrusion and osteophyte ridging.

There is moderately severe narrowing of the left lateral recess and compression of the left anterior aspect of the spinal cord and narrowing at the left lateral recess at C5-C6 related to posterior osteophyte disc complex.

At C4-C5 there is narrowing of the anterior CSF space related to osteophyte disc complex.

_____
Sherrie Chatzkel, M.D.

D: 11/22/04
T: 11/29/04
sc/mb



## NEUROLOGY CONSULTATION

## LARRY J. MAUKONEN, M.D.

NAME:     COOK, TIMOTHY
CDC #:    E40919
DATE:     01/18/2005
DOB:      03/05/1965

**CHIEF COMPLAINT:**     The patient is seen in consultation on 01/18/2005 in the neurology specialty clinic.

**HISTORY:**     The patient is having problems with increasing neck pain and some dysesthesias into his left hand. The patient states that his neck has slowly gotten worse over the years. He is having problems with pain in is neck. He also has numbness and tingling in the left thumb and index finger. He has had some mild weakness in his biceps and deltoid area on the left. His major complaint though is his increasing pain. He states he was on Neurontin and this seemed to help but was stopped, he is not sure why. The patient is currently getting physical therapy and is into his second week. Initially this did not seem to help but today he felt better after treatment. He is doing neck exercises. He is currently on no medications.

**PAST MEDICAL HISTORY:**     The patient was in a motorcycle accident in 1989 with multiple injuries including his neck. He first began having symptoms in his left upper arm after a cell extraction in 1999.

**PHYSICAL EXAMINATION:**
**HEENT:** Extraocular motion is full range. No nystagmus is present. There is no facial asymmetry and normal movement of his face is present. Speech is normal.
**NECK:** On forward flexion he can touch his chin to his chest, extension is to about 30° with neck pain. Right and left lateral flexion causes lower neck pain as does Spurling test. No radicular pain is produced.
**HEART:** Has a normal sinus rhythm at 68.
**LUNGS:** Clear. There are no carotid or supraclavicular bruits present.
**EXTREMITIES:** Motor exam reveals 5/5 strength on individual muscle testing in the upper extremities. Fine movements are normal. He has slight decreased sensation over the radial aspect of the left thumb, index finger and radial aspect of his hand and forearm. Sensation is otherwise normal over his extremities.
**NEURO:** Gait is normal. Romberg is negative.
**REFLEXES:** Deep tendon reflexes are +2 at the biceps, brachial radialis and knees, +1 at the triceps and ankles.

NAME:   COOK, TIMOTHY          CDC:   E40919          DOB:   03/05/1965

STUDIES:                      MRI report reveals osteophyte projections to the left at C4-5 and C5-6 with some narrowing of the foramina.

IMPRESSION:                   CERVICAL   SPONDYLOSIS   WITH   LEFT   C6 RADICULOPATHY.

PLAN:                         The patient is improving with therapy and would recommend continued conservative therapy with physical therapy, exercise and heat. Also, he may benefit from the use of anti-inflammatory agents, muscle relaxants and/or nerve pain agents such as tricyclics or Neurontin. He is to return to the clinic on a p.r.n. basis. If he worsens, he might benefit from having EMGs and nerve conduction studies done to try to further localize this problem.


LARRY J. MAUKONEN, M.D.

d: 01/18/05  Job #1265
t: 01/18/05  dlk
cc: D Clinic


NAME:   COOK, TIMOTHY          CDC:   E40919          DOB:   03/05/1965

 

## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: COOK, TIMOTHY    NO. E40919    RM: D6-119    DOB: 03/05/65    DATE: 08/22/03

EXAM REQUESTED:             L-S SPINE

REQUESTING M.D.:            L. ROWE, M.D.

CLINICAL DATA:              HISTORY OF PAIN.

RADIOGRAPHIC REPORT:        L-S SPINE

FINDINGS:                   Three views are compared to the previous study of 01/26/2000.
Deformity with some bony destruction anterior-superior portion of L4 is stable and may be consistent with osteochondritis or old trauma. Minimal degenerative disk space narrowing at L3-4 is stable. Marginal osteophytes at L4 are noted. No new abnormality is identified.

IMPRESSION:            1.    STABLE CHRONIC OSTEOCHONDRITIS POSSIBLY RELATED TO OLD TRAUMA ANTERIOR-SUPERIOR PORTION OF L4. NO EVIDENCE FOR PROGRESSION SINCE THE PREVIOUS STUDY THREE YEARS AGO.
                       2.    STABLE MILD NARROWING AT THE L3-4 DISK INTERSPACE.

CLINICAL DATA:              HISTORY OF PAIN.

RADIOGRAPHIC REPORT:        CERVICAL SPINE

FINDINGS:                   Three views are compared to the previous study of 12/15/1999.
Degenerative disk disease at C5-6 with disk space narrowing, end-plate sclerosis and marginal osteophyte formation is progressive since the previous study. Degenerative changes, possibly secondary to old trauma at C3 are stable. Marginal osteophytes at C4, C5 and C6 are stable. Posterior elements remain intact. Odontoid is intact.

ORIGINAL

08/26/03                    GENE BABBITT, M.D.                                        DLK
DATE READ                   RADIOLOGIST                                        TRANSCRIBER

NAME: COOK, TIMOTHY   NO. E40919   RM: D6-119   DOB: 03/05/65   DATE: 08/22/03

| IMPRESSION | | |
|---|---|---|
| | 1. | PROGRESSIVE DEGENERATIVE DISK DISEASE AT C5-6. |
| | 2. | MODERATE DEGENERATIVE CHANGES NOTED ANTERIORLY AT C3 THROUGH C6, WHICH OTHERWISE APPEAR STABLE WHEN COMPARED TO THE PREVIOUS EXAM. (OTHER THAN THE C5-6 DISK LEVEL). |
| | 3. | FOLLOW-UP RECOMMENDED AS CLINICALLY INDICATED. |

CLINICAL DATA:          HISTORY OF PAIN.

RADIOGRAPHIC REPORT:    RIGHT KNEE

FINDINGS:          Two views reveal no evidence for fracture or bony malalignment.
Joint spaces and soft tissues are intact.

| IMPRESSION: | | |
|---|---|---|
| | 1. | NO SIGNIFICANT ABNORMALITY RADIOGRAPHICALLY. |
| | 2. | FOLLOW-UP RECOMMENDED AS CLINICALLY INDICATED. |

| 08/26/03 | GENE BABBITT, M.D. | DLK |
|---|---|---|
| DATE READ | RADIOLOGIST | TRANSCRIBER |

## X-RAY REQUEST REPORT FORM

Institution: _C C T_          PLEASE PRINT OR TYPE

NAME: _Crook_

AGE: _34_  DOB: _3.5.65_  HOUSING: _7B_

X-RAY EXAM REQUESTED: _T Spine – L Spine_
(ANATOMICAL TERMS ONLY)

CLINICAL HISTORY: _old injuries_

NUMBER: _E40919_  UNIT: _4A_

PREVIOUS X-RAYS [X] YES [ ] NO

ORDERING (M.D.) _P Chen_

RN/MTA: _Decker_

DATE ORDERED: _1.26.00_

DATE COMPLETED: _1-26-00_

NO. OF VIEWS: _2 Views + 7 Jones_

## REPORT

THORACIC SPINE, 2 VIEWS:  1/26/00

Alignment and curvature are normal.  Vertebral body heights and interspaces are normally maintained.  The pedicles are intact.  No acute or chronic, traumatic or destructive changes are identified.  No congenital anomalies are noted.

IMPRESSION: RADIOGRAPHICALLY NORMAL THORACIC SPINE.

LUMBOSACRAL SPINE, 7 VIEWS:  1/26/00

There is mild straightening of the lordotic curve.  The anterior-superior end plate of L/4 reveals a long standing focal destructive change involving the bone, with notch deformity.  There is abnormal narrowing of the interspace between L/3 and L/4.  Osteophytic lipping involving the lateral margins of L/4 is also noted.  The remainder of the examination is otherwise unremarkable.

IMPRESSION:  ABNORMAL NARROWING OF THE L/3-L/4 INTERSPACE, CONSISTENT
             WITH DISCOGENIC DISEASE.

             CHRONIC, PROBABLY ACTIVE OSTEOCHONDRITIS INVOLVING THE
             ANTERIOR-SUPERIOR MARGIN OF L/4 AS DESCRIBED ABOVE.  NO
             ACUTE TRAUMA NOTED.


BERNARD KORDAN, M.D.
  :: 1/31/00 rg

DATE DICTATED:
DATE TRANSCRIBED:
TRANSCRIBER:

X-RAY EXAM: _L Spine, T Spine_

RADIOLOGIST _____ M.D.

X-RAY TECH INITIAL: _JC_

## X-RAY REQUEST REPORT FORM

Institution: _C C I_    PLEASE PRINT OR TYPE

NAME: _Cook  Timothy_       NUMBER: _E40919_ UNIT: _4A_
AGE: _34_ DOB: _3-5-65_ HOUSING: _75 204_    PREVIOUS X-RAYS ☐ YES ☑ NO

X-RAY EXAM REQUESTED: _C Spine_       ORDERING M.D. _Dr. PHAM_
(ANATOMICAL TERMS ONLY)       RN/MTA: _A Bell M MTA_
                              DATE ORDERED: _12-8-99_
CLINICAL HISTORY: _Pain_       DATE COMPLETED: _12-15-99_
                              NO. OF VIEWS: _5_

### REPORT

CERVICAL SPINE, 5 VIEWS:  12/15/99

Alignment and curvature are normal.  Vertebral body heighs are
normally maintained.  Neural foramina are patent.  There is
slight narrowing of the intervertebral disc space between C-
3 and C-4 and between C-5 and C-6.  Osteophytic lipping involving
the anterior inferior end plates of C-3 and C-5 is also present,
the former showing evidence of ossification of the anterior
longitudinal ligament in the anterior aspect of C-3.  The
odontoid process is intact.  No cervical rib formation is seen.

IMPRESSION:  MILD SPONDYLOSIS MID CERVICAL SPINE, AS DESCRIBED
ABOVE.  NO ACUTE TRAUMATIC OR DESTRUCTIVE CHANGES NOTED.

BERNARD KORDAN, M.D.
t:  12/16/99

DATE DICTATED:
DATE TRANSCRIBED:
TRANSCRIBER:       RADIOLOGIST _____ M.D.

X-RAY EXAM: _C-Spine_       X-RAY TECH INITIAL

Exhibit "H"

F3 1-144 V

## SOUTH BAY RADIOLOGY MEDICAL ASSOCIATES, INC.
### 480 FOURTH AVENUE, SUITE #102
### CHULA VISTA, CALIFORNIA 91910
### (619) 585-2960

K.W. ALBERTSON, M.D.          J.D. LIMPERT, M.D.
L.A. PERKINS, M.D.            H.R. GRIFFITH, M.D.
A.D. SANDY, M.D.              K.J. VAN LOM, M.D.
V.M. TARTAR, M.D.             R.H. LANE, M.D.
All Diplomates, American Board of Radiology

EXAM DATE: 10/14/92

### OUTSIDE CONSULTATION

R.J. DONOVAN FACILITY          PT NAME: COOK, TIM
                               DOB: 03/05/65   AGE: 27
                N36            XRAY NUMBER: 990040919
CA.

EXAM: 72100   LUMBOSACRAL SPINE, AP AND LAT

CDC: E 40919

AP and lateral views were done of the lumbosacral spine. There is slight Scheuermann's deformity of the anterior superior lip of L4. No fracture is seen. No other abnormality is detected.

IMPRESSION: Bony defect of the anterior superior aspect of L4 probably related to previous Scheuermann's disease. No other abnormalities are seen.

Thank you for this referral.

KWA:rp

_Kw Albertson_
KENNETH W. ALBERTSON, M.D.

EXHIBIT 'B'

Exhibit
B

PELICAN BAY STATE PRISON
HEALTH CARE SERVICES UNIT
CHRONO

NAME: _Cook, Timothy_   CDC#: _E40919_   HOUSE: _D6-104_   DATE: _1/6/03_

The above-named inmate has a medical condition which requires the below-listed medically-indicated chrono(s).

☐ COTTON BLANKETS                    ☐ LOW BUNK

☒ EXTRA MATTRESS                     ☐ LOW BUNK/LOW TIER

☐ EGG CRATE MATTRESS                 ☐ INSOLES/ARCH SUPPORTS   Size _____

☐ EXTRA PILLOWS/WEDGE                ☐ WAIST CHAINS AND DOUBLE CUFFS

☐ SHORT BEARD

☐ TINTED GLASSES—FADE GRAY (Please Circle One: #1   #2   #3)   (By Optometrist Recommendation Only)

☐ ORTHOTICS: Type: _____

☐ MEDICAL EQUIPMENT: Please check appropriate medical equipment below:

☐ Cane  ☐ Walker  ☐ Wheelchair  ☐ Crutches  ☐ C-PAP/BIPAP  ☐ Oxygen  ☐ Ice Pack  ☐ Ace Wraps

☐ Shower Chair

(When appropriate, please name body part affected and size, e.g., right arm): _____   size: _____

Due to a refusal of (please circle one) MEDICAL APPOINTMENT/EXAMINATION/TEST/FOLLOW-UP appointment/(please circle one) FIRST/SECOND/THIRD chronic care appointment, the patient is advised that refusal may result in worsening of condition, permanent disability, grave disability, and/or death. You are advised to keep your future medical appointments. If you miss three Chronic Care appointments, you will be removed from the Chronic Care Program, and you must make an appointment with your Primary Care Provider.

