IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. COOK, | )<br>) |
| Plaintiff(s), | ) No. C 08-1925 CRB (PR)<br>) |
| vs. | ) ORDER<br>) |
| ROBERT HOREL, et al., | )<br>) |
| Defendant(s). | )<br>) |

    Plaintiff Timothy J. Cook, a prisoner at Pelican Bay State Prison ("PBSP"), filed a pro se civil action in the Superior Court of the State of California in and for the County of Del Norte alleging that PBSP medical staff inappropriately discontinued long-term treatment for his degenerative disc disease. Cook claims that the inappropriate discontinuation of long-term treatment amounted to negligence and intentional infliction of pain in violation of state law, and denial of "due process and the right to be free from cruel and unusual punishment" in violation of federal law. First Am. Compl. at 8.

    On April 11, 2008, the named defendants removed Cook's action to this court pursuant to 28 U.S.C. § 1441(b). It was designated as a prisoner civil rights action and assigned to the undersigned.

Section 1915A of Title 18 requires federal courts to screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity by identifying cognizable claims or dismissing the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Liberally construed, Cook's First Amended Complaint ("FAC") appears to state cognizable claims for relief under 42 U.S.C. § 1983 and California law against the named defendants and should proceed.

In order to expedite the resolution of this case, the court orders as follows:

a. No later than 60 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no

1 genuine issue of material fact--that is, if there is no real dispute about any fact
2 that would affect the result of your case, the party who asked for summary
3 judgment is entitled to judgment as a matter of law, which will end your case.
4 When a party you are suing makes a motion for summary judgment that is
5 properly supported by declarations (or other sworn testimony), you cannot simply
6 rely on what your complaint says.  Instead, you must set out specific facts in
7 declarations, depositions, answers to interrogatories, or authenticated documents,
8 as provided in Rule 56(e), that contradicts the facts shown in the defendant's
9 declarations and documents and show that there is a genuine issue of material
10 fact for trial.  If you do not submit your own evidence in opposition, summary
11 judgment, if appropriate, may be entered against you.  If summary judgment is
12 granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
13 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

        Plaintiff is also advised that a motion to dismiss for failure to exhaust
administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
case, albeit without prejudice.  You must "develop a record" and present it in
your opposition in order to dispute any "factual record" presented by the
defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
n.14 (9th Cir. 2003).

        d.    Defendants shall file a reply brief to any opposition within 15 days after plaintiff serves them with the opposition.

        e.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

        Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before conducting discovery.

3

1  All communications by plaintiff with the court must be served on
2  defendant by mailing a true copy of the document to defendants' counsel.
3  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
4  court and all parties informed of any change of address and must comply with the
5  court's orders in a timely fashion.  Failure to do so may result in the dismissal of
6  this action under Federal Rule of Civil Procedure 41(b).
7  SO ORDERED.
8  DATED:  August 21, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Cook, T1.or1.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY COOK,

        Plaintiff,

  v.

ROBERT A HOREL et al,

        Defendant.

                                  /

Case Number: CV08-01925 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy J. Cook
D4/206
E40919
Pelican Bay State Prison
Crescent City, CA 95532

Dated: August 21, 2008

                                      Richard W. Wieking, Clerk
                                      By: Barbara Espinoza, Deputy Clerk