EFFECTIVE DATE: _1/6/03_                    EXPIRATION DATE: _1/6/04_

**EFFECTIVE DATE AND EXPIRATION DATE MUST BE PROVIDED FOR CHRONO TO TAKE EFFECT**

_D. Htchanova MD_                          _[signature]_
Please Print Name                          Signature/Title

DISTRIBUTION: WHITE-Health Record      GREEN-Housing Unit      YELLOW-CCII      PINK-C-File      GOLDENROD-Inmate
***When appropriate, a copy shall be forwarded to Specialty Clinic.

HEALTH RECORDS STAFF SHALL LIST OTHER APPROPRIATE COPIES BELOW AND SHALL DISTRIBUTE ACCORDINGLY. (e.g., Clothing  SHU/GP/Lib.)

DATE: _1/6/03_   NAME: _Cook, Timothy_   CDC#: _E40919_      PBSP/MEDICAL

Exhibit D

**PELICAN BAY STATE PRISON**
**HEALTH CARE SERVICES UNIT**
**CHRONO**

NAME: Cook          CDC#: E40919  HOUSE: D3 118L    DATE: 8/19/04

Renew

The above-named inmate has a medical condition which requires the below-listed medically-indicated chrono(s).

☒ COTTON BLANKETS                    ☐ LOW BUNK/LOW TIER

☐ EGG CRATE MATTRESS                 ☒ EXTRA MATTRESS

☒ EXTRA PILLOWS/WEDGE                ☒ INSOLES arch supports size 10

☐ ORTHOTICS                          ☐ SWEATPANTS

☐ SUNGLASSES                         ( + wool patch test 2/01 )

☐ MEDICAL EQUIPMENT: Please check appropriate medical equipment below:

☐ Cane ☐ Walker ☐ Wheelchair ☐ TENS Units ☐ C-PAP/BIPAP ☐ Oxygen ☐ Ice Pack ☐ Ace Wraps

(When appropriate, please name body part affected, e.g., right arm): _____

EFFECTIVE DATE: 8/19/04            EXPIRATION DATE: 8/19/05

**EFFECTIVE DATE AND EXPIRATION DATE MUST BE PROVIDED FOR CHRONO TO TAKE EFFECT**

Riseahoover
Please Print Name                           Signature/Title

DISTRIBUTION: WHITE-Medical Record      GREEN-Housing Unit      YELLOW-CCII      PINK-C-File      GOLDENROD-Inmate

HEALTH RECORDS STAFF SHALL LIST OTHER APPROPRIATE COPIES BELOW AND SHALL DISTRIBUTE ACCORDINGLY (e.g., Clothing: SHU/GP/L-I):

_____

DATE: 8-19-04  NAME: Cook, Timoth  CDC#: E40919    PBSP/MEDICAL

PBSP - HCS 001

# EXHIBIT "C"

(Medical Issue)

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location | Institution/Parole Region | Log No | Category |
|---|---|---|---|
| | PBSP | DO6-00091 | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Timothy Cook | NUMBER E40919 | ASSIGNMENT PBSP-SHU | UNIT/ROOM NUMBER D4.206 |
|---|---|---|---|

**A. Describe Problem:** Pursuant to the provisions outlined in Article 8 of the 15 CCR, section 3350.(a).(b).(1).(4).(5)- the medical department must adhere to their medical standards to treat an inmates medical needs. It is also the Chief Medical Officers' (CMO) duty and/or responsibility to assess any medical request by an inmate and/or Physician to approve significant medical needs bring by an inmate under their care. Moreover, pursuant to 15 CCR, sec. 3354 – an Authorized Medical Staff

If you need more space, attach one additional sheet.     (see attached supplimental pages →)

**B. Action Requested:** Award monetary compensation; medication and Medical chrono for double-mattress as well as permanant injunction/guidelines preventing Medical staff's deliberate indifference to inmates medical needs.

Inmate/Parolee Signature: _Timothy Cook_     Date Submitted: 12-21 2005

**C. INFORMAL LEVEL (Date Received: 12/22/05 )**

Staff Response: You have been scheduled an app. To discuss your above Request with The clinic medical provider

Staff Signature: _Longin RN_     Date Returned to Inmate: 12/22/05

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Partially dissatisfied, appellants prior appeal pertaining to his double mattress chrono was granted (see Medical File for copy). A "granted appeal" cannot be reversed. Please renew this double mattress chrono. Please notify me as to the date if scheduled appt. need meds.

Signature: _Timothy Cook_     Date Submitted: 12/28/05

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim     CDC Appeal Number.

MAR 0 6 2006

First Level  ☐ Granted  ☒ P Granted  ☐ Denied  ☐ Other
E REVIEWER'S ACTION (Complete within 15 working days) Date assigned 1-11-06 ___ Due Date 2-27-06

Interviewed by C.D. Ward on 1/31/06. Your meds were changed due to allergy to motrin. You are receiving Tylenol 325 mg. No extra mattress is medically indicated, therefore a chrono for an extra blanket was written. You are to return to chrono as scheduled.

Staff Signature C.D. Ward  Title SSA  Date Completed 2/28/06
Division Head Approval ____  Title CMSTER  Returned
Signature ____  Date to Inmate 3/2/06

F If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response

Appellant is dissatisfied. A previous 602/appeal was granted pertaining to his double mattress chrono. Please "re issue" my double mattress chrono and give me another mattress. Appellants condition hasn't changed and is still in extreme pain. It would be medically just to re issue an already dead appeal granted. Tim Cook (extra blanket don't help).
Signature ____  Date Submitted 3-5-06

Second Level  ☐ Granted  ☒ P Granted  ☐ Denied  ☐ Other
G REVIEWER'S ACTION (Complete within 10 working days) Date assigned 03-06-06  Due Date 03-04-06
☒ See Attached Letter

Signature M.C. Sayre  CMO(A)  Date Completed 2/29/06
Warden/Superintendent Signature M.M. Chia Hen  Date Returned to Inmate 4-6-06

H If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response

(Dissatisfied) Its obvious that anyone who deserves and/or are trying to acquire a chrono for a double mattress must first show proof that he medically fit the criteria. Appellant showed proof when he challenged the first denial for request to have a double mattress and that proof lies in the chronos previously given prior to the third attempt to obtain an updated chrono for double mattress.
Signature Timothy Cook  Date Submitted 4-11-2006

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other ____
☒ See Attached Letter

JUN 2 0 2006
Date ____

CDC 602 (12/87)

... 602 supplement ( ) pp. w/Exhibits

- treating a patient/inmate may remedy any medical situation, within the scope of their licensure, without taking extreme measures for approving such medical needs. On 11-14-2005, Appellant was seen by Nurse Practitioner, (N.P.) Risenhoover, for a follow-up scheduled visit pertaining to Appellants physical therapy; HVC; Medication and double-matteress chrono; neck & back pain.

During the visit, numerous issues and requests were asked by Appellant, concerning the above-mentioned symptoms and ailments. Some of them issues were the pain medication, and renewal of Appellants double-matteress chrono, to eliviate some of the pain Appellant has experienced for over a decade.

(N.P.) Risenhoover assured Appellant that he would be prescribed a pain medication (Ibuprofen) and an anti-inflamatory to help with Appellants severe pain. Appellant asked to renew his double-matteress medical chrono, (N.P.) Risenhoover denied such request and said quote "You don't fit the creteria anymore and that I'm not renewing your chrono", unquote; your chrono is invalid.

Subsequently, Appellant contested the denial and assured (N.P.) Risenhoover that he has significant reasons that warrant such medical needs and that he had data to prove of his pre-existing injuries and years of complications [see: Ex. A - medical data].

As of this date Appellant has not recieved any medication and/or chrono to eliviate his pain and descomfart. Appellant is in constant pain, and has sent numerous medical slips and requests, "with no response," to recieve medical attention.

Appellant is without remedy sans by Inmate/Parolee Appeal form CDC 602 - Appellant is protected by the 8th and 14th Amendment(s) from cruel and unusual punishment and the due process clause.

The deliberate indifference by (N.P.) Risenhoover and decision-maker (CMO) creates a liberty interest; see Marsh v. Butler County, Ala, 225 F3d 1243 (11th Cir 2000); Weaver v. Clarke 45 F3d 1253 (8th Cir 1995)

Finding of deliberate indifference by prison officials to serious medical needs of an inmate, in violation of Eighth and Fourteenth Amendments, necessarily precludes finding of qualified immunity,

602/supplemental pg. "H1"

... For two (2) yrs appellant was given a double mattress and double-mattress chrono because of her chronic pain and medical condition.

On 3-6-06, appellant was seen by FNP Riverhouse for a chronic care visit. Appellant asked FNP Riverhouse why the denial for a double-mattress chrono & she said she was told it was a supervisory decision due to budget constraints and even though she disagrees w/ that decision she had to follow protocol or she will loose her job, [and was expecting a pay increase], so she deliberately denied appellant a medical necessity she had previously granted the year prior.

Its reasonable to believe that after appellant mentioned that there was a copy of her 602/appeal granting a double mattress, in her medical file, the supervisory reviewers: M. McLean FNP, Health Care Manager; A. Thacker, CHSA # (reviewer) and M.C. Sayre, M.D. Chief Medical Officer(A) conspired to destroy the documentary evidence (602/appeal) in order to suppress the evidence that would ultimately validate appellants claims.

Appellant must now rely on the double mattress chronos dated 9/8/03 to 9/8/04 and 8/19/04 to 8/19/05 as some evidence to substantiate appellants claim.

Appellant asks their Chief Appeals to consider the cost comparison for issuing a mattress and prescribing

cont. on reverse side — ➡

## SECOND LEVEL APPEAL RESPONSE

RE:  PELICAN BAY STATE PRISON
      Appeal Log _D-06-00091_____
      Inmate: _Cook, #E-40919_____

This matter was reviewed by MAUREEN MCLEAN, FNP, Health Care Manager at Pelican Bay State Prison (PBSP). M.C. Sayre, M.D., Chief Medical Officer (A), conducted the Appeal at the Second Level of Review on March 29, 2006.

APPEAL ISSUE:   You state that pursuant to the provision outlined in Article 8 of Title 15, CCR, Section 3350 (a) (b) (1) (4) (5), the medical department must adhere to their medical standards to treat an inmate's medical needs. You state that it is also the Chief Medical Officer's (CMO's) responsibility to assess any medical request by an inmate and/or Physician to approve significant medical needs brought by an inmate under their care. Moreover, you state that pursuant to Title 15 CCR Section 3354, an authorized medical staff treating a patient/inmate may remedy any medical situation, within the scope of their licensure, without taking extreme measures for approving such medical needs. You state that on 11/14/05, you were seen by Family Nurse Practitioner (FNP) Risenhoover for a scheduled follow-up visit pertaining to your physical therapy, HVC, Medication, and double mattress chrono due to back and neck pain. You state that during the visit, numerous issues and requests were asked by you concerning the above-mentioned symptoms and ailments, including pain medication and renewal of your double mattress chrono, to eliminate some of the pain you have experienced for over a decade. You claim that FNP Risenhoover assured you that you would be prescribed a pain medication (Ibuprofen) and an anti-inflammatory to help with your severe pain, but when you asked to renew your double mattress medical chrono, she denied such request and said, "you don't fit the criteria anymore and I am not renewing your chrono" indicating that your chrono was invalid. Subsequently, you state that you contested the denial and assured FNP Risenhoover that you have significant reasons that warrant such medical needs and that you have data to prove your pre-existing injuries and years of complications. You state that as of 11/27/05 you have not received any medication and/or chrono to eliminate your pain and discomfort and you are in constant pain and have sent numerous medical slips and requests to receive medical attention, but with no response. You claim that you are without remedy save by the Inmate/Parolee Appeal Form CDC 602 and you are protected by the 8th and 14th Amendments from cruel and unusual punishment and due-process clause. You state that the deliberate indifference by FNP Risenhoover and decision-maker CMO creates a liberty-interest relative to the finding of deliberate indifference by prison officials to serious medical needs of an inmate and this necessarily precludes finding of qualified immunity. You are seeking monetary damages, medication, and medical double mattress chrono, as well as permanent injunction preventing the U.S.C. 8th and 14th amendment violations, which are created by the state prisons' medical staff. You want to be awarded monetary compensation and medication and a medical chrono for a double mattress, as well as permanent injunction/guidelines preventing medical staff's deliberate indifference to inmate's medical needs. Your appeal was answered at the informal level on 12/22/05 by T. Longrie, RN, who stated that you have been scheduled an appointment to discuss your above request with the clinic medical provider. You were not satisfied with this response and moved your appeal to the formal level on 12/28/05 stating that your prior appeal pertaining to your double mattress chrono was granted and a copy is in your medical file. You contend that a granted appeal cannot be reversed. You want to have your medical chrono for a double mattress renewed. You want to be notified as to the date of the scheduled appointment and you still need medications. A review of your appeal was completed. Your appeal with the attachments and your requested action received careful consideration. C. Worch, Inmate Medical Appeals Tracking Program Analyst, was assigned to investigate your allegations by the

First Level Reviewer. She interviewed you on 1/31/06 and noted that your medications were changed due to your allergy to Motrin. You are now receiving Tylenol 325 mg. No extra mattress is medically indicated, therefore a chrono for an extra blanket was written. You are to return to the clinic as scheduled. A thorough review of the request presented in this complaint was completed. Based on that review, the action requested to resolve this appeal was partially granted. You were not satisfied with this response and moved your appeal to the second level of review on 3/5/06 stating that a previous 602-appeal was granted pertaining to your double mattress chrono. You want your double mattress chrono to be re-issued and you want to be given another mattress. You claim that your condition hasn't changed and you are still in extreme pain. You feel it would be medically just to re-issue an already decided appeal that was granted. You further state that the extra blanket doesn't help.

FINDINGS: A review of your appeal has been completed. Your appeal with the attachments and your requested action has received careful consideration. I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. A. Thacker, CHS A II, reviewed your medical file and responses on March 29, 2006 and it was also reviewed by M.C. Sayre, M.D., Chief Medical Officer (A). There is no record in your medical file of any appeal that was granted for you to have an extra mattress. You have been receiving an extra mattress along with an extra pillow from 9/8/03 to 9/8/04 and from 8/19/04 to 8/19/05. FNP Risenhoover was the primary care provider who wrote the most recent chrono and was also the provider who indicated that you no longer met the criteria for an extra mattress. You were seen by FNP Risenhoover on 3/6/06 during a Chronic Care Visit and you wanted to discuss your double mattress chrono. You claimed that Dr. Hechenova granted both the appeal and the chrono because you had allergies and couldn't take medication for your pain. FNP Risenhoover explained that a double mattress is not indicated at this time and you stated that you would pursue this through the 602-appeal process. You asked that your medication allergy be removed from your file because you are only allergic if you take too much. You indicated you are using medication from other inmates and you are doing fine. You are being provided with the appropriate treatment for your condition and your progress will continue to be monitored through regularly scheduled visits.

DECISION: The Appeal is Partially Granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_M. C. Sayre_     3/29/06 _____       _Maureen McLee_ 4/3/06
M. C. Sayre, M.D.      Date             M. McLean, FNP        Date
Chief Medical Officer (A)                  Health Care Manager

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   JUN 2 0 2006

In re:   Cook, E-40919
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0511954          Local Log No.: PBSP 06-00091

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that that he suffers from severe pain due to a back and neck condition. He claims that STET is needed for his condition, which causes him pain and discomfort and could potentially develop into a more serious medical condition. He requests medication, a double mattress chrono for his condition, compensatory damages and that staff be provided guidelines to treat inmate's medical needs.

II   SECOND LEVEL'S ARGUMENT: The reviewer found that treatment of the appellant's condition is being appropriately provided. The appellant is a participant in the Chronic Care Program. He has been examined and treated for his condition. The appellant has been prescribed Tylenol for pain management and was provided an extra blanket chrono. A double mattress chrono is not indicated for his condition.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: In this particular matter, the medical records and professional staff familiar with the appellant's medical history refute the appellant's contention that he has not received adequate medical care. Medical staff conducted a review of the appellant's medical file. The subjective symptoms are out of proportion with the objective findings. He was instructed to utilize the established institutional sick call process if he suffers discomfort. Current CDCR policy is to use evidence-based medical judgment for all decisions. All therapies, treatments and interventions will be judged acceptable by those criteria. This is the current standard and emerging clinical guideline in progressive medicine. The Primary Care Providers (PCP) is entrusted with the responsibility to ensure that all clinical recommendations adhere to this standard. Medicine is constantly evolving and the PCP selects the most appropriate treatment for the inmates under their care. The institution shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. The appellant is advised that each practitioner determines, at the time of treatment, the extent of treatment for the health care problem. The appellant has not presented a compelling argument to warrant modification of the decision reached by the institution. Compensatory damages are not warranted.

B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3350, 3354

C.   ORDER: No changes or modifications are required by the institution.

COOK, E-40919
CASE NO. 0511954
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Health Care Manager, PBSP
       Appeals Coordinator, PBSP
       Medical Appeals Analyst, PBSP

EXHIBIT "D"

PELICAN BAY STATE PRISON
HEALTH RECORD SERVICES
INMATE'S REQUEST FOR OLSEN REVIEW AND/OR COPIES
OF HEALTH RECORDS

NAME _Cook_____ CDC # _E40919_ HOUSING _D2-220_ _4-206_

*PLEASE NOTE: PSYCHIATRIC INFORMATION CANNOT BE REVIEWED BY THE INMATE UNLESS THE CHIEF PSYCHIATRIST OR DESIGNEE APPROVES THE REQUEST.*

I AM REQUESTING: (PLEASE SPECIFY MEDICAL AND/OR PSYCHIATRIC AND IF MORE THAN JUST CURRENT VOLUME IS WANTED)

_X_ I WOULD LIKE AN OLSEN REVIEW OF MY UNIT HEALTH RECORD:
(PLEASE SPECIFY PURPOSE FOR OLSEN REVIEW (e.g., copy to physician, provide information to attorney)
_X_ MEDICAL ___ PSYCHIATRIC
___ CURRENT VOLUME ONLY     _X_ ALL VOLUMES (Please note that you will only be allowed to review two (2) volumes at a time)  _1st VOLume_

___ I WOULD LIKE COPIES OF MY UNIT HEALTH RECORD:
(PLEASE SPECIFY COPIES NEEDED BELOW)

MEDICAL COPIES REQUESTED: _602-granted from 2003 2004 - Re: Double mattress from D. Hechanova._

PSYCHIATRIC COPIES REQUESTED: _____

I GIVE APPROVAL FOR THE INMATE TO REVIEW THE PSYCHIATRIC INFORMATION IN HIS UNIT HEALTH RECORD.

_____        _____
Signature of Chief Psychiatrist or Designee            Date

On this date, _____, I reviewed my health records in the presence of Pelican Bay State Prison Health Care Staff (Health Records Technician/Psychiatric Technician/Medical Technical Assistant). I am requesting the tagged pages be copied. A Trust Withdrawal Slip is attached to cover the cost of the requested copies, which is ten (10) cents per page.

_____        _____
INMATE SIGNATURE                         DATE

_____        _____
HEALTH RECORDS STAFF SIGNATURE           DATE

3/00:dcbg

# Memorandum

Date : May 4·06

To : Inmate: Cook _____ CDC #: E40919 Housing: DI-206

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject: RECEIPT FOR COPIES OF HEALTH RECORD INFORMATION

Date copied: May 4·06

Unit Health Record Reviewed:          YES ___✓___  NO_____

Copies requested:                             YES ___✓___  NO_____

Review declined by this inmate       YES _____  DATE:_____
Reason:_____

Copies declined by this inmate:       YES_____  DATE:_____
Reason:_____

_____ 5/4/06
Medical Staff signature and date
(addressing transaction)

Copies requested include: Chrono from Dr. Hechanova. R.E.
extra mattress approval from 1/16/2003

There is not any 602's filed in Medical file.
a Medical appeals did find one re: DBI. mattress
granted from Dr. Hechanova. Please contact the
Medical Appeals office for further Research of this
602 you are trying find.

Total number of copies ____1____          Date presented to inmate: _____

I have received and reviewed my requested copies from my health record that I
requested.  I understand that this transaction is final once I have reviewed and signed
for my requested copies.

_Timothy Cook_____          _5/4/06_____
Inmate signature                          Date

# EXHIBIT "E"

# INMATE REQUEST FOR INTERVIEW

OF CALIFORNIA (7/92)    DEPARTMENT OR CORRECTIONS

| 1/23/06 | TO Medical Appeals Office | FROM (LAST NAME) COOK | CDC NUMBER E40919 |

| BED NUMBER D4 | 206 | WORK ASSIGNMENT | JOB NUMBER FROM | TO |

| ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS FROM | TO |

Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

...ase send me a copy of my /appeal granting me a double stress, authored by, Dr. Hichanova on or about 1/06/03. ...ached is a trust withdrawl for .10¢ to pay for the copy. RSVP F/m Timothy Cook.

REPLY BY: D. Worch    DATE: 6/26/06

...e have no appeal on file granting double mattress by ...doctor at PBSP. Perhaps you are thinking ...mono, which you can request from Medical Records. C.S. clerk

## TRUST ACCOUNT WITHDRAWAL ORDER

Date 6/25 20 06

Warden    Approved

...reby request that my Trust Account be charged $ .10¢ for the purpose stated below and authorize ... withdrawal of that sum from my account:

E40919

NUMBER

Timothy Cook

NAME ( signature please, DO NOT PRINT)

...te below the PURPOSE for which the withdrawal is requested ...not use this form for Canteen or Hobby purchase)

PURPOSE Photo copy of 602 from Medical Appeals Office

PRINT PLAINLY BELOW name and address of person to whom check is to be mailed.

NAME

ADDRESS

Tim Cook

PRINT YOUR FULL NAME HERE

STATE OF CALIFORNIA                          INMATE REQUEST FOR INTERVIEW               DEPARTMENT OF CORRECTIONS
3A-22 (9/92)

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|------------|
| Feb 28, 06 | Pm Medical Appeals Office | COOK | E40919 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM        TO |
|---------|------------|-----------------|--------------------------|
| D10 | 118 | | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS FROM        TO |
|------------------------------------------|--------------------------------|

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

RE: Medical Appeal/602    Log # PBSP-D-06-00091
To: Staff Reviewer: HCM Worsch - Your first level response is overdue
and to meet the time limitations please return my 602/Appeal w/disposition.
In addition, please send me a copy of my 602 granting me a double mattress from Dr. Hechanism

Do NOT write below this line. If more space is required, write on back.

| INTERVIEWED BY | DATE 3/2/06 |
|----------------|-------------|

DISPOSITION
Attached is your copy of above noted appeal

11-10-06

---

STATE OF CALIFORNIA                          INMATE REQUEST FOR INTERVIEW               DEPARTMENT OF CORRECTIONS
3A-22 (9/92)

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|------------|
| 11/17/05 | MTA's Office | COOK | E40919 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM        TO |
|---------|------------|-----------------|--------------------------|
| D2 | 220 | | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS FROM        TO |
|------------------------------------------|--------------------------------|

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I had a visit on 11/14/05 in which N.P. Risenhoven said she would
be issuing me pain medication as well as Arthritis medication.
As of today, I haven't received neither. I'm in extreme pain still
Whats the disposition with my meds? Thank You!

Do NOT write below this line. If more space is required, write on back.

| INTERVIEWED BY    Lonagro RN | DATE 12/23/05 |
|------------------------------|---------------|

DISPOSITION
The provider discontinued the medication. Will have
to discuss with you at sched appt coming up.

# EXHIBIT "F"



STATE OF CALIFORNIA                                                                ARNOLD SCHWARZENEGGER, Governor

VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD
GOVERNMENT CLAIMS DIVISION
P.O BOX 3035
SACRAMENTO, CALIFORNIA 95812-3035
Toll Free Number: 1-800-955-0045   Fax Number: (916) 323-5768
Internet: www.vcgcb.ca.gov

                                                                                   ROSARIO MARIN
                                                                                   Secretary
                                                                  State and Consumer Services Agency
                                                                                   And Chairperson

                                                                                   STEVE WESTLY
                                                                                   State Controller
                                                                           State Controller's Office
                                                                                  And Board Member

   Timothy J Cook E40919
   P.O. Box 7500                                                                   MICHAEL A. RAMOS
   Crescent City, CA  95532                               San Bernardino County District Attorney
                                                                                    Board Member

October 2, 2006                                                                    KAREN McGAGIN
                                                                                   Executive Officer

RE:  Claim G561468 for Timothy J Cook, E40919

Dear Timothy Cook,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
September 27, 2006.

If you have questions about this matter, please mention letter reference 118 and claim number G561468 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Linda Paluda,  Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

                                          Warning
"Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim."  See Government Code Section 945.6.  You may
seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an
attorney, you should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR
PROPER SERVICE OF SUMMONS AND COMPLAINT.

Ltr 118 Board Claim Rejection

# EXHIBIT  D

**SUMMONS** *(Amended)*

**-(CITACION JUDICIAL)**

FILED NORTE

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2007 MAR -6  AM 9: 29

CLERK OF THE COURT

BY _____ *Ch*
DEPUTY

**NOTICE TO DEFENDANT:** *Robert Horel (warden) et al.;*
**(AVISO AL DEMANDADO):** *Sue Ellen Risenhoover, Nurse Practitioner;*
*Maureen McLean, Health Care Manager; C.D. Worch, (MATPA);*
*Michael Clifton Sayre, M.D. Chief Medical Officer (A); and*
*A. Thacker, CHSA II*

**YOU ARE BEING SUED BY PLAINTIFF:** *Timothy Cook, E40919*
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** *P.O. Box 7500 D4-206*
*Crescent City, Cal. 95532*
*Pelican Bay State Prison*

*IN PROSE*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: *DEL NORTE SUPERIOR COURT*
(El nombre y dirección de la corte es:)  *450 H. STREET ROOM 209*
*Crescent City, CAL. 95531*

CASE NUMBER:
(Número del Caso:)  *CVPI07-1026*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

*Timothy Cook E40919*
*P.O. Box 7500, D4-206    IN PROSE*
*Crescent City, Cal. 95532*

DATE
(Fecha)  *Feb 25 2007 03-06-07*

Sandra Linderman
Clerk, by *Carolyn Crum*
(Secretario)

, Deputy
(Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF DEL NORTE

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[✓] other (specify): *Pelican Bay State Prison Official and/or employee*
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, r number, and address):*<br>Timothy J. Cook, E-40919<br>P.O. Box 7590, D4-206<br>Pelican Bay State Prison, Crescent City, CA 95532 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                     FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: In Pro Per, Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Del Norte |
|---|
| STREET ADDRESS: 450 "H" Street, Room 209 |
| MAILING ADDRESS: same |
| CITY AND ZIP CODE: Crescent City, 95531 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: Timothy Cook | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |
| PROOF OF SERVICE OF SUMMONS    (Amended) | Ref. No. or File No.:<br>07-1635 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Amended Complaint

3. a. Party served *(specify name of party as shown on documents served):*
      Robert Horel, Warden, PBSP

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Erin Griffin, Litigation Office, Pelican Bay State Prison

4. Address where the party was served: 5905 Lake Earl Drive (PBSP)
      Crescent City, CA 95531

5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party. (1) on *(date):* (2) at *(time):*
   b. [X] by substituted service. On *(date):* 11/30/07 at *(time):* 3:00 pm. I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [X] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 03/13/08 from *(city):* Crescent City, CA or [ ] a declaration of mailing is attached.

      (5) [X] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Timothy ____ek | E NUMBER: |
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |

5. c. [ ]   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                       (2)  from *(city):*

    (3) [ ]   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [ ]   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ]   **by other means** *(specify means of service and authorizing code section):*

      [ ]   Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [X]   as an individual defendant.
  b. [ ]   as the person sued under the fictitious name of *(specify):*
  c. [ ]   as occupant.
  d. [ ]   On behalf of *(specify):*
    under the following Code of Civil Procedure section:

|  |  |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
|  | [ ] other: |

7.  **Person who served papers**
  a.  Name:  Melanie Barry, Deputy Sheriff
  b.  Address:  650 Fifth Street, Crescent City, CA 95531
  c.  Telephone number:  707 464-4191
  d.  The fee for service was: $ Fee Waiver
  e.  I am:
    (1) [ ]   not a registered California process server.
    (2) [X]   exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ]   a registered California process server:
      (i) [ ] owner  [ ] employee  [ ] independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8. [ ]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [X]   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  03/12/08

| Melanie Barry, Deputy Sheriff | ▸ _(signature)_ |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Timothy J. Cook, E-40919<br>P.O. Box 7500, D4-206<br>Pelican Bay State Prison, Crescent City, CA 95532<br><br>TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: In Pro Per, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Del Norte
STREET ADDRESS: 450 "H" Street, Room 209
MAILING ADDRESS: same
CITY AND ZIP CODE: Crescent City, 95531
BRANCH NAME:

| PLAINTIFF/PETITIONER: Timothy Cook | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |
| **PROOF OF SERVICE OF SUMMONS**    (Amended) | Ref. No. or File No.:<br>07-1635 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  [X] summons
    b.  [X] complaint
    c.  [ ] Alternative Dispute Resolution (ADR) package
    d.  [ ] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [X] other *(specify documents)*:  Amended Complaint

3.  a.  Party served *(specify name of party as shown on documents served)*:

    Maureen McLean, Health Care Manager, PBSP

    b.  [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
    Erin Griffin, Litigation Office, Pelican Bay State Prison

4.  Address where the party was served: 5905 Lake Earl Drive (PBSP)
    Crescent City, CA 95531

5.  I served the party *(check proper box)*
    a.  [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                (2) at *(time)*:
    b.  [X] by substituted service. On *(date)*:  11/30/07  at *(time)*: 3:00 pm I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [X] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 03/13/08 from *(city)*: Crescent City, CA  or [ ] a declaration of mailing is attached.

        (5)  [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Timothy ___ k | E NUMBER |
| --- | --- |
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                    (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

|  |  |
| --- | --- |
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7. **Person who served papers**
   a. Name: Melanie Barry, Deputy Sheriff
   b. Address: 650 Fifth Street, Crescent City, CA 95531
   c. Telephone number: 707 464-4191
   d. The fee for service was: $ Fee Waiver
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☒ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 03/12/08

Melanie Barry, Deputy Sheriff                                     ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                              (SIGNATURE)

*LexisNexis® Automated California Judicial Council Forms*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, _or number, and address):_ | FOR COURT USE ONLY |
|---|---|
| Timothy J. Cook, E-40919<br>P.O. Box 7500, D4-206<br>Pelican Bay State Prison, Crescent City, CA. 95532<br><br>TELEPHONE NO.:                           FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):  In Pro Per, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Del Norte
STREET ADDRESS: 450 "H" Street, Room 209
MAILING ADDRESS: same
CITY AND ZIP CODE: Crescent City, 95531
BRANCH NAME:

| PLAINTIFF/PETITIONER: Timothy Cook | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |
| PROOF OF SERVICE OF SUMMONS    (Amended) | Ref. No. or File No.:<br>07-1635 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a. [X] summons

    b. [X] complaint

    c. [ ] Alternative Dispute Resolution (ADR) package

    d. [ ] Civil Case Cover Sheet *(served in complex cases only)*

    e. [ ] cross-complaint

    f. [X] other *(specify documents):* Amended Complaint

3.  a. Party served *(specify name of party as shown on documents served):*

    Michael Clifton Sayre, Chief Medical Officer, PBSP

    b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Erin Griffin, Litigation Office, Pelican Bay State Prison

4.  Address where the party was served: 5905 Lake Earl Drive (PBSP)
    Crescent City, CA 95531

5.  I served the party *(check proper box)*

    a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*

    b. [X] by substituted service. On *(date):* 11/30/07 at *(time):* 3:00 pm I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 03/13/08 from *(city):* Crescent City, CA   or [ ] a declaration of mailing is attached.

    (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF/PETITIONER: Timothy ⎯⎯k | E NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                                  (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
   a. Name: Melanie Barry, Deputy Sheriff
   b. Address: 650 Fifth Street, Crescent City, CA 95531
   c. Telephone number: 707 464-4191
   d. The fee for service was: $ Fee Waiver
   e. I am:

   (1) ☐ not a registered California process server.
   (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☐ a registered California process server:
       (i) ☐ owner  ☐ employee  ☐ independent contractor.
       (ii) Registration No.:
       (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☒ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 03/12/08

Melanie Barry, Deputy Sheriff
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    ▶ _____
                                                                              (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

*LexisNexis® Automated California Judicial Council Forms*

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, number, and address)*:<br>Timothy J. Cook, E-40919<br>P.O. Box 7500, D4-206<br>Pelican Bay State Prison, Crescent City, CA 95532 | FOR COURT USE ONLY |

TELEPHONE NO.:                          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:  In Pro Per, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Del Norte
STREET ADDRESS: 450 "H" Street, Room 209
MAILING ADDRESS: same
CITY AND ZIP CODE: Crescent City, 95531
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Timothy Cook | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |
| PROOF OF SERVICE OF SUMMONS    (Amended) | Ref. No. or File No.:<br>07-1635 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  [ X ]  summons

    b.  [ X ]  complaint

    c.  [   ]  Alternative Dispute Resolution (ADR) package

    d.  [   ]  Civil Case Cover Sheet *(served in complex cases only)*

    e.  [   ]  cross-complaint

    f.  [ X ]  other *(specify documents)*:  Amended Complaint

3.  a.  Party served *(specify name of party as shown on documents served)*:

    Sue Ellen Risenhoover, Family Nurse Practitioner, PBSP

    b.  [ X ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
    Erin Griffin, Litigation Office, Pelican Bay State Prison

4.  Address where the party was served: 5905 Lake Earl Drive (PBSP)
    Crescent City, CA 95531

5.  I served the party *(check proper box)*

    a.  [   ]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:          (2) at *(time)*:

    b.  [ X ]  by substituted service. On *(date)*: 11/30/07 at *(time)*: 3:00 pm I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ X ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [   ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [   ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ X ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 03/13/08 from *(city)*: Crescent City, CA  or [   ] a declaration of mailing is attached.

        (5)  [ X ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF/PETITIONER: Timothy ...ok | | ...E NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: Robert Horel, et al | | CVPI07-1026 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　(1) ☐ on *(date):*　　　　　　　　　(2) ☐ from *(city):*

　　(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

　　(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　　d. ☐ **by other means** *(specify means of service and authorizing code section):*

　　　☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
　　a. ☒ as an individual defendant.
　　b. ☐ as the person sued under the fictitious name of *(specify):*
　　c. ☐ as occupant.
　　d. ☐ On behalf of *(specify):*
　　　under the following Code of Civil Procedure section:

　　　☐ 416.10 (corporation)　　　　　　☐ 415.95 (business organization, form unknown)
　　　☐ 416.20 (defunct corporation)　　☐ 416.60 (minor)
　　　☐ 416.30 (joint stock company/association)　☐ 416.70 (ward or conservatee)
　　　☐ 416.40 (association or partnership)　☐ 416.90 (authorized person)
　　　☐ 416.50 (public entity)　　　　　☐ 415.46 (occupant)
　　　　　　　　　　　　　　　　　　☐ other:

7.  **Person who served papers**
　　a. Name: Melanie Barry, Deputy Sheriff
　　b. Address: 650 Fifth Street, Crescent City, CA 95531
　　c. Telephone number: 707-464-4191
　　d. The fee for service was: $ Fee Waiver
　　e. I am:
　　　(1) ☐ not a registered California process server.
　　　(2) ☒ exempt from registration under Business and Professions Code section 22350(b).
　　　(3) ☐ a registered California process server:
　　　　(i) ☐ owner ☐ employee ☐ independent contractor.
　　　　(ii) Registration No.:
　　　　(iii) County:

8.  ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　or

9.  ☒ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 03/12/08

　　Melanie Barry, Deputy Sheriff　　　　▶ *[signature]* (mc)
　　(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)　　(SIGNATURE)

*LexisNexis® Automated California Judicial Council Forms*

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*                FOR COURT USE ONLY
Timothy J. Cook, E-40919
P.O. Box 7500, D4-206
Pelican Bay State Prison, Crescent City, CA 95532

TELEPHONE NO.:                          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  In Pro Per, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Del Norte
STREET ADDRESS: 450 "H" Street, Room 209
MAILING ADDRESS: same
CITY AND ZIP CODE: Crescent City, 95531
BRANCH NAME:

PLAINTIFF/PETITIONER:  Timothy Cook

DEFENDANT/RESPONDENT:  Robert Horel, et al

| | |
|---|---|
| PROOF OF SERVICE OF SUMMONS    (Amended) | CASE NUMBER: CVPI07-1026 |
| | Ref. No. or File No.: 07-1635 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  ☒  summons
    b.  ☒  complaint
    c.  ☐  Alternative Dispute Resolution (ADR) package
    d.  ☐  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  cross-complaint
    f.  ☒  other *(specify documents):*  Amended Complaint

3.  a.  Party served *(specify name of party as shown on documents served):*

    C.D. Worch, Medical Appeals Tracking Program Analyst, PBSP

    b.  ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Erin Griffin, Litigation Office, Pelican Bay State Prison

4.  Address where the party was served:  5905 Lake Earl Drive (PBSP)
    Crescent City, CA 95531

5.  I served the party *(check proper box)*
    a.  ☐  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party. (1) on *(date):*                (2) at *(time):*
    b.  ☒  by substituted service. On *(date):*  11/30/07  at *(time):* 3:00 pm I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  ☒  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  ☐  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  ☐  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  ☒  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 03/13/08  from *(city):*  Crescent City, CA  or ☐ a declaration of mailing is attached.

        (5)  ☒  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF/PETITIONER: Timothy ...ok | SE NUMBER: |
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☒ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers
a. Name: Melanie Barry, Deputy Sheriff
b. Address: 650 Fifth Street, Crescent City, CA 95531
c. Telephone number: 707 464-4191
d. The fee for service was: $ Fee Waiver
e. I am:
    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
        (i) ☐ owner ☐ employee ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☒ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 03/12/08

Melanie Barry, Deputy Sheriff          *Melanie Barry (signature)*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

*LexisNexis® Automated California Judicial Council Forms*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Timothy J. Cook, E-40919<br>P.O. Box 7500, D4-206<br>Pelican Bay State Prison, Crescent City, CA 95532 | |

TELEPHONE NO.:           FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:   In Pro Per, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Del Norte
     STREET ADDRESS: 450 "H" Street, Room 209
     MAILING ADDRESS: same
     CITY AND ZIP CODE: Crescent City, 95531
     BRANCH NAME:

| PLAINTIFF/PETITIONER: Timothy Cook | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |

| PROOF OF SERVICE OF SUMMONS     (Amended) | Ref. No. or File No.:<br>07-1635 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a.  [ X ]  summons

    b.  [ X ]  complaint

    c.  [   ]  Alternative Dispute Resolution (ADR) package

    d.  [   ]  Civil Case Cover Sheet *(served in complex cases only)*

    e.  [   ]  cross-complaint

    f.  [ X ]  other *(specify documents)*:   Amended Complaint

3. a. Party served *(specify name of party as shown on documents served)*:

     A. Thacker, CHSA, PBSP

    b. [ X ]   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
     Erin Griffin, Litigation Office, Pelican Bay State Prison

4. Address where the party was served:   5905 Lake Earl Drive (PBSP)
                                   Crescent City, CA 95531

5. I served the party *(check proper box)*

    a. [   ]   by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:            (2) at *(time)*:

    b. [ X ]   by substituted service. On *(date)*:   11/30/07   at *(time)*:   3:00 pm   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) [ X ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [   ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [   ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [ X ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 03/13/08   from *(city)*:   Crescent City, CA   or [   ]   a declaration of mailing is attached.

        (5) [ X ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

| PLAINTIFF/PETITIONER: Timothy ⎯ ok | ⎯E NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Melanie Barry, Deputy Sheriff
  b. Address: 650 Fifth Street, Crescent City, CA 95531
  c. Telephone number: 707 464-4191
  d. The fee for service was: $ Fee Waiver
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☒ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 03/12/08

| Melanie Barry, Deputy Sheriff | ▶ *Melanie Barry (M.)* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

*LexisNexis® Automated California Judicial Council Forms*

| PLAINTIFF/PETITIONER: Timothy C___k | NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Robert Horel, et al | CVPI07-1026 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
   a. Name: Melanie Barry, Deputy Sheriff
   b. Address: 650 Fifth Street, Crescent City, CA 95531
   c. Telephone number: 707 464-4191
   d. The fee for service was: $ Fee Waiver
   e. I am:
     (1) ☐ not a registered California process server.
     (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☐ a registered California process server:
       (i) ☐ owner ☐ employee ☐ independent contractor.
       (ii) Registration No.:
       (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☒ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 03/12/08

Melanie Barry, Deputy Sheriff
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *[signature]* Melanie Barry (PL)
               (SIGNATURE)

mended)

## DEL NORTE COUNTY SHERIFF'S DEPARTMENT
### CERTIFICATE OF DILIGENCY/AGENT

COURT: Del Norte County Superior Court    CASE NO.: CVPI07-1026

TITLE: Cook vs. Horel, et al    SHERIFF'S FILE NO. 07-1635

I hereby certify with regard to the service noted in the attached return that:

_____ (Diligence - CCP 415.20) The following is a summary of the diligent attempts to make personal service on the defendant prior to the substitute service:

_____

_____

_____

_____

___XX__ Substitute service was made on a person apparently in charge on the first attempt as it is the policy of this place of business not to allow personal service on an employee nor to provide information where service might be made and any further attempts would be futile.

_____ Service was made at this individual's usual mailing address other than a United States Postal Service post office box, in the presence of a person apparently in charge. Further attempts would be futile because this mailing address is not a place of residence, this subject does not conduct business here and no other address is known for this individual. [CCP 415.20(d)]

_____ (Agency CCP 416.90) Prior to making service on the defendant's agent, I established to my reasonable satisfaction the agent's relationship to the defendant and authorization to receive service of process for the defendant, as follows:

_____

Service was made to the front gate of Pelican Bay State Prison, Defendant's place of incarceration or employment. A mailing was also made by placing a copy in the mail to the defendant at the prison's mailing address.

Executed: 03/12/08    Dean Wilson Sheriff of the County of Del Norte
            (Date)

                        By: _____
                                M. Leavitt, Civil Clerk

### CERTIFICATE OF DILIGENCE/AGENT
### (CCP 415.20, 416.90)

Service was made on Erin Griffin, Litigation Office, Pelican Bay State Prison.

(REV. 9 1)

# EXHIBIT E

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Timothy Cook, E40919<br>P.O. Box 7500   D4-206<br>Crescent City, Ca. 95532<br>Pelican Bay State Prison | |

TELEPHONE NO.:                              FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff – In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Del Norte
STREET ADDRESS: 450 H. Street Room 209
MAILING ADDRESS: (Same)
CITY AND ZIP CODE: Crescent City, Ca. 95531
BRANCH NAME:

PLAINTIFF/PETITIONER:   Cook
DEFENDANT/RESPONDENT:   Horel, et al.

| REQUEST FOR<br>(Application) | ☑ Entry of Default    ☐ Clerk's Judgment<br>☑ Court Judgment | CASE NUMBER:<br>CVPI 07-1026 |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: March 6, 2007
   b. by *(name)*: Timothy Cook, E40919 (Plaintiff)
   c. ☑ Enter default of defendant *(names)*: Robert Horel, Sue E. Risenhoover, Maureen McLean C.D. Worch, Michael C. Sayre and A. Thacker
   d. ☑ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*: Robert Horel, Sue E. Risenhoover, Maureen McLean C.D. Worch, Michael C. Sayre and A. Thacker
      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
          ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on *(date)*:

2. Judgment to be entered.

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . . | $ 25,000 | $ -0- | $ 25,000 |
| b. Statement of damages * | | | |
|   (1) Special . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
|   (2) General . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. Costs *(see reverse)* . . . . . . . . . . . | $ | $ | $ |
| e. Attorney fees . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. TOTALS . . . . . . . . . . . . . . . . . . . | $ 25,000 | $ -0- | $ 25,000 |

   g. Daily damages were demanded in complaint at the rate of: $ _____ per day beginning *(date)*: _____
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☐ *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4)*.

Date: 1/2/2008

Timothy Cook _____    ▶   Timothy Cook    Pro Per
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) ☐ Default entered as requested on *(date)*:<br>(2) ☐ Default NOT entered as requested *(state reason)*:<br><br>Clerk, by _____, Deputy |
|---|---|

Page 1 of 2

CIV-100

| PLAINTIFF/PETITIONER: *Cook* | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: *Horel, et al.,* | *CVPI07-1026* |

4. **Legal document assistant or unlawful detainer assistant** *(Bus. & Prof. Code, § 6400 et seq.).* A legal document assistant or unlawful detainer assistant ☐ did ☑ did not for compensation give advice or assistance with this form.
   *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. ☐ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is ☑ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☑ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☑ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** *(Code Civ. Proc., § 587).* A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*
   b. ☑ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
   (1) Mailed on *(date):* 1/2/2008
   (2) To *(specify names and addresses shown on the envelopes):* Robert Horel, Sue E. Risen hoover, Maureen McLean C.D. Worch, Michael C. Sayre and A. Thacker. PBSP-Litigation office/5905 Lake Earl Drive Crescent City, Cal. 95531

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: 1/2/2008

| *Timothy Cook* | ▶ *Timothy Cook* Pro Per |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees . . . . . . . . . . . . . . . . $ *waived*
   b. Process server's fees . . . . . . . . . . . . . . $ *waived*
   c. Other *(specify):* . . . . . . . . . . . . . . . . $ *legal document photocopying services*
   d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . $ *156.70 (Ex: D)*
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 1/2/2008

| *Timothy Cook* | ▶ *Timothy Cook* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

8. ☑ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 1/2/2008

| *Timothy Cook* | ▶ *Timothy Cook* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

| Civ-100 [Rev. January 1, 2007] | **REQUEST FOR ENTRY OF DEFAULT** (Application to Enter Default) | Page 2 of 2 |
|---|---|---|

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Timothy Coo..., E40919
P.O. Box 7500 D4-206
Crescent City, Ca. 95532
Pelican Bay State Prison

TELEPHONE NO.:        FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff - In Pro Per.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Del Norte
   STREET ADDRESS: 450 H. Street Room 209
   MAILING ADDRESS: (Same)
   CITY AND ZIP CODE: Crescent City, Ca. 95532
   BRANCH NAME:

PLAINTIFF: Cook

v.

DEFENDANT: Horel, et al

| JUDGMENT | CASE NUMBER: |
|---|---|
| ☐ By Clerk  ☑ By Default  ☐ After Court Trial | |
| ☑ By Court  ☐ On Stipulation  ☐ Defendant Did Not Appear at Trial | CVPI07-1026 |

JUDGMENT

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☑ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☑ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court   ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*              ☐ Plaintiff's attorney *(name each):*
         (1)                                  (1)
         (2)                                  (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each):*            ☐ Defendant's attorney *(name each):*
         (1)                                  (1)
         (2)                                  (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was requested.

Page 1 of 2

MC-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Timothy Cook, E40919
P.O. Box 7500 D4-206
Crescent City, Ca- 95532
Pelican Bay State Prison.

TELEPHONE NO.:                    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiff - In Pro Per

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Del Norte
STREET ADDRESS: 450 H Street Room 209
MAILING ADDRESS: (Same)
CITY AND ZIP CODE: Crescent City, Ca- 95531
BRANCH NAME:

PLAINTIFF/PETITIONER: Cook
                        v
PETITIONER/RESPONDENT: Horel, et al.,

DECLARATION

CASE NUMBER:
CVPI 07-1026

Timothy Cook declares as follows:

Brief Summary of My Case: I am suing the warden of Pelican Bay State Prison, (PBSP) Robert Horel under vicarious liability and respondeat superior; PBSP Medical employees, Sue Ellen Risenhoover, Maureen McLean, C.D. Worch, Michael Sayre and A. Thacker for compensatory and punitive damages I sustained November 14th 2005, (to present) as a result of the deprivation of continued serious medical services, in the city of Crescent City, California.

The incident was caused by the defendants' negligent and inappropriate medical services, mismanagement and intentionally withholding an appeal document (plaintiffs' personal property) creating a liberty interest under State and Federal Laws.

A true copy of plaintiffs' medical data which meets the minimum statutory criteria for serious medical services to be provided for inmates is attached to this declaration and marked as, Exhibits A-C.

Declaration In Support of Judgment:

If sworn as a witness I can testify competently to the facts stated in this declaration.
(continued pg. 2) →

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-2-2008

Timothy Cook
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for  ☑ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other (Specify): Pro Per

Form Approved for Optional Use
Judicial Council of California
MC-030 [Rev. July 1, 2005]

DECLARATION

1 of 3
Page 1 of 1

American LegalNet, Inc.
www.USCourtForms.com

MC-031

| PLAINTIFF/PETITIONER: Coc<br>vs.<br>DEFENDANT/RESPONDENT: Horel, et al., | CASE NUMBER:<br>CVPI 07-1026 |

## DECLARATION

(This form must be attached to another form or court paper before it can be filed in court.)

All of the matters stated herein are of my own personal knowledge. Each of the original documents attached hereto as, Exhibits A-C were personally recieved by me through the institutions mail system subsequent to a Medical Health Records Review. As I indicate in (Ex:A) I show an unequivical support of medical data which meets CDCR's minimum standard criteria, pursuant to 15 CCR § 3350 et seq. in order for an Inmate to recieve serious medical services.

In this case I have shown material facts that all defendants, less, Robert Horel, established a personal interaction with me when they partook to assessing my medical needs, whether directly and/or indirectly through the 602/appeal reviews. In doing so, their insufficient, ineffective and negligent assessments and/or reviews contribute to the deprivation of continued appropriate and necessary, serious medical services, and protected constitutional rights.

The withholding of my appeal undercuts my ability to provide a substantial basis and to proffer evidence in support of the subsequent appeal I filed, Nov. 27, 2005 log #D06-00041 (Ex:C) in complaint; furthermore, undermining this courts ability to access the legitamacy of my contentions.

The pain and suffering I experiance is ongoing and not resolved. My cervical and lumbosacral spine injuries, significantly hinder me from doing normal exercises that I use to do in order to maintain a healthy lifestyle. I have trouble sleeping and I am constantly aggrovated by the pain and suffering I experiance, every day that I'm deprived serious medical services.

I dont have the ability to act on my own behalf to seek appropriate medical services.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. (continued pg.3) →

Date: 1-2-2008

_Timothy Cook_
(TYPE OR PRINT NAME)

_Timothy Cook_
(SIGNATURE OF DECLARANT)

☐ Attorney for ☑ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other (Specify): Pro Per

Form Approved for Optional Use
Judicial Council of California
MC-031 (Rev. July 1, 2005)

**ATTACHED DECLARATION**

2 of 3
Page 1 of 1

American LegalNet, Inc.
www.USCourtForms.com

MC-031

| PLAINTIFF/PETITIONER: Cook | CASE NUMBER: |
| VS | |
| DEFENDANT/RESPONDENT: Horel, et al. | CVPI07-1026 |

### DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

Thus, relying on the prisons Medical Department Employees to help me with my serious medical needs, which have been slim to nothing, resulting in more pain and suffering.

I have given all defendants to this case ample opportunity to file an answer and/or some other type of legal document, (within the Statewide Rules of Court 60 day time limitations), by having my friend Travis Wood, CDCR #J67560 mail the Complaint/Summons, using a Notice and Acknowledgement of Reciept-Civil form, in which, the original forms and Mr. Woods declaration should be on file with your court, resulting in no response from the defendants.

This lawsuit has been trying for me, being a layperson, and I believe the defendants are using [that] to make me go through the haste of case-law research and other legal research to try to deter me from pursuing this case any further. I'm hoping to resolve this case as soon as posible and gain some type of relief.

I believe I am entitled to the relief prayed for, and based on the facts I have presented, I do believe a judge/jury will rule in my favor if a trial was to ensue.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-2-2008

_____
Timothy Cook
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for  ☑ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify):* Pro Per

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

**ATTACHED DECLARATION**

3 of 3
Page 1 of 1

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT "A"

(Medical Reports)



<div style="border: 1px solid black;">

## NEUROLOGY CONSULTATION

## LARRY J. MAUKONEN, M.D.

</div>

| | |
|---|---|
| NAME: | COOK, TIMOTHY |
| CDC #: | E40919 |
| DATE: | 01/18/2005 |
| DOB: | 03/05/1965 |

**CHIEF COMPLAINT:** The patient is seen in consultation on 01/18/2005 in the neurology specialty clinic.

**HISTORY:** The patient is having problems with increasing neck pain and some dysesthesias into his left hand. The patient states that his neck has slowly gotten worse over the years. He is having problems with pain in is neck. He also has numbness and tingling in the left thumb and index finger. He has had some mild weakness in his biceps and deltoid area on the left. His major complaint though is his increasing pain. He states he was on Neurontin and this seemed to help but was stopped, he is not sure why. The patient is currently getting physical therapy and is into his second week. Initially this did not seem to help but today he felt better after treatment. He is doing neck exercises. He is currently on no medications.

**PAST MEDICAL HISTORY:** The patient was in a motorcycle accident in 1989 with multiple injuries including his neck. He first began having symptoms in his left upper arm after a cell extraction in 1999.

**PHYSICAL EXAMINATION:**
**HEENT:** Extraocular motion is full range. No nystagmus is present. There is no facial asymmetry and normal movement of his face is present. Speech is normal.
**NECK:** On forward flexion he can touch his chin to his chest, extension is to about 30° with neck pain. Right and left lateral flexion causes lower neck pain as does Spurling test. No radicular pain is produced.
**HEART:** Has a normal sinus rhythm at 68.
**LUNGS:** Clear. There are no carotid or supraclavicular bruits present.
**EXTREMITIES:** Motor exam reveals 5/5 strength on individual muscle testing in the upper extremities. Fine movements are normal. He has slight decreased sensation over the radial aspect of the left thumb, index finger and radial aspect of his hand and forearm. Sensation is otherwise normal over his extremities.
**NEURO:** Gait is normal. Romberg is negative.
**REFLEXES:** Deep tendon reflexes are +2 at the biceps, brachial radialis and knees, +1 at the triceps and ankles.

| | | |
|---|---|---|
| NAME: COOK, TIMOTHY | CDC: E40919 | DOB: 03/05/1965 |

STUDIES:                    MRI report reveals osteophyte projections to the left at C4-5 and C5-6 with some narrowing of the foramina.

IMPRESSION:                 CERVICAL    SPONDYLOSIS    WITH    LEFT    C6
                            RADICULOPATHY.

PLAN:                       The patient is improving with therapy and would recommend continued conservative therapy with physical therapy, exercise and heat. Also, he may benefit from the use of anti-inflammatory agents, muscle relaxants and/or nerve pain agents such as tricyclics or Neurontin. He is to return to the clinic on a p.r.n. basis. If he worsens, he might benefit from having EMGs and nerve conduction studies done to try to further localize this problem.


LARRY J. MAUKONEN, M.D.

d:  01/18/05  Job #1265
t   01/18/05  dlk
cc:  D Clinic

NAME:   COOK, TIMOTHY              CDC:   E40919          DOB:   03/05/1965

SUTTER COAST HOSPITAL
800 EAST WASHINGTON BLVD.
CRESCENT CITY, CA 95531

RADIOLOGY REPORT

Patient Name: CDC, E40919
MRN:            14-66-12
DOB:            03/05/1965
Ordering MD: ~~Dwight Winslow~~
Study Date:    11/22/2004

~~✗~~ MRI CERVICAL SPINE

*[handwritten: calor bone / deltoid]*   *[handwritten: LEFT 9thumb and index Fing]*

HISTORY: ~~Clavicular~~ pain with ~~right thumb and index finger~~ numbness.

*[handwritten: Two parietal Bones of skull]*

SEQUENCES: Sagittal and axial T1 and T2 weighted sequences were performed.

FINDINGS: The cord is unremarkable without any evidence of abnormal signal or mass formation. There is no downward displacement of the cerebellar tonsils. *[handwritten: Brain]*

At C2-C3 there was no disc protrusion. Facets, lamina and pedicles and neural foramina have a normal appearance. A 0.5 x 0.4 cm focus of T2 prolongation is present along the anterior C3 vertebral body, which probably represents a hemangioma. *[handwritten: — skin lesions - elevated masses of dialated blood vessels]*

At C3-C4 there is narrowed intervertebral disc space. There is a diffuse disc protrusion *[handwritten: separated + sticking to]* as well as posterior osteophytosis. These compress the anterior aspect of the spinal cord and cause a spinal stenosis at this aspect of the spinal cord related to the posterior *[handwritten: 3out / outgrowth]* osteophyte and disc protrusion. There is a spinal stenosis of this level with the anterior-posterior level diameter of the canal measuring 9 mm. There is some slight eccentricity to the disc and osteophyte complex to the left, narrowing the entry to the left neural foramen. The rest of the left neural foramen is patent. The right neural foramen is patent. Facets are unremarkable.

*[handwritten: departing from]*

At C4-C5 there is an eccentric left osteophyte formation and diffuse osteophyte formation as well. There is a narrowed intervertebral disc space. There is a mild disc protrusion. Mild narrowing of the left side of the spinal canal anteriorly related to the osteophyte disc complex as well as mild narrowing of the left neural foramen. The right neural foramen is patent.

A bone island is present along the posterior aspect of the right C5 vertebral body. This measures 8 x 6 mm.

At C5-C6 there is a narrowed intervertebral disc space. There is a prominent posterior osteophyte disc complex eccentric to the left. This narrows the left lateral recess. This

*[handwritten: D-3 Cook]*

PAGE 2

## RADIOLOGY REPORT

Patient Name: CDC, E40919
MRN:            14-66-12
DOB:             03/05/1965
Ordering MD: Dwight Winslow
Study Date:   11/22/2004

narrows the left neural foramen moderately. The right neural foramen is patent. Facets are unremarkable.

At C6-C7 there is no disc protrusion. Facets, lamina, pedicles and neural foramina have a normal appearance.

At C7-T1 there is no disc protrusion. Facets, lamina, pedicles and neural foramina have a normal appearance.

IMPRESSION: Spondylitic changes with compression of the anterior aspect of the spinal cord at C3-C4 related to a diffuse disc protrusion and osteophyte ridging.

There is moderately severe narrowing of the left lateral recess and compression of the left anterior aspect of the spinal cord and narrowing at the left lateral recess at C5-C6 related to posterior osteophyte disc complex.

At C4-C5 there is narrowing of the anterior CSF space related to osteophyte disc complex.

_____
Sherrie Chatzkel, M.D.

D: 11/22/04
T: 11/29/04
sc/mb



# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: COOK, TIMOTHY    NO. E40919    RM: D6-119    DOB: 03/05/65    DATE: 08/22/03

EXAM REQUESTED:                    L-S SPINE

REQUESTING M.D.:                   L. ROWE, M.D.

CLINICAL DATA:                     HISTORY OF PAIN.

RADIOGRAPHIC REPORT:               L-S SPINE

FINDINGS:                          Three views are compared to the previous study of 01/26/2000. Deformity with some bony destruction anterior-superior portion of L4 is stable and may be consistent with osteochondritis or old trauma. Minimal degenerative disk space narrowing at L3-4 is stable. Marginal osteophytes at L4 are noted. No new abnormality is identified.

IMPRESSION:

1. STABLE CHRONIC OSTEOCHONDRITIS POSSIBLY RELATED TO OLD TRAUMA ANTERIOR-SUPERIOR PORTION OF L4. NO EVIDENCE FOR PROGRESSION SINCE THE PREVIOUS STUDY THREE YEARS AGO.

2. STABLE MILD NARROWING AT THE L3-4 DISK INTERSPACE.

CLINICAL DATA:                     HISTORY OF PAIN.

RADIOGRAPHIC REPORT:               CERVICAL SPINE

FINDINGS:                          Three views are compared to the previous study of 12/15/1999. Degenerative disk disease at C5-6 with disk space narrowing, end-plate sclerosis and marginal osteophyte formation is progressive since the previous study. Degenerative changes, possibly secondary to old trauma at C3 are stable. Marginal osteophytes at C4, C5 and C6 are stable. Posterior elements remain intact. Odontoid is intact.



ORIGINAL

08/26/03                GENE BABBITT, M.D.                              DLK
DATE READ               RADIOLOGIST.                          TRANSCRIBER

NAME: COOK, TIMOTHY   NO: E40919   RM: D6-119   DOB: 03/05/65   DATE: 08/22/03

IMPRESSION

1. PROGRESSIVE DEGENERATIVE DISK DISEASE AT C5-6.

2. MODERATE DEGENERATIVE CHANGES NOTED ANTERIORLY AT C3 THROUGH C6, WHICH OTHERWISE APPEAR STABLE WHEN COMPARED TO THE PREVIOUS EXAM (OTHER THAN THE C5-6 DISK LEVEL).

3. FOLLOW-UP RECOMMENDED AS CLINICALLY INDICATED.

CLINICAL DATA:          HISTORY OF PAIN.

RADIOGRAPHIC REPORT:   RIGHT KNEE

FINDINGS:              Two views reveal no evidence for fracture or bony malalignment.
Joint spaces and soft tissues are intact.

IMPRESSION:

1. NO SIGNIFICANT ABNORMALITY RADIOGRAPHICALLY.

2. FOLLOW-UP RECOMMENDED AS CLINICALLY INDICATED.

08/26/03                  GENE BABBITT, M.D.                    DLK

## X-RAY REQUEST REPORT FORM

Institution: _C C I_

PLEASE PRINT OR TYPE

NAME: _Cook_    NUMBER: _E40919_    UNIT: _4A_
AGE: _34_    DOB: _3.5.65_    HOUSING: _7B_    PREVIOUS X-RAYS ☒ YES ☐ NO

X-RAY EXAM REQUESTED: _T Spine - L Spine_    ORDERING (M.D.) _____
(ANATOMICAL TERMS ONLY)    RN/MTA: _____
    DATE ORDERED: _1.26.00_
CLINICAL HISTORY: _old injuries_    DATE COMPLETED: _1-26-00_
    NO. OF VIEWS: _2 Views + 7 views_

### REPORT

**THORACIC SPINE, 2 VIEWS:** 1/26/00

Alignment and curvature are normal. Vertebral body heights and interspaces are normally maintained. The pedicles are intact. No acute or chronic, traumatic or destructive changes are identified. No congenital anomalies are noted.

IMPRESSION: RADIOGRAPHICALLY NORMAL THORACIC SPINE.

**LUMBOSACRAL SPINE, 7 VIEWS:** 1/26/00

There is mild straightening of the lordotic curve. The anterior-superior end plate of L/4 reveals a long standing focal destructive change involving the bone, with notch deformity. There is abnormal narrowing of the interspace between L/3 and L/4. Osteophytic lipping involving the lateral margins of L/4 is also noted. The remainder of the examination is otherwise unremarkable.

IMPRESSION: ABNORMAL NARROWING OF THE L/3-L/4 INTERSPACE, CONSISTENT
    WITH DISCOGENIC DISEASE.

    CHRONIC, PROBABLY ACTIVE OSTEOCHONDRITIS INVOLVING THE
    ANTERIOR-SUPERIOR MARGIN OF L/4 AS DESCRIBED ABOVE. NO
    ACUTE TRAUMA NOTED.

BERNARD KORDAN, M.D.
:: 1/31/00 rg

DATE DICTATED:
DATE TRANSCRIBED:
TRANSCRIBER:

X-RAY EXAM: _L Spine, T Spine_    RADIOLOGIST _____ M.D.
    X-RAY TECH INITIAL: _JC_

NAME _Cook, T_    CDC NUMBER _E40919_

## X-RAY REQUEST REPORT FORM

Institution: _CCI_    PLEASE PRINT OR TYPE

NAME: _Cook Timothy_    NUMBER: _E40919_ UNIT: _4A_

AGE: _34_ DOB: _3-5-65_ HOUSING: _7B 204_    PREVIOUS X-RAYS ☐ YES ☑ NO

X-RAY EXAM REQUESTED: _C Spine_    ORDERING M.D. _Dr Pharm_
(ANATOMICAL TERMS ONLY)    RN/MTA: _A Bell M02_

CLINICAL HISTORY: _Pain_    DATE ORDERED: _12-8-99_
DATE COMPLETED: _12-15-99_
NO. OF VIEWS: _5_

### REPORT

CERVICAL SPINE, 5 VIEWS:    12/15/99

Alignment and curvature are normal. Vertebral body heighs are normally maintained. Neural foramina are patent. There is slight narrowing of the intervertebral disc space between C-3 and C-4 and between C-5 and C-6. Osteophytic lipping involving the anterior inferior end plates of C-3 and C-5 is also present, the former showing evidence of ossification of the anterior longitudinal ligament in the anterior aspect of C-3. The odontoid process is intact. No cervical rib formation is seen.

IMPRESSION: MILD SPONDYLOSIS MID CERVICAL SPINE, AS DESCRIBED ABOVE. NO ACUTE TRAUMATIC OR DESTRUCTIVE CHANGES NOTED.

BERNARD KORDAN, M.D.
t: 12/16/99

12-20-99

DATE DICTATED:
DATE TRANSCRIBED:
TRANSCRIBER:

RADIOLOGIST _____ M.D.

X-RAY EXAM: _C-Spine_    X-RAY TECH INITIAL

NAME COOK 1

CDC NUMBER E-40919

Exhibit

SOUTH BAY RADIOLOGY MEDICAL ASSOCIATES, INC.
480 FOURTH AVENUE, SUITE #102
CHULA VISTA, CALIFORNIA 91910
(619) 585-2960

K.W. ALBERTSON, M.D.                    J.D. LIMPERT, M.D.
L.A. PERKINS, M.D.                      H.R. GRIFFITH, M.D.
A.D. SANDY, M.D.                        K.J. VAN LOM, M.D.
V.M. TARTAR, M.D.                          R.H. LANE, M.D.
   All Diplomates, American Board of Radiology

EXAM DATE: 10/14/92

OUTSIDE CONSULTATION

R.J. DONOVAN FACILITY              PT NAME: COOK, TIM
                                   DOB: 03/05/65  AGE: 27
                  N36              XRAY NUMBER: 990040919
CA.

EXAM: 72100   LUMBOSACRAL SPINE, AP AND LAT

CDC: E 40919


AP and lateral views were done of the lumbosacral spine. There
is slight Scheuermann's deformity of the anterior superior lip of
L4. No fracture is seen. No other abnormality is detected.

IMPRESSION: Bony defect of the anterior superior aspect of L4
probably related to previous Scheuermann's disease. No other
abnormalities are seen.

Thank you for this referral.

KWA:rp                    _____
                          KENNETH W. ALBERTSON, M.D.

# EXHIBIT `B`

CHRONOS, FOR Health Care
Services

Exhibit B

PELICAN BAY STATE PRISON
HEALTH CARE SERVICES UNIT
CHRONO

NAME: _Cook, Timothy_  CDC#: _E40919_  HOUSE: _D.6-104_  DATE: _1/6/03_

The above-named inmate has a medical condition which requires the below-listed medically-indicated chrono(s).

☐ COTTON BLANKETS                     ☐ LOW BUNK

☒ EXTRA MATTRESS                      ☐ LOW BUNK/LOW TIER

☐ EGG CRATE MATTRESS                  ☐ INSOLES/ARCH SUPPORTS  Size: _____

☐ EXTRA PILLOWS/WEDGE                 ☐ WAIST CHAINS AND DOUBLE CUFFS

☐ SHORT BEARD

☐ TINTED GLASSES—FADE GRAY (Please Circle One: #1  #2  #3)  (By Optometrist Recommendation Only)

☐ ORTHOTICS: Type: _____

☐ MEDICAL EQUIPMENT: Please check appropriate medical equipment below:

☐ Cane ☐ Walker ☐ Wheelchair ☐ Crutches ☐ C-PAP/BIPAP ☐ Oxygen ☐ Ice Pack ☐ Ace Wraps

☐ Shower Chair

(When appropriate, please name body part affected and size, e.g., right arm): _____  size: _____

Due to a refusal of (please circle one) MEDICAL APPOINTMENT/EXAMINATION/TEST/FOLLOW-UP appointment/(please circle one) FIRST/SECOND/THIRD chronic care appointment, the patient is advised that refusal may result in worsening of condition, permanent disability, grave disability, and/or death. You are advised to keep your future medical appointments. If you miss three Chronic Care appointments, you will be removed from the Chronic Care Program, and you must make an appointment with your Primary Care Provider.

EFFECTIVE DATE: _1/6/03_                     EXPIRATION DATE: _1/6/04_

**EFFECTIVE DATE AND EXPIRATION DATE MUST BE PROVIDED FOR CHRONO TO TAKE EFFECT**

_D. Michanova MD_
Please Print Name                                      Signature/Title

DISTRIBUTION: WHITE-Health Record    GREEN-Housing Unit    YELLOW-CCII    PINK-C-File    GOLDENROD-Inmate
***When appropriate, a copy shall be forwarded to Specialty Clinic.

HEALTH RECORDS STAFF SHALL LIST OTHER APPROPRIATE COPIES BELOW AND SHALL DISTRIBUTE ACCORDINGLY: (e.g., Clothing: SHU/GP/L-I):

_____

DATE: _1/6/03_  NAME: _Cook, Timothy_  CDC#: _E40919_           PBSP/MEDICAL

6/02.gtc                                                          PBSP - HCS 001

PELICAN BAY STATE PRISON
HEALTH CARE SERVICES UNIT
CHRONO

NAME: _Cook_____ CDC#: _E 40919_ HOUSE: _D3 118L_ DATE: _8/19/04_

_Renew_

The above-named inmate has a medical condition which requires the below-listed medically-indicated chrono(s).

☒ COTTON BLANKETS      ☐ LOW BUNK/LOW TIER

☐ EGG CRATE MATTRESS      ☒ EXTRA MATTRESS

☒ EXTRA PILLOWS/WEDGE      ☒ INSOLES _arch supports size 10_

☐ ORTHOTICS      ☐ SWEATPANTS

☐ SUNGLASSES     _( + wool patch test 2/01)_

☐ MEDICAL EQUIPMENT: Please check appropriate medical equipment below:

☐ Cane ☐ Walker ☐ Wheelchair ☐ TENS Units ☐ C-PAP/BIPAP ☐ Oxygen ☐ Ice Pack ☐ Ace Wraps

(When appropriate, please name body part affected, e.g., right arm): _____

EFFECTIVE DATE: _8/19/04_____ EXPIRATION DATE: _8/19/05_____

**EFFECTIVE DATE AND EXPIRATION DATE MUST BE PROVIDED FOR CHRONO TO TAKE EFFECT**

_Risenhoover_____      _Risenhoover CFNP_____
Please Print Name      Signature/Title

DISTRIBUTION: <u>WHITE</u>-Medical Record    <u>GREEN</u>-Housing Unit    <u>YELLOW</u>-CCII    <u>PINK</u>-C-File    <u>GOLDENROD</u>-Inmate

HEALTH RECORDS STAFF SHALL LIST OTHER APPROPRIATE COPIES BELOW AND SHALL DISTRIBUTE ACCORDINGLY: (e.g., Clothing: SHU/GP/L-I):

_____

DATE: _8-19-04_ NAME: _Cook, Timothy_ CDC#: _E40919_     PBSP/MEDICAL

3N02.pk          PBSP - HCS 001

# EXHIBIT "C"

Request for Health Records
Memorandum

PELICAN BAY STATE PRISON
HEALTH RECORD SERVICES
INMATE'S REQUEST FOR OLSEN REVIEW AND/OR COPIES
OF HEALTH RECORDS

NAME _Cook_         CDC # _E40919_ HOUSING _D2-220_  4-206

*PLEASE NOTE:  PSYCHIATRIC INFORMATION CANNOT BE REVIEWED BY THE INMATE UNLESS THE CHIEF PSYCHIATRIST OR DESIGNEE APPROVES THE REQUEST.*

I AM REQUESTING: (PLEASE SPECIFY MEDICAL AND/OR PSYCHIATRIC AND IF MORE THAN JUST CURRENT VOLUME IS WANTED)

X I WOULD LIKE AN OLSEN REVIEW OF MY UNIT HEALTH RECORD:
(PLEASE SPECIFY PURPOSE FOR OLSEN REVIEW (e.g., copy to physician, provide information to attorney)
X MEDICAL _____ PSYCHIATRIC
_____ CURRENT VOLUME ONLY      X ALL VOLUMES (Please note that you will only be allowed to review two (2) volumes at a time)   1st VOLUME.

_____ I WOULD LIKE COPIES OF MY UNIT HEALTH RECORD:
(PLEASE SPECIFY COPIES NEEDED BELOW)

MEDICAL COPIES REQUESTED: _602-granted from 2003/2004 - Re: Double mattress from Dr. Hechanova._

PSYCHIATRIC COPIES REQUESTED: _____

I GIVE APPROVAL FOR THE INMATE TO REVIEW THE PSYCHIATRIC INFORMATION IN HIS UNIT HEALTH RECORD.

_____          _____
Signature of Chief Psychiatrist or Designee          Date

On this date, _____, I reviewed my health records in the presence of Pelican Bay State Prison Health Care Staff (Health Records Technician/Psychiatric Technician/Medical Technical Assistant). I am requesting the tagged pages be copied. A Trust Withdrawal Slip is attached to cover the cost of the requested copies, which is ten (10) cents per page.

_____          _____
INMATE SIGNATURE          DATE

_____          _____
HEALTH RECORDS STAFF SIGNATURE          DATE

3/06:kbg

# Memorandum

Date : May 4.06

To : Inmate: Cook _____ CDC #: E40919 Housing: DU-206

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject: RECEIPT FOR COPIES OF HEALTH RECORD INFORMATION

Date copied: May 4.06

Unit Health Record Reviewed:          YES ✓    NO _____

Copies requested:                     YES ✓    NO _____

Review declined by this inmate :      YES _____    DATE: _____
Reason: _____

Copies declined by this inmate:       YES _____    DATE: _____
Reason: _____

_____ 5/4/06 _____
Medical Staff signature and date
(addressing transaction)

Copies requested include: Chrono from Dr. Hechanova RE:
extra mattress approval from 1/6/2003

There is not any 602's filed in Medical file.
a Medical appeals did find one re: Dbl. mattress
granted from Dr. Hechanova. Please contact the
Medical Appeals office for further Research of this
602 you are trying find.

Total number of copies ___1___          Date presented to inmate: _____

I have received and reviewed my requested copies from my health record that I
requested. I understand that this transaction is final once I have reviewed and signed
for my requested copies.

___Timothy Cook_____          ___5/4/06_____
Inmate signature                 Date

# EXHIBIT - D

(legal photocopying costs)

# PELICAN BAY STATE PRISON
## S. H. U. LAW LIBRARY
### REQUEST FOR LEGAL PHOTO COPY SERVICE

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D4

RULES AND CONDITIONS:

1. WHEN REQUESTING PHOTOCOPY SERVICES, YOU MUST COMPLETELY FILL OUT AND SUBMIT:
    A.) REQUEST FOR PHOTOCOPY SERVICE FORM.
    B.) SIGNED TRUST WITHDRAWAL FORM.
2. PHOTOCOPY SERVICE IS LIMITED TO LEGAL DOCUMENTS AS PER D.O.M. §14010.21.LAW BOOKS,REFERENCE MANUALS, TRANSCRIPTS, PERSONAL MAIL, ETC. WILL NOT BE COPIED.
3. COST FOR PHOTOCOPY SERVICES WILL BE TEN CENTS (10¢) PER PAGE.
4. NO INMATE MAY SUBMIT ANOTHER INMATE'S DOCUMENTS FOR COPY.
5. SEPARATE ALL DOUBLE SIDED AND ODD SIZED PAGES FROM THE REST OF YOUR DOCUMENTS TO ASSIST STAFF IN MORE EFFICIENT HANDLING OF YOUR REQUESTS. DO NOT TIE OR TAPE PAGE TOGETHER.
6. PHOTOCOPY SERVICE IS SUBJECT TO THESE RULES AND CONDITIONS TO PREVENT ABUSE AND TO ASSURE THAT ALL INMATES HAVE THE OPPORTUNITY TO BENEFIT FROM THE SERVICE.

I HAVE READ THE RULES AND CONDITIONS ABOVE.  I AGREE TO ACCEPT AND COMPLY WITH THEM.

NAME (PRINT): _Tim Cook_    C.D.C. #: _E40919_    CELL #: _D4/206_
TYPE OF DOCUMENT: _Civil Complaint_    NUMBER OF PAGES: _59_
NAME OF COURT: _Del Norte Superior_    NUMBER OF COPIES: _7_
PLAINTIFF: _Tim Cook_    TOTAL COPIES: _413_
DEFENDANT: _Horel et al, Risenhoover; Mclean; Worch; Sayre; Thacher_ TOTAL COST: _$41.30_
INMATES SIGNATURE: _Timothy Cook_    DATE: _Feb 25, 2007_

### *** STAFF ONLY ***

DATE RECEIVED IN LIBRARY: _2-26-07_
APPROVED: _WM_    DENIED: _____    REASON FOR DENIAL: _____

COMPLETED BY: _____    DATE: _2-26-07_
UNIT STAFF SIGNATURE: _____    DATE: _3/4-07_
RECEIVED & APPROVED: _Timothy Cook_    DATE: _3/1/07_
    (Inmate Signature)
IN LIB: _____    PAGED: _____

## FLOOR OFFICER: HAVE INMATE SIGN. THEN RETURN TO LAW LIBRARY.
### ***THANKS!***

# PELICAN BAY STATE PRISON
## S. H.U. LAW LIBRARY
### REQUEST FOR LEGAL PHOTO COPY SERVICE

## RULES AND CONDITIONS:

1.  WHEN REQUESTING PHOTOCOPY SERVICES, YOU MUST COMPLETELY FILL OUT
    AND SUBMIT:
       A.) REQUEST FOR PHOTOCOPY SERVICE FORM.
       B.) SIGNED TRUST WITHDRAWAL FORM.
2.  PHOTOCOPY SERVICE IS LIMITED TO LEGAL DOCUMENTS <u>AS PER D.O.M.</u>
    §14010.21.LAW BOOKS,REFERENCE MANUALS, TRANSCRIPTS, PERSONAL MAIL,
    ETC. <u>WILL NOT BE COPIED.</u>
3.  COST FOR PHOTOCOPY SERVICES WILL BE TEN CENTS (10¢) PER PAGE.
4.  NO INMATE MAY SUBMIT ANOTHER INMATE'S DOCUMENTS FOR COPY.
5.  SEPARATE ALL DOUBLE SIDED AND ODD SIZED PAGES FROM THE REST OF YOUR
    DOCUMENTS TO ASSIST STAFF IN MORE EFFICIENT HANDLING OF YOUR RE
    QUESTS. <u>DO NOT TIE OR TAPE PAGE TOGETHER.</u>
6.  PHOTOCOPY SERVICE IS SUBJECT TO THESE RULES AND CONDITIONS TO PREVENT
    ABUSE AND TO ASSURE THAT ALL INMATES HAVE THE OPPORTUNITY TO
    BENEFIT FROM THE SERVICE.

I HAVE READ THE RULES AND CONDITIONS ABOVE. I AGREE TO ACCEPT AND COMPLY
WITH THEM.

NAME (PRINT): Tim Cook          C.D.C. #: E40919     CELL #: D4-206
TYPE OF DOCUMENT: *Summons / Let; Motion Acknowledgment of receipt-civil   NUMBER OF PAGES: 27
Proof of Summons / Proof of Service
NAME OF COURT: Superior Ct of Cal. Del Norte        NUMBER OF COPIES: 1    18
PLAINTIFF: Timothy Cook                             TOTAL COPIES: 36
DEFENDANT: Robert Horel, et al.                     TOTAL COST: 3.60
INMATES SIGNATURE: Timothy Cook                     DATE: 3/15/2007

═══════════════════════════════════════════════
## *** STAFF ONLY ***
DATE RECEIVED IN LIBRARY: 3-16-07
APPROVED: _____  DENIED: _____  REASON FOR DENIAL: _____

COMPLETED BY: _____  DATE: 3-15-07
UNIT STAFF SIGNATURE: _____  DATE: 3-21-07
RECEIVED & APPROVED: Timothy       DATE: 3-21-07
                    (Inmate Signature)
IN LIB: _____  PAGED: _____

### FLOOR OFFICER: HAVE INMATE SIGN. THEN RETURN TO LAW LIBRARY.
### ***THANKS!***

# PE~~LI~~CAN BAY STATE PRIS~~ON~~
## S. H.U. LAW LIBRARY
## REQUEST FOR LEGAL PHOTO COPY SERVICE

## RULES AND CONDITIONS:

WHEN REQUESTING PHOTOCOPY SERVICES, YOU MUST COMPLETELY FILL OUT AND SUBMIT:

    A.) REQUEST FOR PHOTOCOPY SERVICE FORM.

    B.) SIGNED TRUST WITHDRAWAL FORM.

PHOTOCOPY SERVICE IS LIMITED TO LEGAL DOCUMENTS <u>AS PER D.O.M.</u> §14010.21.LAW BOOKS,REFERENCE MANUALS, TRANSCRIPTS, PERSONAL MAIL, ETC. <u>WILL NOT BE COPIED.</u>

COST FOR PHOTOCOPY SERVICES WILL BE TEN CENTS (10¢) PER PAGE.

NO INMATE MAY SUBMIT ANOTHER INMATE'S DOCUMENTS FOR COPY.

SEPARATE ALL DOUBLE SIDED AND ODD SIZED PAGES FROM THE REST OF YOUR DOCUMENTS TO ASSIST STAFF IN MORE EFFICIENT HANDLING OF YOUR RE QUESTS. <u>DO NOT TIE OR TAPE PAGE TOGETHER.</u>

PHOTOCOPY SERVICE IS SUBJECT TO THESE RULES AND CONDITIONS TO PREVENT ABUSE AND TO ASSURE THAT ALL INMATES HAVE THE OPPORTUNITY TO BENEFIT FROM THE SERVICE.

HAVE READ THE RULES AND CONDITIONS ABOVE.  I AGREE TO ACCEPT AND COMPLY WITH THEM.

NAME (PRINT): _Tim Cook_    C.D.C. #: _E40919_    CELL #: _D4-206_

TYPE OF DOCUMENT: _Interrogatory (Set 1) / Proof of Service_    NUMBER OF PAGES: _5_

NAME OF COURT: _Superior Court of Calif., Del Norte County_    NUMBER OF COPIES: _6_

PLAINTIFF: _Timothy Cook_    TOTAL COPIES: _30_

DEFENDANT: _Robert Horel, et al., (warden)_    TOTAL COST: $ _3.00_

INMATES SIGNATURE: _Timothy Cook_    DATE: _4-2-2007_

## *** STAFF ONLY***

DATE RECEIVED IN LIBRARY: _4-2-07_

APPROVED: _WM_    DENIED: _____    REASON FOR DENIAL: _____

COMPLETED BY: _____    DATE: _4-2-07_

INIT STAFF SIGNATURE: _____    DATE: _4-4-07_

RECEIVED & APPROVED: _Timothy Cook_    DATE: _4/4/07_
       (Inmate Signature)

IN LIB: _____    PAGED: _____

## FLOOR OFFICER: HAVE INMATE SIGN. THEN RETURN TO LAW LIBRARY.
## ***THANKS!***

# PE CAN BAY STATE PRIS
## S. H.U. LAW LIBRARY
### REQUEST FOR LEGAL PHOTO COPY SERVICE

## RULES AND CONDITIONS:

1. WHEN REQUESTING PHOTOCOPY SERVICES, YOU MUST COMPLETELY FILL OUT AND SUBMIT:
   - A.) REQUEST FOR PHOTOCOPY SERVICE FORM.
   - B.) SIGNED TRUST WITHDRAWAL FORM.
2. PHOTOCOPY SERVICE IS LIMITED TO LEGAL DOCUMENTS AS PER D.O.M. §14010.21.LAW BOOKS,REFERENCE MANUALS, TRANSCRIPTS, PERSONAL MAIL, ETC. WILL NOT BE COPIED.
3. COST FOR PHOTOCOPY SERVICES WILL BE TEN CENTS (10¢) PER PAGE.
4. NO INMATE MAY SUBMIT ANOTHER INMATE'S DOCUMENTS FOR COPY.
5. SEPARATE ALL DOUBLE SIDED AND ODD SIZED PAGES FROM THE REST OF YOUR DOCUMENTS TO ASSIST STAFF IN MORE EFFICIENT HANDLING OF YOUR RE QUESTS. DO NOT TIE OR TAPE PAGE TOGETHER.
6. PHOTOCOPY SERVICE IS SUBJECT TO THESE RULES AND CONDITIONS TO PREVENT ABUSE AND TO ASSURE THAT ALL INMATES HAVE THE OPPORTUNITY TO BENEFIT FROM THE SERVICE.

HAVE READ THE RULES AND CONDITIONS ABOVE.  I AGREE TO ACCEPT AND COMPLY WITH THEM.

NAME (PRINT): _Timothy Cook_    C.D.C. #: _E40919_    CELL #: _D4 206_
TYPE OF DOCUMENT: _Request for trotasett and court Judgment; Amended Summons Hos of Summon; Judgment c declaration Ex A-c post_    NUMBER OF PAGES: _27_
NAME OF COURT: _Superior Court of California, County of Del Norte_    NUMBER OF COPIES: _8_
PLAINTIFF: _Cook_    TOTAL COPIES: _216_
DEFENDANT: _Hovel, et al._    TOTAL COST: _$21.60_
INMATES SIGNATURE: _Timothy Cook_    DATE: _4-16-2007_

### *** STAFF ONLY ***

DATE RECEIVED IN LIBRARY: _4-16-07_
APPROVED: _WML_    DENIED: _____    REASON FOR DENIAL: _____

COMPLETED BY: _WL Mm_    DATE: _4-17-07_
UNIT STAFF SIGNATURE: _____    DATE: _4-18-07_
RECEIVED & APPROVED: _Timothy Cook_    DATE: _4-18-07_
                        (Inmate Signature)
N LIB: _____    PAGED: _____

### FLOOR OFFICER: HAVE INMATE SIGN. THEN RETURN TO LAW LIBRARY.
### ***THANKS!***

# PE CAN BAY STATE PRIS I
## S. H.U. LAW LIBRARY
### REQUEST FOR LEGAL PHOTO COPY SERVICE

**RULES AND CONDITIONS:**

1. WHEN REQUESTING PHOTOCOPY SERVICES, YOU MUST COMPLETELY FILL OUT AND SUBMIT:
   - A.) REQUEST FOR PHOTOCOPY SERVICE FORM.
   - B.) SIGNED TRUST WITHDRAWAL FORM.
2. PHOTOCOPY SERVICE IS LIMITED TO LEGAL DOCUMENTS AS PER D.O.M. §14010.21 LAW BOOKS, REFERENCE MANUALS, TRANSCRIPTS, PERSONAL MAIL, ETC. WILL NOT BE COPIED.
3. COST FOR PHOTOCOPY SERVICES WILL BE TEN CENTS (10¢) PER PAGE.
4. NO INMATE MAY SUBMIT ANOTHER INMATE'S DOCUMENTS FOR COPY.
5. SEPARATE ALL DOUBLE SIDED AND ODD SIZED PAGES FROM THE REST OF YOUR DOCUMENTS TO ASSIST STAFF IN MORE EFFICIENT HANDLING OF YOUR RE QUESTS. DO NOT TIE OR TAPE PAGE TOGETHER.
6. PHOTOCOPY SERVICE IS SUBJECT TO THESE RULES AND CONDITIONS TO PREVENT ABUSE AND TO ASSURE THAT ALL INMATES HAVE THE OPPORTUNITY TO BENEFIT FROM THE SERVICE.

I HAVE READ THE RULES AND CONDITIONS ABOVE. I AGREE TO ACCEPT AND COMPLY WITH THEM.

NAME (PRINT): _Tim Cook_    C.D.C. #: _E40919_    CELL #: _D4-206_

TYPE OF DOCUMENT: _Default; Judgment and Declar. & Ex. A-C_ NUMBER OF PAGES: _26_

NAME OF COURT: _Del Norte Superior Court_    NUMBER OF COPIES: _7_

PLAINTIFF: _Cook_    TOTAL COPIES: _184_

DEFENDANT: _Horel, et al., #CVPT07-1026_    TOTAL COST: _18.40_

INMATES SIGNATURE: _Timothy Cook_    DATE: _6-17-07_

### *** STAFF ONLY ***

DATE RECEIVED IN LIBRARY: _6-18-07_

APPROVED: _WM_ DENIED: _____ REASON FOR DENIAL: _____

COMPLETED BY: _W.L._    DATE: _6-18-07_

UNIT STAFF SIGNATURE: _____ DATE: _6-20-07_

RECEIVED & APPROVED: _Timothy Cook_ DATE: _6-20-07_
(Inmate Signature)

IN LIB: _____ PAGED: _____

**FLOOR OFFICER: HAVE INMATE SIGN. THEN RETURN TO LAW LIBRARY.**
*****THANKS!***

# PELICAN BAY STATE PRISON
## S. H.U. LAW LIBRARY
### REQUEST FOR LEGAL PHOTO COPY SERVICE

**RULES AND CONDITIONS:**

1.  WHEN REQUESTING PHOTOCOPY SERVICES, YOU MUST COMPLETELY FILL OUT AND SUBMIT:
    - A.) REQUEST FOR PHOTOCOPY SERVICE FORM.
    - B.) SIGNED TRUST WITHDRAWAL FORM.
2.  PHOTOCOPY SERVICE IS LIMITED TO LEGAL DOCUMENTS AS PER D.O.M. §14010.21.LAW BOOKS,REFERENCE MANUALS, TRANSCRIPTS, PERSONAL MAIL, ETC. WILL NOT BE COPIED.
3.  COST FOR PHOTOCOPY SERVICES WILL BE TEN CENTS (10¢) PER PAGE.
4.  NO INMATE MAY SUBMIT ANOTHER INMATE'S DOCUMENTS FOR COPY.
5.  SEPARATE ALL DOUBLE SIDED AND ODD SIZED PAGES FROM THE REST OF YOUR DOCUMENTS TO ASSIST STAFF IN MORE EFFICIENT HANDLING OF YOUR REQUESTS. DO NOT TIE OR TAPE PAGE TOGETHER.
6.  PHOTOCOPY SERVICE IS SUBJECT TO THESE RULES AND CONDITIONS TO PREVENT ABUSE AND TO ASSURE THAT ALL INMATES HAVE THE OPPORTUNITY TO BENEFIT FROM THE SERVICE.

I HAVE READ THE RULES AND CONDITIONS ABOVE. I AGREE TO ACCEPT AND COMPLY WITH THEM.

NAME (PRINT): *Cook*    C.D.C. #: *E40919*    CELL #: *D4-206*

TYPE OF DOCUMENT: *State Tort / Summons CVPI071026* NUMBER OF PAGES: *5 5x6=3*

NAME OF COURT: *Del Norte Superior*    NUMBER OF COPIES: *2 and 6*

PLAINTIFF: *Cook*    TOTAL COPIES: *332*

DEFENDANT: *Horel, et al.*    TOTAL COST: *$33.20*

INMATES SIGNATURE: *Timothy Cook*    DATE: *11/8/2007*

### *** STAFF ONLY ***

DATE RECEIVED IN LIBRARY: *11-9-07*

APPROVED: *✓*    DENIED: _____    REASON FOR DENIAL: _____

COMPLETED BY: *W.L. Murray*    DATE: *11-14-07*

UNIT STAFF SIGNATURE: _____    DATE: *11-15-07*

RECEIVED & APPROVED: *Timothy Cook*    DATE *11/15/07*
(Inmate Signature)

IN LIB: _____    PAGED: _____

### FLOOR OFFICER: HAVE INMATE SIGN. THEN RETURN TO LAW LIBRARY.
### *** THANKS! ***

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101a #2105.5, 20 U.S.C. 1746)

I, _Travis Wood_____, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the _2nd_ day of _January_____, in the year of 20_08_, I served the following documents: (set forth the exact title of documents served)

_Request for (application) Entry of Default ; Judgment ; declaration by plaintiff,_
_Timothy Cook ; Ex: A-D ; Proof of Service of Summons ; Summons (copy.)_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_Robert Horel, Sue E. Risenhoover_
_Maureen McLean, C.D. Worch_
_Michael Sayre and A. Thacker_
_(PBSP) Litigation Office_
_5905 Lake Earl Drive_
_Crescent City, Ca. 95531_

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _2nd_ day of _January_____, 20_08_.

Signed: _Travis Wood_____
(Declarant Signature)

Rev. 12/06

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   T. Cook v. R. Horel, et al.

Case No.:   **Del Norte County Superior Court, Case No. CVPI07-1026**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 11, 2008,</u> I served the attached

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(c) [Federal Question]**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Timothy Cook
E-40919
Pelican Bay State Prison
P.O. Box 7500, D4-206
Crescent City, CA 95532
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 11, 2008**, at San Francisco, California.

| | |
|---|---|
| M. Xiang | |
| Declarant | Signature |

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **T. Cook v. R. Horel, et al.**

Case No.:    **CVPI07-1026**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 11, 2008</u>, I served the attached

## NOTICE OF REMOVAL TO FEDERAL COURT

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Timothy Cook
E-40919
Pelican Bay State Prison
P.O. Box 7500, D4-206
Crescent City, CA 95532
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 11, 2008**, at San Francisco, California.

| | |
|---|---|
| _____ | _____ |
| M. Xiang | |
| Declarant | Signature |